UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERY WEISMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00075-JAR |
| | ) | |
| BARNES JEWISH-HOSPITAL, | ) | |
| BJC HEALTHCARE, WASHINGTON | ) | |
| UNIVERSITY MEDICAL CENTER, | ) | |
| WASHINGTON UNIVERSITY, | ) | |
| WASHINGTON UNIVERSITY SCHOOL | ) | |
| OF MEDICINE IN ST. LOUIS, DR. ALEX | ) | |
| EVERS, DR. RICHARD BENZINGER, and | ) | |
| DR. THOMAS COX | ) | |
| | ) | |
| Defendants. | ) | |

## BJC HEALTHCARE'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant BJC Healthcare ("BJC") submits the following answer and affirmative defenses to Plaintiff's Amended Complaint, filed on August 1, 2019 (Doc. 35).

### I.       NATURE OF THE CASE

1.       BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 1 and therefore denies the same.

2.       BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 2 and therefore

denies the same.

3. BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 3 and therefore

denies the same.

4. BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 4 and therefore

denies the same.

5. BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 5 and therefore denies the same.

6.      BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 6 and therefore denies the same.

7.      BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 7 and therefore denies the same.

## II.      JURISDICTION AND VENUE

8.      BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 8 and therefore denies the same.

9.      BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 9 and therefore denies the same.

### III.      PARTIES

10.      BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 10 and therefore denies the same.

11.      BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC admits it is a non-profit corporation with operations St. Louis, Missouri. This paragraph otherwise sets forth legal

conclusions to which no response is required.  To the extent a response is required, BJC denies the allegations set forth in paragraph 11.

12.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 12 and therefore denies the same.

13.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 13 and therefore denies the same.

14.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 14 and therefore denies the same.

15.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 15 and therefore denies the same.

16.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 16 and therefore denies the same.

## IV.    FACTS

### A.    Dr. Weisman And His Research Laboratory

17.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 17 and therefore denies the same.

6

18.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 18 and therefore denies the same.

19.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 19 and therefore denies the same.

20.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 20 and therefore denies the same.

21.    BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 21 and therefore denies the same.

22.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 22 and therefore denies the same.

23.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 23 and therefore denies the same.

24.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 24 and therefore denies the same.

25.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 25 and therefore denies the same.

26.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 26 and therefore denies the same.

27.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without

9

sufficient information to admit or deny the allegations set forth in paragraph 27 and therefore denies the same.

28.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 28 and therefore denies the same.

29.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 29 and therefore denies the same.

30.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 30 and therefore denies the same.

31.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 31 and therefore denies the same.

32.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 32 and therefore denies the same.

33.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 33 and therefore denies the same.

34.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 34 and therefore

denies the same.

35. BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 35 and therefore

denies the same.

36. BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 36 and therefore

denies the same.

37. BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 37 and therefore denies the same.

38.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 38 and therefore denies the same.

39.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 39 and therefore denies the same.

40.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 40 and therefore

denies the same.

41.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 41 and therefore denies the same.

42.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 42 and therefore denies the same.

43.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 43 and therefore denies the same.

44.    BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 44 and therefore denies the same.

45.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 45 and therefore denies the same.

46.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 46 and therefore denies the same.

47.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

15

Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 47 and therefore denies the same.

48.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 48 and therefore denies the same.

49.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 49 and therefore denies the same.

50.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 50 and therefore denies the same.

51.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 51 and therefore denies the same.

52.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 52 and therefore denies the same.

53.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 53 and therefore denies the same.

54.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 54 and therefore denies the same.

55.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 55 and therefore denies the same.

56.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 56 and therefore denies the same.

57.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 57 and therefore

denies the same.

58.     BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 58 and therefore

denies the same.

59.     BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 59 and therefore

denies the same.

60.     BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 60 and therefore denies the same.

61.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 61 and therefore denies the same.

62.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 62 and therefore denies the same.

63.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 63 and therefore

denies the same.

64.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 64 and therefore denies the same.

65.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 65 and therefore denies the same.

66.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 66 and therefore denies the same.

67.    BJC should not be named in this lawsuit, as explained in its motion to dismiss

21

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 67 and therefore denies the same.

68.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 68 and therefore denies the same.

69.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 69 and therefore denies the same.

70.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 70 and therefore denies the same.

71.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 71 and therefore denies the same.

72.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 72 and therefore denies the same.

73.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 73 and therefore denies the same.

74.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 74 and therefore denies the same.

75.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 75 and therefore denies the same.

76.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 76 and therefore denies the same.

77.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 77 and therefore denies the same.

78.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 78 and therefore denies the same.

79.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 79 and therefore denies the same.

80.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 80 and therefore denies the same.

81.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 81 and therefore denies the same.

82.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 82 and therefore denies the same.

83.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

26

and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 83 and therefore denies the same.

84.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 84 and therefore denies the same.

85.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 85 and therefore denies the same.

86.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 86 and therefore

27

denies the same.

87.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 87 and therefore denies the same.

88.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 88 and therefore denies the same.

89.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 89 and therefore denies the same.

90.     BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 90 and therefore denies the same.

91.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 91 and therefore denies the same.

92.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 92 and therefore denies the same.

93.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 93 and therefore denies the same.

### COUNT I – BREACH OF CONTRACT (WU and BJH)

94. BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 94 and therefore denies the same.

95. BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 95 and therefore denies the same.

96. BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 96 and therefore denies the same.

97.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 97 and therefore denies the same.

98.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 98 and therefore denies the same.

99.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 99 and therefore

denies the same.

100.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 100 and therefore denies the same.

## COUNT II – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS EXPECTANCIES (Evers and Benzinger)

101.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 101 and therefore denies the same.

102.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 102 and therefore

denies the same.

103.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 103 and therefore denies the same.

104.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 104 and therefore denies the same.

105.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 105 and therefore denies the same.

106.    BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 106 and therefore denies the same.

107.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 107 and therefore denies the same.

108.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 108 and therefore denies the same.

**COUNT III – FRAUDULENT INDUCEMENT (WU, BJH, Evers, and Benzinger)**

109.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 109 and therefore

denies the same.

110.    BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 110 and therefore

denies the same.

111.    BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 111 and therefore

denies the same.

112.    BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 112 and therefore denies the same.

113.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 113 and therefore denies the same.

114.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 114 and therefore denies the same.

## COUNT IV – DEFAMATION (WU, BJH, Evers and Benzinger)

115.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without

36

sufficient information to admit or deny the allegations set forth in paragraph 115 and therefore denies the same.

116.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 116 and therefore denies the same.

117.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 117 and therefore denies the same.

118.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 118 and therefore denies the same.

119.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 119 and therefore denies the same.

120.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 120 and therefore denies the same.

121.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 121 and therefore denies the same.

122.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 122 and therefore

denies the same.

123.    BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 123 and therefore

denies the same.

124.    BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 124 and therefore

denies the same.

125.    BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that

BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's

Amended Complaint specifically name BJC or identify any action of BJC related to any claim,

and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 125 and therefore denies the same.

### COUNT V – TORTIOUS CONVERSION OF LAB AND INTELLECTUAL PROPERTY (WU, BJH, Evers and Benzinger)

126.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 126 and therefore denies the same.

127.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 127 and therefore denies the same.

128.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without

sufficient information to admit or deny the allegations set forth in paragraph 128 and therefore denies the same.

129. BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 129 and therefore denies the same.

## COUNT VI – QUANTUM MERUIT (WU and BJH)

130. BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 130 and therefore denies the same.

131. BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 131 and therefore

41

denies the same.

132.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 132 and therefore denies the same.

133.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 133 and therefore denies the same.

## COUNT VII – UNJUST ENRICHMENT (WU and BJH)

134.     BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 134 and therefore denies the same.

135.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 135 and therefore denies the same.

136.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 136 and therefore denies the same.

### COUNT VIII – CIVIL CONSPIRACY (All Defendants)

137.    BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 137 and therefore denies the same.

138.    BJC should not be named in this lawsuit, as explained in its motion to dismiss

and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 138 and therefore denies the same.

139. BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 139 and therefore denies the same.

140. BJC should not be named in this lawsuit, as explained in its motion to dismiss and memorandum in support (Docs. 43-45). Plaintiff's Amended Complaint does not allege that BJC engaged in any activity with regard to Plaintiff, and none of the claims alleged in Plaintiff's Amended Complaint specifically name BJC or identify any action of BJC related to any claim, and therefore no answer is required. To the extent an answer is required, BJC is without sufficient information to admit or deny the allegations set forth in paragraph 140 and therefore denies the same.

## DEFENSES

## GENERAL DENIAL

BJCdenies any and all allegations set forth herein unless specifically admitted in this Answer, including that Plaintiff is entitled to any of the legal or equitable relief set forth in his Prayers for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

1.      As set forth in Defendants' motions to dismiss and memoranda in support, Plaintiff's Complaint fails in whole or in part to state a claim upon which relief can be granted against BJC

2.      Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, laches, waiver, and/or unclean hands.

3.      Plaintiff's claims against BJC are barred in whole or in part by the applicable regulatory filing periods, by the applicable statutes of limitations, or by both.

4.      Plaintiff's claims are barred and preempted by the exclusive remedy provision of the Missouri Human Rights Act ("MHRA") (R.S.Mo. § 213.070).

5.      Plaintiff's claims are barred because they are claims for educational malpractice, which are not cognizable under Missouri law.

6.      Plaintiff's claims fail because plaintiff failed to exhaust internal administrative remedies available to him.

7.      Plaintiff's breach of contract claim fails for the reasons stated in BJC's motion to dismiss, including for lack of consideration and because it is barred by the statute of frauds.

8.      Plaintiff's breach of contract, quantum meruit, and unjust enrichment claims are barred by waiver and estoppel.

45

9.     Plaintiff's defamation claim fails because none of the allegations pertain to BJC or any employee or agent of BJC.

10.     Plaintiff's defamation claim fails because any alleged statements made by any defendant were and are true, not defamatory, capable of a non-defamatory meaning, privileged, or made in good faith in performance of a duty and with the fair and reasonable purpose of protecting the interests of defendants, and the interests of the persons to whom the statements were made, and were made without malice by a former employer to a prospective employer.

11.     Plaintiff's defamation claim fails because any alleged statements made by any defendants were and are statements of opinion, and were made because they have a legal right to comment on and criticize plaintiff's performance as a resident.

12.     Plaintiff's defamation claim fails because Plaintiff himself requested the publication of the alleged statements made by defendants and thus consented to the statements and waived and released all defendants from any liability for having made the statements.

13.     Plaintiff's conversion claim fails because Plaintiff did not own or have the right to possession of the allegedly converted property, defendants had an ownership interest in and right to possession of the allegedly converted property, and Plaintiff consented to, acquiesced in, or ratified defendants' acquisition of the allegedly converted property.

14.     Plaintiff's conversion claim fails because Plaintiff made no effort to retrieve the allegedly converted property and abandoned the allegedly converted property.

15.     Plaintiff's conversion claim fails as a matter of law because intellectual property and ideas cannot be converted.

16.     Plaintiff's conversion and civil conspiracy claims are barred by the economic loss doctrine.

17.     Plaintiff's conversion and civil conspiracy claims are not cognizable because they are dependent on the failure to perform a contract.

18.     Plaintiff's quantum meruit and unjust enrichment claims fail because plaintiff made no demand for payment.

19.     Plaintiff's quantum meruit and unjust enrichment claims are barred by accord and satisfaction.

20.     Plaintiff is not entitled to recover on his quantum meruit and unjust enrichment claims because any business venture he entered was voluntary, with known risks and with a mere expectation of a future profit.

21.     Plaintiff's civil conspiracy claim fails against BJC because Plaintiff has alleged no tortious acts taken by BJC or any employee or agent of BJC.

22.     Plaintiff's civil conspiracy claim fails because no underlying or tortious acts occurred to support such a claim.

23.     Plaintiff is not entitled to any relief or damages, including, without limitation, equitable relief, compensatory, economic or consequential damages, punitive damages, emotional distress damages, costs or attorneys' fees.

24.     Plaintiff is not entitled to a jury trial on the claims and remedies sought in the Complaint.

25.     Plaintiff's claims are duplicative and seek multiple recoveries for the same alleged injuries.

26.     Any actions taken by BJC were taken in good faith.

27.     Any law purporting to permit the recovery of punitive damages in this case is unconstitutional, in violation of the Due Process and Equal Protection clauses of the Fifth and

Fourteenth Amendments of the United States Constitution and Article I, Sections 2 and 10 of the Missouri Constitution in that said law: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and in determining the amount of any punitive damages award, (2) unconstitutionally permits a jury to award punitive damages merely upon proof by a preponderance of the evidence instead of requiring a heightened burden of proof, (3) unconstitutionally may permit jury consideration of BJC's net worth, (4) is void for vagueness in that it fails to afford constitutionally sufficient advance notice as to what conduct will result in punitive sanctions, (5) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of a punitive award, (6) lacks constitutionally sufficient standards for appellate review of a punitive award, and (7) otherwise fails to satisfy constitutional requirements under applicable law.

28.    BJC incorporates, as if fully stated herein, all applicable defenses raised by any other defendant to the extent that they are not inconsistent or do not conflict with the defenses set forth herein.

29.    Upon information and belief, Plaintiff has failed to mitigate his claimed damages, the existence of which damages BJC specifically denies. Thus, if Plaintiff recovers any damages based on his claims against BJC, BJC is entitled to a set-off or credit as a result of Plaintiff's failure to mitigate his claimed damages.

30.    BJC reserves the right to assert additional defenses as they become evident through discovery or investigation, including but not limited to the defense of after-acquired evidence.

48

WHEREFORE, having fully answered Plaintiff's Complaint, BJC requests that this Court dismiss Plaintiff's Complaint in its entirety and award BJC its costs, attorneys' fees, and any additional relief this Court deems just and proper.

Respectfully submitted,

HUSCH BLACKWELL, LLP

/s/ Carrie Claiborne
Kate M. Leveque, No. 58822MO
Carrie Claiborne, No. 62801MO
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Tel. 314-480-1500
Fax 314-480-1505
Kate.Leveque@huschblackwell.com
Carrie.claiborne@huschblackwell.com

*Counsel for Defendants Barnes-Jewish Hospital and BJC Healthcare*

49

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed via the Court's CM/ECF system on this 13th day of July 2020 and thereby electronically served upon all counsel of record.

/s/  Carrie Claiborne