# MOOR LAW OFFICE
*a professional corporation*

|  |  |
|---|---|
| 53 W. Jackson Boulevard | Edward R. Moor |
| Suite 1527 | AV Preeminent Rated |
| Chicago, Illinois 60604 | Licensed in Illinois and Indiana |
| Main 312-726-6207 | linkedin.com/in/emoor |
| Fax 312-276-4457 | erm@moorlaw.net |
| www.moorlaw.net | |

July 14, 2021

**VIA EMAIL ONLY**
Kevin Anthony Sullivan
SHANDS, ELBERT, GIANOULAK & GILJUM, LLP
1 North Brentwood Blvd., Suite 800
St. Louis, MO  63105
ksullivan@shandselbert.com

      Re:    ***Weisman v. Barnes Jewish Hospital, et al.***
                 Court No.: 19-cv-75-JAR

Dear Mr. Sullivan:

I would like to schedule a L.R. 3.04 conference to discuss your clients' answers to Plaintiff's discovery. I would like to have the conference within the next five (5) days if possible.

A review of your clients' production shows that it does not appear that a search was run across the Washington University email server for responsive material. The vast bulk of the email produced appears to be from a few "custodians," primarily the named defendants. I would like to discuss the parameter of the search that you conducted, and if search terms were used (even if only within specific custodians) I would like to learn what those terms were.

No text messages were produced. Plaintiff has firsthand knowledge that a substantial amount of conversation occurs by text message. At a minimum, you should have produced responsive text messages from the phone(s) used by the named individual defendants.

No "Telegram" messages were produced from that app containing responsive material.

No email, much less responsive email, was produced from Knittle or Daniel Emmert, or between them, concerning Plaintiff. Similarly, no material from the investigation into Plaintiff's early 2018 complaint to allegation of defamation against Emmert was produced.

No material was produced containing your client's report on Plaintiff's training to the National Institute of Health as was required per the terms of the NIH training grant.

*Civil Trials • Criminal Trials • Qui Tam*

Kevin A. Sullivan
***Weisman v. Barnes Jewish Hospital, et al.***
July 14, 2021
Page 2

No material was produced from the gmail accounts maintained by Ombudsman Fehr and Karen O'Malley though Plaintiff emailed them about the harassment he was subjected to, so we know that they had occasion to receive and generate responsive material in those accounts.

No summative evaluations were produced though Plaintiff asked many times for his record to be forwarded to other institutions after June 2018.

The notes kept by staff in the GME office, including but not limited to Rebecca McAllister, concerning their meetings with Plaintiff and their work relative to the issues he raised, were not produced.  He raised issued with the GME office before and after his constructive discharge and saw notes being made into the notebooks they keep.

No documents concerning the improper referral of Plaintiff to the Missouri Physicians Health Program, and the resolution of that referral, were produced.

Your clients did not produce email to and from Kathleen Henderson, the CMO of BJH, concerning Plaintiff, including, but not limited to, email between Nicole Erter and Kathleen Henderson, which we know to exist.

Your clients did not report their reports to the American Board of Anesthesiology concerning Plaintiff.  Nor did your clients produce the reporting that they were requied to do about the ASAP program to the ABA while Plaintiff was participating in it.  Nor did they produce their reports to the ACGME.

Your clients failed to produce any Clinical Competency Committee meeting notes concerning Plaintiff, including email concerning same.  Nor did your clients produce any "pre-CCC" meeting minutes or emails responsive to Plaintiff's request to produce.

Your clients failed to produce Lauren Gibson's response to Plaintiff December 7, 2017 email concerning "probation," or any associated emails.

Your clients did not produce Plaintiff's emails concerning his daily activities at the Lab.

In addition, Washington University's response to request to produce items 2 and 3 are insufficient: the answers states defendant has and will produce documents responsive to this request.  Is the production complete?  Given the above, I do not think so.  The response to request four is insufficient: is the production complete?  The responses to request 5, 6 , 7, 13 and 23 are insufficient: is the production complete?  The response to requests 7 and 8 are insufficient for the reasons stated above.  The objection to request 10 is improper.  The response to request 11 is inadequate: the request seeks "all documents" which is a defined term that, among other things, includes email and text messages and the production is not complete.  The response to request 12 is not complete, largely for the reasons stated above: where are the GME notes, all text messages, emails and voicemails responsive to the request?  The response to request 19 is incomplete: no

Kevin A. Sullivan
*Weisman v. Barnes Jewish Hospital, et al.*
July 14, 2021
Page 3

summative evaluations were produced, nor were evaluation done on paper like the daily paper evaluations done in the emergency room. The response to request 22 in inadequate for the same reasons. No material responsive to request 26 was produced other than a smattering of emails about scheduling CCC meetings. The response to request 27 is inadequate given that a) nothing from the GME office was produced, b) nothing from the ombudsman was produced, and nothing from the investigation that the Legal Department conduct into Plaintiff's allegations of defamation by a physician were produced. The objections to requests 30 and 31 are improper, and you did produce material on other residents, though you redacted their names, see WU1718 *et seq*. The response to 32 is inadequate: his residency file is not the exclusive source for material responsive to the request. The response to request 33 is inadequate: we did not limit the request to communications between the people you list. Similarly, the response to request 34 is inadequate as we did not limit the request to communications between Evers and Wahl. The response to requests 35 and 36 are not responsive: we did not ask whether Plaintiff has documents, we asked you to produce any material that your clients possess. If you want to claim that they have none, presumably after searching, then the answer would be "none" but that is not you answer so the answer is inadequate. The objection to requests 37 and 41 are improper. The objection to request 38 is improper and the response inadequate: we are not asking what the plaintiff has, we are asking what your clients have. The objection to request 39 is improper and the response inadequate. The objection to request is improper, and the response is inadequate and you did not produce a "statement of revenues and expenses" for the Lab even though a protective order has been entered. The objection to requests 42 and 43 are improper and the response inadequate: we are not asking what the plaintiff has, we are asking what your clients have. Lastly, no privilege log was produced. Among other things, this means, for instance, that we cannot assess the validity of redactions, such was the redactions at WU327/1602.

Dr. Evers' response to interrogatory 2 is inadequate. No reference to 2018 is made. His response to interrogatories 6 and 19 are not proper: produce the alleged material, if it exists at all. The response to interrogatory is suspect: the January 19, 2017 letter is not signed and we see no other evidence that any probation was ever administered, please produce any and all material that shows that Plaintiff was *actually* put on probation at any time in his residency. His response to interrogatory 9 is incomplete: did Evers talk to Ombudsman Fehr? If so , when? The objection to interrogatory 15 is improper.  In interrogatory 20 the reference to F.R.Civ.P. 33(d) is improper as no such material was produced.

Dr. Benzinger's response to interrogatories 2 and 15 are improper for the same reason the Dr. Ever's answer to interrogatory 6 is defective, see above.  His answer to interrogatory 6 is insufficient: please name the "others" that the interrogatory answer refers to. We believe that his answer to interrogatory 10 is incomplete as he knows that the matter was referred to the Law Department for investigation: please provide a complete answer. The objection to interrogatory 11 is improper. The objection to interrogatory 16 is improper. The answer to interrogatory 19 is incomplete.

Dr. Cox's answer to interrogatory 2 is incomplete. His response to interrogatories 4 and 15 are improper for the same reason the Dr. Ever's answer to interrogatory 6 is defective, see above.  His

Kevin A. Sullivan
*Weisman v. Barnes Jewish Hospital, et al.*
July 14, 2021
Page 4

answer to interrogatory 6 is insufficient: please name the "others" that the interrogatory answer refers to. The answer to interrogatory 11 is incomplete: what faculty member expressed the "opinion." The answer to interrogatory 13 is deficient because it improperly refers to F.R.Civ.P. 33(d): no such documents were produced. The answer to interrogatory 21 is insufficient: please name the "others" that the interrogatory answer refers to.

Washington University's objection to interrogatories 4 and 5 are improper. Its answers to interrogatories 6 and 15 are improper for the same reason the Dr. Ever's answer to interrogatory 6 is defective, see above. Relative to the answer to interrogatory 9, please identify the members of the Clinical Competency Committee during Plaintiff's residency, and the dates of their participation in the committee. The answer to interrogatory 11 is inadequate: please identify the members of the Legal Department who participated in the investigation. The objection to interrogatory 12 is improper. The objection to interrogatory 16 is improper. The answer to interrogatory 19 is insufficient: please name the "others" that the interrogatory answer refers to. The answer to interrogatory 22 is improper: please identify all patent applications that were being handled by the Lab when Defendant took it over. The answer to interrogatory 23 is not responsive: we are not only asking if there was a joint venture between Plaintiff and Defendant, or between the Lab and Defendant. The objection to interrogatory 24 is improper: we want a full answer. The objection to interrogatory 25 is improper: we want a full answer.

I look forward to speaking with you. Thank you very much for your anticipated cooperation.

Very truly yours,

Edward R. Moor

cc:   Carrie A. Claiborne
      HUSCH BLACKWELL, LLP
      190 Carondelet Plaza, Suite 600
      St. Louis, MO 63105
      carrie.claiborne@huschblackwell.com

      David R. Bohm
      DANNA MCKITRICK PC.
      7701 Forsyth Blvd., Suite 800
      St. Louis, MO 63105
      dbohm@dmfirm.com