# MOOR LAW OFFICE
*a professional corporation*

53 W. Jackson Boulevard
Suite 1527
Chicago, Illinois 60604
Main 312-726-6207
Fax 312-276-4457
www.moorlaw.net

Edward R. Moor
AV Preeminent Rated
Licensed in Illinois and Indiana
linkedin.com/in/emoor
erm@moorlaw.net

July 16, 2021

**VIA EMAIL ONLY**
Kevin Anthony Sullivan
SHANDS, ELBERT, GIANOULAK & GILJUM, LLP
1 North Brentwood Blvd., Suite 800
St. Louis, MO  63105
ksullivan@shandselbert.com

      Re:    ***Weisman v. Barnes Jewish Hospital, et al.***
              Court No.: 19-cv-75-JAR

Dear Mr. Sullivan:

This will confirm our L.R. 3.04 conference today.

As to Washington University's email production, you will determine whether a search can be run across the Washington University email server for responsive material using the term "Weisman."

As to text messages, I will provide you a list of names beyond the named individual defendants whose phones we would like to be searched.

As to the "Telegram" messages, you stated that this material is not in the control of the Defendants and a subpoena should be issued.

You will look to see if responsive email exists for Knittle or Daniel Emmert, or between them, concerning Plaintiff.

You will look to see if material exists relative to client's report on Plaintiff's training to the National Institute of Health as was required per the terms of the NIH training grant.

*Civil Trials • Criminal Trials • Qui Tam*

Kevin A. Sullivan
***Weisman v. Barnes Jewish Hospital, et al.***
July 16, 2021
Page 2

You will look to see if the Ombudsman Fehr and Karen O'Malley have responsive email.

You will look to see if summative evaluations forwarded to other institutions after June 2018 exist.

You will look to see if notes kept by staff in the GME office, including but not limited to Rebecca McAllister, concerning their meetings with Plaintiff and their work relative to the issues he raised, exist.

You will look to see if documents concerning the referral of Plaintiff to the Missouri Physicians Health Program exist.

I will take up email to and from Kathleen Henderson, the CMO of BJH, concerning Plaintiff, including, but not limited to, email between Nicole Erter and Kathleen Henderson, with counsel for BJH/BJC.

You will look to see it reports to the American Board of Anesthesiology concerning Plaintiff or reporting to the ASAP program to the ABA while Plaintiff was participating in it exist.

You will identify any Clinical Competency Committee meeting notes or "pre-CCC meeting notes that were produced, including email concerning same and look to see if others exist.

You will look to see if Lauren Gibson's response to Plaintiff December 7, 2017 email concerning "probation," or any associated emails exist.

I will tell you who Plaintiff emailed when he sent email concerning his daily activities at the Lab, and we will revisit.

As Washington University's response to request to produce items 2, 3, 5, 6, 7, 8, 11, 12 13 and 23 we will confer about a date by which production, by both parties, will be stated to be complete. AS to request 10 you will report whether the email server can be searched and whether there is a document server that can be searched. As to request 11, you will look to see if other documents exist. As to request 12 you will also look for GME notes, text messages, emails and voicemails exist. As to requests 19 and 22, you will look. As to request 26, you will identify the bates numbers of responsive documents and confer with your client about whether other material exists. As to request 27, you will confer with your client about whether material from the GME office, the ombudsman, and the Legal Department exists. As to 30 and 31 you are standing on the objections and I will provide a rationale for reconsideration. As to 32, which we skipped, Plaintiff's residency file is not the exclusive source for material responsive to the request. AS to requests 33 through 42, you will look to see what exists. As to request 43, you will look.

As to Dr. Evers' response to interrogatory 2, you state that answer is responsive. As to his response to interrogatories 6 and 19, you will confer with your client. As to interrogatory 9, you will confer

Kevin A. Sullivan
*Weisman v. Barnes Jewish Hospital, et al.*
July 16, 2021
Page 3

with your client. As to interrogatory 15, I will provide further rationale for demanding compliance.

As to Dr. Benzinger's response to interrogatory, you will confer with your client about supplementation. As to interrogatory 6, you will confer with your client. As to interrogatory 10, you will look into supplementing. As to interrogatories 11 and 16, you are standing on your objection, and I will provide further rationale for demanding compliance. We skipped interrogatory 19 but I would ask for full compliance.

Dr. Cox's is standing on his answer to interrogatory 2. You will confer about supplementing the answers to interrogatories 4 and 15. You are standing on his answer to interrogatory 6. You will confer about supplementing the answer to interrogatory 11 and to interrogatory 13.

Washington University's is standing on its objection to interrogatories 4 and 5, and I will provide further rationale for fully answering. You will consult with your client about supplementing its to interrogatories 6, 9, 11, 15, 19, and 22 through 25. You are standing on the objections to interrogatories 12 and 16. I will provide further rationale for requesting compliance.

If I misunderstood or misreported our conversation, please let me know.

We will confer on these issues again on August 6, 2021 at 2:00 p.m.. Thank you very much for your anticipated cooperation.

Very truly yours,

Edward R. Moor

cc:    Carrie A. Claiborne
       HUSCH BLACKWELL, LLP
       190 Carondelet Plaza, Suite 600
       St. Louis, MO 63105
       carrie.claiborne@huschblackwell.com

       David R. Bohm
       DANNA MCKITRICK PC.
       7701 Forsyth Blvd., Suite 800
       St. Louis, MO 63105
       dbohm@dmfirm.com