**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFERY WEISMAN, and<br>STRATEGIC BIOMEDICAL, INC, | ) | |
| | ) | |
| Plaintiffs, | ) | No.   4:19-cv-75-JAR |
| v. | ) | |
| | ) | The Honorable John A. Ross |
| | ) | |
| BARNES JEWISH HOSPITAL, | ) | |
| BJC HEALTHCARE, | ) | |
| WASHINGTON UNIVERSITY, | ) | |
| ALEX EVERS, | ) | |
| RICHARD BENZINGER, and | ) | |
| THOMAS COX, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S INITIAL RULE 34 REQUEST TO PRODUCE**
**TO EACH DEFENDANT**

To:   Carrie A. Claiborne, Kate M. Leveque, HUSCH BLACKWELL, LLP, 190 Carondelet Plaza, Suite 600, St. Louis, MO 63105 carrie.claiborne@huschblackwell.com kate.leveque@huschblackwell.com

Mark J. Bremer, Kevin Anthony Sullivan, SHANDS, ELBERT, GIANOULAK & GILJUM, LLP, 1 North Brentwood Blvd., Suite 800, St. Louis, MO  63105 mbremer@shandselbert.com ksullivan@shandselbert.com

Plaintiff, JEFFREY WEISMAN, by counsel, Edward R. Moor of Moor Law Office, P.C., pursuant to Federal Rule of Civil Procedure 34, requests that each of the Defendants, BARNES JEWISH HOSPITAL, BJC HEALTHCARE, WASHINGTON UNIVERSITY, DR. ALEX EVERS, DR. RICHARD BENZINGER, and DR. THOMAS COX, produce the following-described documents and other tangible things for inspection, copying, testing, or sampling at the offices of Moor Law Office, P.C., One North LaSalle Street, Suite 600, Chicago, Illinois 60602, or as otherwise directed herein, or at a mutually agreeable location, during the usual business hours of any day within thirty (30) days of the date of service hereof.

## DEFINITIONS

The following definitions apply to these Requests to Produce.

1.      "And" and "Or" shall be interpreted either conjunctively or disjunctively, as necessary to bring within the scope of Plaintiff's discovery requests all material and information that might otherwise be construed to be outside that scope.

2.      "You" or "your" means the party to whom these requests are directed, the real party in interest if that party is represented by another, each of its predecessors, successors, parents, subsidiaries, divisions, subdivisions, affiliates or other associated corporations and entities and all officers, advisors, consultants, associates or other persons who have acted, purported to act or are acting or purporting to act on their behalf.

3.      "Person" or "persons" means any natural person, corporation, partnership, joint venture, estate, trust, receiver, syndicate association, group, organization, federal, state or local government or government agency, office, bureau, department or entity, or any other entity or combination thereof.

4.      "Personnel" means present and former officers, directors, employees, attorneys, accountants, auditors, investigators, advisors, consultants, agents, and all other persons acting, purporting to act, or authorized to act on behalf of the subject entity.

5.      "Document" is used in the broadest sense possible and means any written or graphic matter of whatever kind or nature, including, but not limited to: abstracts, accounts, agreements, analyses, applications, articles, bills, billing notes, billing summaries, blueprints, books, booklets, bulletins, calendar entries, case notes, certificates, checks, computer cards, computer disks, computer printouts, computer tapes, computer readouts, contracts, correspondence (including fax transmissions), diagrams, diaries, directives,  draft drawings, electronic mail, estimates, films,

2

financial data,  findings, forms, graphs, handwritten entries or notes, incident reports, inspection

reports, invoices, jottings, journals, leases, ledgers, letters, logs,  manuals, maps, meeting reports,

memoranda, messages, microfilm, microfiche, motion pictures, notes, orders, opinions, permits,

permit applications, photographs, photomaps, plans, plats, policies, press releases, prints,

procedures, projections, protocols, publications, purchase orders, receipts, records, recordings,

reports, resolutions, reviews, shipping orders, sketches, slides, statements, stenographic records,

studies, summaries, surveys, tapes, telegrams, tests, test results, texts, time records (handwritten,

typed or computer generated), transcripts, videotapes, writings, work papers, or any other means

of preserving thoughts or expressions, including the original and each subsequent draft, each non-

identical copy (whether non-identical due to alterations, attachments , blanks, comments, notes,

underlining, highlighting or otherwise) of any writing or record however described, wherever the

document is located, however produced or reproduced, whether draft or final version. A document

with handwritten or typewritten notes, notations, comments or editing marks, et cetera, is not, and

shall not be deemed as identical to, one without such marks for purposes of these Requests.

6.      "Identify" or "Identification" when used with reference to a person, or any request

to state the identity of a person, means to state:

a.      His/her full name and present or last known address and telephone
        number.

b.      His/her present or last known job, occupation, position, rank and/or
        professional affiliation; and

c.      The name and address of his/her present or last known employer.

d.      If identifying an expert also include the expert's area of expertise and
        profession.

7.      "Identify" or "identity" when used with reference to a document means to state:

a.    Its nature (e.g., letter, telegram, memorandum, chart, report, list, etc.), date on which it was created, and the identity and address of the author;

b.    The identity of each person who signed the document and the identity of each person who participated in any phase of preparing the document;

c.    Its title or heading;

d.    A general description of the subject matter of the document;

e.    Its present or last known location and custodian of the document;

f.    Its number of pages; and

g.    If the document is to be produced pursuant to a request to produce documents served in this litigation, the document production request number pursuant to which the document is to be produced.

8.     The terms "concern" or "concerning" or "regarding" or "relating" or "reflecting" mean, with respect to the subject matter of the requests, explicitly or implicitly commenting on, referring to, pertaining to, discussing, containing, proving, supporting, tending to support, or providing any information whatsoever with respect to the subject matter referenced.

9.     "Any" means "all" and vice versa.

10.    All words and phrases used in these requests shall have their ordinary English meaning, except as otherwise defined herein.

13.    "Washington University" means the Washington University in St. Louis, the Washington University School of Medicine in St. Louis, and Washington University Medical Center.

14.    "Barnes" means Barnes Jewish Hospital and BJC Healthcare.

15.    The "Lab" means the laboratory owned by Strategic Biomedical, Inc. which Dr. Weisman brought to Washington University and which is alleged to have been later converted by

4

the Defendants, and any successor entity or entity to which the equipment or intellectual property

of Strategic Biomedical, Inc. has been transferred .

## INSTRUCTIONS

1.      This request for production extends to all documents and other tangible things in

the Defendant's possession or subject to the custody and control of any of Defendant's agents,

representatives, or attorneys.

2.      None of the requests for production limit any other request.  Thus, any overlapping

in the requests does not restrict or limit any other request and a full response and production should

be made for each.

3.      Each request shall be answered completely, separately and fully.

4.      The words "and" and "or" shall be construed conjunctively or disjunctively as is

necessary to make the Request inclusive rather than exclusive.

5.      The past tense shall be construed to include the present tense and vice versa, to

make the Request inclusive rather than exclusive.

6.      The singular shall be construed to include the plural and vice versa, to make the

Request inclusive rather than exclusive.

7.      The Requests are continuing and require further and supplemental responses.

8.      As to such document(s) which no longer exist but which you are aware existed at

one time, please identify such document(s) and in addition, identify the last known location, and

if applicable, identify the date of destruction and identify the person causing such destruction.

9.      It is specifically requested of the attorney for the answering party that personal contact be made with counsel propounding these requests on or before the due date of these requests, if these requests cannot be answered within the set time for answers to be provided.

10.     If any type of privilege is being asserted or if any records are being withheld for any reason, that the type of record withheld and the basis for the privilege be specifically stated in the response to this Request.

11.     If you are not in possession of any item requested, you are directed to disclose any information that you have which is calculated to lead to the discovery of the whereabouts of any such item, specifying the location where the item(s) may be found, the name(s) of the person having possession, and the relationship between any party and the possessor of the item(s).

12.     Technical Specifications for Production: Plaintiff reserves the right, pursuant to F.R.Civ.P. 34(b)(2)(E)(ii), to request that electronically stored information ("ESI") be produced in a specific electronic format if it appears that it is substantial in volume.  Subject to that reservation, Plaintiff, at this time, asks that ESI be produced by printing to pdf, other than excel spreadsheets which should be produced in native format and Microsoft Outlook email and attachments, which should be produced natively, but requests a consultation prior to production if You know that the responsive ESI is voluminous.

13.     You have a duty to supplement Your responses to each request below under F.R.Civ.P. 26(e).

**REQUESTS**

1.      All Documents you disclosed in your initial or supplemental Rule 26(a)(1) Disclosure(s).

2.      All documents relied upon in forming the basis for, or otherwise supporting, the allegations contained in your most recent Answer and Affirmative Defenses.

3.      All Documents relied upon in preparation for answering, or responsive to Plaintiff's interrogatories to You.

4.      All Documents relating to, received from, or sent to the Plaintiff concerning or relating to the laboratory which Plaintiff brought with him to Washington University.

5.      All Documents relating to, received from, or sent to the Plaintiff concerning or relating to his being offered a position as a resident in the Anesthesiology residency program at Washington University.

6.      All Documents relating to, received from, or sent to the Plaintiff concerning or relating to his performance as a resident at Washington University.

7.      All email, correspondence, memorandums, notes, text messages, instant messages, voicemails, reports, or other communication you received from Plaintiff or that You sent or forwarded to the Plaintiff concerning or relating to either his laboratory, his being offered a position as a resident or his performance as a resident.

8.      All email, correspondence, memorandums, notes, text messages, instant messages, voicemails, reports, or other communication received from or sent by other Washington University and/or Barnes attending physicians, staff, employees or students  concerning or relating to either Plaintiff's laboratory, his being offered a position as a resident or his performance as a resident.

9.      All other "Documents" as defined above submitted to or received by You that concern or relate to Plaintiff's laboratory, his being offered a position as a resident or his performance as a resident.

10.     All Documents authored by Plaintiff in Your possession.

11.     All Documents containing communications between You and any other medical

school, hospital, or residency program about or concerning Plaintiff at any time

12.     All documents in any Defendants' possession, or available to them, concerning or relating to the allegations in the Complaint or the Answer other than attorney-client communications or material subject to the work product doctrine.

13.     All Documents reflecting communications with the Plaintiff and/or his spouse, and/or his associates, prior to his enrollment in Washington University.

14.     All Documents reflecting or concerning payment of travel expenses, meals, and lodging for Plaintiff and/or his spouse prior to his enrollment in Washington University.

15.     Plaintiff's complete residency file.

16.     Plaintiff's official transcript.

17.     All drafts of Plaintiff's transcript(s).

18.     All quizzes and tests taken by Plaintiff.

19.     All Documents concerning any evaluation of Plaintiff in the residency program(s) operated or managed, in any way, by You.

20.     All Documents concerning any evaluation of Plaintiff in the rotations operated or managed, in any way, by You.

21.     Descriptions, curriculum, summaries or any other printed or electronic description of each class, rotation or internship that the Plaintiff enrolled in or was assigned to at Washington University and/or Barnes.

22.     All evaluations, mid-year evaluations, year-end evaluations, and/or summative evaluations of Plaintiff in any rotation and/or program.

23.     All Documents generated by the Program Director concerning or relating to Plaintiff's being offered a position in the Washington University residency program, his performance as a resident, or his laboratory.

24.     All residency guidelines and/or handbooks and/or manuals issued to or available to Plaintiff during his time at Washington University and/or Barnes.

25.     The Staff Manual, House Rules, or similar guidelines that applied to anesthesiology residents at any time in the period between July 2016 and July 2018.

26.     All Documents, including but not limited to, memos, correspondence, letters, reports or emails, in the possession of, considered by, or accessible to any Clinical Competence Committee(s) concerning Jeffery Weissman.

27.     All Documents concerning any investigation made by You in response to Plaintiff's complaints of harassment and/or unfair treatment.

28.     All records in your possession or available to you concerning the Plaintiff, including, but not limited to his education and employment.

29.     All guidelines, rules, suggestions, or other writings that govern the assignment of evaluation levels in residency rotations.

30.     Produce all documents for the period from January 1, 2015 through the present concerning or relating to residents in the Anesthesiology Residency with passing test grades and clinical performance evaluations being failed, required to repeat a rotation, required to repeat a year of residency, or being terminated from the Anesthesiology Residency program for having core competency or milestone deficiencies.

31.     Produce all evaluations, mid-year evaluations, year-end evaluations, and/or summative evaluations of all residents in the Anesthesiology Residency program for the period from July 1, 2015 to the present.

32.     All records in your possession or available to you concerning the Plaintiff, including, but not limited to his education and employment.

33.     All Documents concerning or relating to Plaintiff's Lab.

9

34.     All Documents concerning or reflecting any communication between the Department of Anesthesiology and the Department of Radiology concerning Plaintiff's Lab (before or after Plaintiff operated the Lab).

35.     All Documents recording or reflecting the equipment or supplies of the Lab as of March 2017.

36.     All Documents recording or reflecting the drawings, specifications, work process papers or other Intellectual Property of the Lab as of March 2017.

37.     All Documents reflecting who paid the wages or salaries of persons employed in the Lab from March 2017 and through the present.

38.     Any and all grant applications submitted for work or projects to be conducted or that are being conducted in the Lab since the spring of 2016 through the present.

39.     Any and all records indicating monetary payments to the Lab received since the spring of 2016.

40.     Copies of any and all patent applications submitted relative to projects performed in or conducted by the Lab since the spring of 2016.

41.     Any Documents concerning or reflecting the names, and earnings of all persons employed in or contracted to work with, the Lab between the spring of 2016 and the present.

42.     All Documents related to research performed by the Lab or its employees for the period from January 1, 2016 to the present.

43.     All research conducted by Plaintiff in your possession or accessible to you.

44.     Any and all policies of insurance that may apply to the allegations of the complaint.

45.     Copies of any material that you will use as exhibits at deposition or trial.

46.     All curriculum vitae or list of credentials of all expert witnesses you intend to call at trial.

47.     The complete files concerning or relating to this case of all Rule 26(a)(2) experts you intend to call at trial.

48.     All documents reviewed by any Rule 26(a)(2) you intend to call at trial.

49.     All codes, standards, rules, regulations, guidelines, or other similar documents, whether official or unofficial, which are germane to the occurrence(s), object(s) or parties of the lawsuit; including in this disclosure a reference to the specific section, subsection, paragraph, subparagraph or page of the disclosed documents.

50.     All employee deposition transcripts, all trial transcripts, all disclosed liability expert witness reports, all disclosed liability expert witness depositions, the files of all your disclosed liability expert witnesses produced or made available in discovery, all filed discovery responses, all company documents offered at trial as substantive or demonstrative exhibits; all filed motions, all trial orders on motions to dismiss, all trial orders on motions for summary judgment, all trial orders on motions in limine, and all final jury instructions in any prior lawsuit involving You which alleged unfair treatment in a residency program.

51.     All text, treatises, articles or other reference source, which the answering party's opinion witness(es) is relying upon, in whole or in part, specifically designating the section, paragraph or page in any of the disclosed documents, and identifying the specific witness relying upon the disclosed documents and the specific opinion to which the document(s) applies;

52.     All other Documents of any kind which reflect or purport to reflect the expert opinions of any expert witnesses you intend to call at trial; including but not limited to all letters, notes, memoranda, records, recordings, tests or summaries;

53.     Copies of all articles, treatises, books or other documents which will be used at any deposition or at the trial of this cause;

11

54.     All documents containing statements, utterances or communication (whether written or oral, signed or unsigned, verbatim or narrative), of a party to any person other than that party's attorney regarding any fact or issue concerning liability or damages in this case.

55.     All documents containing any statements, utterances or communication of any witness other than a party (whether written or oral, signed or unsigned, verbatim or narrative), regarding any fact or issue concerning liability or damages in this case.

56.     All Documents authored or generated by any named Defendant or their employees or agents relating to the occurrence(s) or object(s) described in Plaintiffs' complaint;

57.     All Documents authored or generated by the Plaintiff other than those produced by Plaintiff in this litigation.

This Notice assumes that the parties affected will ascertain and allocate amongst themselves the expenses involved in initially securing and reproducing the items to be produced. If such is not effectuated amicably, this Notice contemplates further proceedings.

November 9, 2020                              MOOR LAW OFFICE, P.C.


                                             /s/ Edward R. Moor


MOOR LAW OFFICE, P.C.
One North LaSalle Street, Suite 600
Chicago, Illinois 60602
312-726-6207
erm@moorlaw.net


### Certificate of Service

I certify that I served these interrogatories to each person to whom it is directed at the address indicated below by email on November 9, 2020.

/s Edward R. Moor

Carrie A. Claiborne
Kate M. Leveque
HUSCH BLACKWELL, LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
carrie.claiborne@huschblackwell.com
kate.leveque@huschblackwell.com


Mark J. Bremer
Kevin Anthony Sullivan
SHANDS, ELBERT, GIANOULAK & GILJUM, LLP
1 North Brentwood Blvd., Suite 800
St. Louis, MO  63105
mbremer@shandselbert.com
ksullivan@shandselbert.com