## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERY WEISMAN, and | ) | |
| STRATEGIC BIOMEDICAL, INC, | ) | |
| | ) | |
| Plaintiffs, | ) | No.     4:19-cv-75-JAR |
| v. | ) | |
| | ) | The Honorable John A. Ross |
| | ) | |
| BARNES JEWISH HOSPITAL, | ) | |
| BJC HEALTHCARE, | ) | |
| WASHINGTON UNIVERSITY, | ) | |
| ALEX EVERS, RICHARD BENZINGER, and | ) | |
| THOMAS COX, | ) | |
| | ) | |
| Defendants. | ) | |

### JEFFREY WEISMAN'S ANSWERS AND OBJECTIONS TO DEFENDANT
### WASHINGTON UNIVERSITY'S INTERROGATORIES

Plaintiff, JEFFERY WEISMAN, by counsel, Edward R. Moor, pursuant to Rule 33 of the

Federal Rules of Civil Procedure and the Local Rules of this Court, answers and objects as follows

to the Interrogatories served by Defendant Washington University:

### Preliminary Statement

1.      Plaintiff's investigation and development of all facts and circumstances relating to

this action is ongoing. These responses and objections are made without prejudice to, and are not

a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2.      By making the accompanying responses and objections to Defendant's

interrogatories, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and

all objections as to the admissibility of such responses into evidence in this action, or in any other

proceedings, on any and all grounds including, but not limited to, competency, relevancy,

materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in

any way implying that it considers the interrogatories to be relevant or material to the subject matter of this action.

3.      A response to an interrogatory stating that objections shall not be deemed or construed that Plaintiff performed any of the acts described in the interrogatory, or definitions and/or instructions applicable to the interrogatory, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the interrogatory, or definitions and/or instructions applicable to the interrogatory.

4.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

5.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

### General Objections

1.      Plaintiff objects to each instruction, definition, and interrogatory to the extent it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Plaintiff objects to each interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each instruction, definition, and interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

2

4.      Plaintiff objects to each instruction, definition, and interrogatory as overbroad and unduly burdensome to the extent it seeks information that is readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession, or from documents or information that Defendant previously produced to Plaintiff. Responding to such an interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such an interrogatory is substantially the same or less for Defendant as for Plaintiff. This objection encompasses, but is not limited to, documents and answers to interrogatories previously produced by Defendant to Plaintiff, and all information produced by Plaintiff to Defendant in response to discovery requests of Defendant. All such information will not be produced.

5. Defendant's interrogatories may call for information that was provided to the Plaintiff by other entities and that may contain protectible confidential, proprietary, or trade secret information. All such information will not be produced.

6.      To the extent any of Defendant's interrogatories seek information that include expert material, Plaintiff objects to any such interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such interrogatories, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

7.      Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive its right to amend its responses.

## Objections to Definitions and Instructions

1.     Plaintiff objects to Defendant's Definitions and Instructions as overbroad and unduly burdensome to the extent they attempt to extend the scope of information sought by Defendant's interrogatories beyond information currently accessible to Plaintiff.

2.     Plaintiff objects to Defendant's Definitions and Instructions to the extent that they purport to impose obligations greater than those set forth in the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff further objects to Defendant's Definitions to the extent they call for information protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege.

3.     Plaintiff objects to Defendant's Definitions and Instructions as vague and ambiguous, that they encompass information irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence, and that are thus overly broad and unduly burdensome.

## Answers and Objections to Interrogatories

1.     Please state whether Weisman has ever filed or been a party to any other lawsuit. If so, please state the date such suit was filed and the name of the court in which it was filed, the name(s) of the plaintiff(s) in such suit, the name(s) of the defendant(s) and any other party or parties in such suit, the exact nature of the claims involved in such suit, and the result of such suit. Also, please identify all documents relating to the information sought in this interrogatory.

> **ANSWER:**   Subject to the objections above, Plaintiff answers: Plaintiff has never been involved in a lawsuit or bankruptcy proceeding prior to this case.

2.     Please state whether Weisman has ever made any reports or complaints of any type, whether formal or informal, alleging violation of any of his rights as a student, as an employee, as

4

a former employee, or as an applicant for employment, and, if so, with respect to each such complaint,

(a)     state the date of the complaint;

(b)     state the exact nature of the acts and omissions out of which the complaint arose;

(c)     identify the person or entity against whom the complaint was made;

(d)     identify the person or entity to whom the complaint was made;

(e)     state the outcome of each such complaint;

(f)     identify all persons with knowledge relating to the information sought in this interrogatory; and

(g)     identify all documents and communications relating to the information sought by this interrogatory.

**ANSWER:**     Subject to the objections above, Plaintiff further objects that this interrogatory is overbroad and burdensome and calls for a narrative. Partially answering over objection, without waiving same, Plaintiff sent a complaint to the EEOC concerning the harassment and retaliation that he had suffered at Washington University and Barnes Jewish Hospital, but he did not pursue the claim because exhaustion in an agency is not legally required.  Plaintiff also contacted the American Board of Anesthesia, which did not respond.  Plaintiff also complained about his treatment at Washington University and Barnes Jewish Hospital to the ACGME. Plaintiff also called the National Institute of Health to obtain information. See Plaintiff's production response.


3.     Please state whether Weisman has ever been convicted of, pleaded guilty or nolo contendere to, and/or received a suspended imposition of sentence for any crime and, if so, for each:

(a)     state the date of conviction or plea;

(b)     state the exact nature of the offense;

(c)     state the sentence or fine imposed;

(d)     state the sentence served or fine paid;

(e)     state the name and location of the convicting court; and

(f)      identify all documents relating to the information sought in this interrogatory.

**ANSWER:**      Subject to the objections above, Plaintiff answers: Plaintiff has never been charged or convicted of any crime.

4.      Please identify each person retained or specially employed to provide expert testimony whom Weisman may call as an expert witness at trial and, for each person, state the witness's name, address, occupation, and place of employment, a complete statement of all opinions the witness will express and the basis and reasons for them, the facts or data considered by the witness in forming the opinions, the witness's qualifications to give an opinion, including a list of all publications authored by the witness within the previous ten (10) years, a list of any other cases in which the witness testified within the previous four (4) years, and the compensation to be paid for the study and testimony in this case. Also, please identify any exhibits that will be used to summarize or support the opinion, any documents relating to compensation for the expert's study or testimony, documents considered by the expert in forming the opinions, and documents relating to assumptions that the expert relied on in forming the opinions.

**ANSWER:**      Plaintiff will disclose expert witnesses in accordance with the schedules set by this Court.

5.      Please identify each person not retained or specially employed to provide expert testimony whom Weisman may call as an expert witness at trial and, for each person, state the witness's name, address, occupation, and place of employment, state the subject matter on which the witness is expected to present evidence, and state a summary of the facts and opinions to which the witness is expected to testify.

**ANSWER:**      Treating physicians will offer opinions on Weisman's stress induced IBS. Treaters include: Sunanda Kane, M.D. Mayo Clinic 200 1st St SW # W4, Rochester, MN 55905; Itishree Trivedi, MD, MS, Gastroenterology 1801 W. Taylor St. Outpatient Care Center, Suite 1B, Chicago, IL 60612; and Leonard B. Weinstock, M.D., F.A.C.G at specialists in Gastroenterology, 11525 Olde Cabin Road, St. Louis, MO 6314.

David Sinow, JD, PhD, CEO Strategic Biomedical, Mahomet, IL will offer opinion on the value of Plaintiff's Lab and intellectual property.

David Ballard, MD, Radiology Fellow, Washington University, St. Louis, MO will offer opinion on the value of Plaintiff's Lab and intellectual property.

Jeffery Weisman will offer opinion on the value of his Lab and intellectual property and his performance as a resident.

David Mills, PhD, Professor Louisiana Tech University, Monroe LA will offer opinion on the value of Plaintiff's Lab and intellectual property.

6

Richard Kordal, PhD Director of Intellectual Property and Commercialization Louisiana Tech University, Rustin LA will offer an opinion on the value of Plaintiff's Lab and intellectual property.

Jane Eggerstedt, MD, Provost LSU, Shreveport, LA.  will offer opinion on the plaintiffs performance as a resident and his future earnings.

Mark Platt, PhD, Dean of Students LSU, Shreveport, LA. will offer opinion on the plaintiffs performance as a resident and his future earnings.

Horacio D'Agostino, MD, Chair Radiology LSU, Shreveport, LA.  will offer opinion on the plaintiffs performance as a resident and his future earnings.

J. Steven Alexander, PhD, Professor LSU, Shreveport, LA. will offer opinion on the plaintiffs performance as a resident and his future earnings.

Charles Fox, MD, Chair Anesthesiology LSU Shreveport, Shreveport, LA  will offer opinion on the plaintiffs performance as a resident and his future earnings.

Shilpadevi Patil, MD  Program Director Anesthesiology LSU Shreveport, Shreveport, LA will offer opinion on the plaintiffs performance as a resident and his future earnings.

Alan Kaye, MD, PhD Chair Anesthesiology LSU New Orleans and New Provost LSU Shreveport LA will offer opinion on the plaintiffs performance as a resident and his future earnings.

Investigation continues.

6.    Please state whether plaintiffs or their agents, including their attorneys, have conducted interviews with, taken statements from, or engaged in conversation, correspondence or other communication with any person who has (or was believed to have) knowledge of the facts underlying plaintiffs' Complaint herein regarding such facts and, if so,

(a)    identify the person(s) who has (or was believed to have) such knowledge;
(b)    state the names of the persons who were involved in each interview, statement, conversation, correspondence or communication;
(c)    give the date, location, and method or manner of each interview, statement, conversation, correspondence or communication;
(d)    give the contents of each interview, statement, conversation, correspondence or communication; and
(e)    identify all documents and communications relating to any of the information sought in this interrogatory.

**ANSWER:**    Subject to the objections above, Plaintiff answers:    Plaintiff has multiple

7

oral recordings made contemporaneously during meetings with Defendants and other employees at Washington University and Barnes Jewish Health from 2016 - 2018 in which Plaintiff and such persons make statements regarding, or constituting, harassment, false evaluations of Plaintiff's performance, his fraudulently induced resignation, his converted lab, false letters of recommendation, and/or false promises of assistance in transferring to another residency program.  Plaintiff's counsel has possession of the recordings, which will be produced.

7.   With respect to all persons who have knowledge of the facts forming the basis for any allegations in the Complaint,

(a)     identify each such person; and

(b)     state the specific allegation(s) with respect to which each such person has knowledge.

**ANSWER:**     Jeffrey Weisman, May be contacted through counsel. Knowledge of breach of contracts by Defendants by harassment during residency by the falsification of evaluations, by the failure to grant Plaintiff access to his file, and by the failure to provide a good reference when Plaintiff decided to leave to program; knowledge of defamation by publication of false statement to third parties that Plaintiff failed rotations and that Defendants falsely claimed they could not release records to third parties without consulting counsel; knowledge of Defendants' conversion of lab equipment, and intellectual property; knowledge of benefit conferred on Defendants  by Plaintiff's Lab and intellectual property; knowledge of the unjust enrichment of Defendants'; and knowledge of Defendants' civil conspiracy.

Alex Evers, MD, Chair Anesthesia Washington University, St. Louis. Knowledge of breach of contracts by Defendants by harassment during residency by the falsification of evaluations, by the failure to grant Plaintiff access to his file, and by the failure to provide a good reference when Plaintiff decided to leave to program; knowledge of defamation by publication of false statement to third parties that Plaintiff failed rotations and that Defendants falsely claimed they could not release records to third parties without consulting counsel; knowledge of Defendants' conversion of lab equipment, and intellectual property; knowledge of benefit conferred on Defendants  by Plaintiff's Lab and intellectual property; knowledge of the unjust enrichment of Defendants'; and knowledge of Defendants' civil conspiracy.

Richard Benzinger, MD, PhD Program Director, Anesthesiology, Washington University, St. Louis  Knowledge of breach of contracts by Defendants by harassment during residency by the falsification of evaluations, by the failure to grant Plaintiff access to his file, and by the

failure to provide a good reference when Plaintiff decided to leave to program; knowledge of defamation by publication of false statement to third parties that Plaintiff failed rotations and that Defendants falsely claimed they could not release records to third parties without consulting counsel; knowledge of Defendants' conversion of lab equipment, and intellectual property; knowledge of benefit conferred on Defendants by Plaintiff's Lab and intellectual property; knowledge of the unjust enrichment of Defendants'; and knowledge of Defendants' civil conspiracy.

Thomas Cox, MD    Vice Chair Education Washington University Department of Anesthesiology  and Chair Pediatric Anesthesiology St. Louis Children's Hospital, St. Louis, MO. Knowledge of breach of contracts by Defendants by harassment during residency by the falsification of evaluations, by the failure to grant Plaintiff access to his file, and by the failure to provide a good reference when Plaintiff decided to leave to program; knowledge of defamation by publication of false statement to third parties that Plaintiff failed rotations and that Defendants falsely claimed they could not release records to third parties without consulting counsel; knowledge of Defendants' conversion of lab equipment, and intellectual property; knowledge of benefit conferred on Defendants by Plaintiff's Lab and intellectual property;  knowledge of the unjust enrichment of Defendants'; and knowledge of Defendants' civil conspiracy.

Russell Groener, MD Washington University St. Louis and St. Louis Children's Hospital, St. Louis, MO. Knowledge of breach of contracts by Defendants by harassment during residency by the falsification of evaluations, by the failure to grant Plaintiff access to his file, and by the failure to provide a good reference when Plaintiff decided to leave to program; knowledge of defamation by publication of false statement to third parties that Plaintiff failed rotations and that Defendants falsely claimed they could not release records to third parties without consulting counsel; knowledge of Defendants' conversion of lab equipment, and intellectual property; knowledge of benefit conferred on Defendants by Plaintiff's Lab and intellectual property;  knowledge of the unjust enrichment of Defendants'; and knowledge of Defendants' civil conspiracy.

David Mills, PhD, Professor Louisiana Tech University, Monroe LA. Knowledge of value of Plaintiff's Lab and intellectual property.

Richard Kordal, PhD Director of Intellectual Property and Commercialization Louisiana Tech University, Rustin LA.  Knowledge of value of Plaintiff's Lab and intellectual property

Jane Eggerstedt, MD, Provost LSU, Shreveport, LA.  Knowledge of value of Plaintiff's Lab and intellectual property,  knowledge about Plaintiff's

performance at LSU, knowledge about the events and terms of Plaintiff's transfer of his Lab and intellectual property to St. Louis, and aware of Defendants' defamation of Plaintiff after he left Washington University and Barnes Jewish Hospital.

Mark Platt, PhD, Dean of Students LSU, Shreveport, LA. Knowledge of value of Plaintiff's Lab and intellectual property, knowledge about Plaintiff's performance at LSU, knowledge about the events and terms of Plaintiff's transfer of his Lab and intellectual property to St. Louis, and aware of Defendants' defamation of Plaintiff after he left Washington University and Barnes Jewish Hospital.

Horacio D'Agostino, MD, Chair Radiology LSU, Shreveport, LA. Knowledge of value of Plaintiff's Lab and intellectual property, knowledge about Plaintiff's performance at LSU, knowledge about the events and terms of Plaintiff's transfer of his Lab and intellectual property to St. Louis, and aware of Defendants' defamation of Plaintiff after he left Washington University and Barnes Jewish Hospital.

J. Steven Alexander, PhD, Professor LSU, Shreveport, LA. Knowledge of value of Plaintiff's Lab and intellectual property, knowledge about Plaintiff's performance at LSU, knowledge about the events and terms of Plaintiff's transfer of his Lab and intellectual property to St. Louis, and aware of Defendants' defamation of Plaintiff after he left Washington University and Barnes Jewish Hospital.

Charles Fox, MD, Chair Anesthesiology LSU Shreveport, Shreveport, LA. Knowledge of value of Plaintiff's Lab and intellectual property, knowledge about Plaintiff's performance at LSU, knowledge about the events and terms of Plaintiff's transfer of his Lab and intellectual property to St. Louis, and aware of Defendants' defamation of Plaintiff after he left Washington University and Barnes Jewish Hospital.

Shilpadevi Patil, MD  Program Director Anesthesiology LSU Shreveport, Shreveport, LA. Knowledge of value of Plaintiff's Lab and intellectual property, knowledge about Plaintiff's performance at LSU, knowledge about the events and terms of Plaintiff's transfer of his Lab and intellectual property to St. Louis, and aware of Defendants' defamation of Plaintiff after he left Washington University and Barnes Jewish Hospital.

Alan Kaye, MD, PhD Chair Anesthesiology LSU New Orleans and New Provost LSU Shreveport. Knowledge of value of Plaintiff's Lab and intellectual property, knowledge about Plaintiff's performance at LSU, knowledge about the events and terms of Plaintiff's transfer of his Lab and intellectual property to St. Louis, and aware of Defendants' defamation of Plaintiff after he left Washington University and Barnes Jewish Hospital.

Jay Marion, MD, Dean GME LSU, Shreveport, LA. Knowledge of value of Plaintiff's Lab and intellectual property, knowledge about Plaintiff's performance at LSU, knowledge about the events and terms of Plaintiff's transfer of his Lab and intellectual property to St. Louis, and aware of Defendants' defamation of Plaintiff after he left Washington University and Barnes Jewish Hospital.

Leisa Oglesby, BS, RN, MBA, DIO LSU, Shreveport, LA. Knowledge of offer regarding residency and Defendants' defamation of Plaintiff after he left Washington University and Barnes Jewish Hospital.

Ben Strickland , Program Coordinator LSU, Shreveport, LA. Knowledge of offer regarding residency and Defendants' defamation of Plaintiff after he left Washington University and Barnes Jewish Hospital.

Jennifer Woerner, DMD, MD, Associate Dean of Academic Affairs, Director of Cleft and Craniofacial Surgery Fellowship, Shreveport, LA
	Knowledge regarding the value of Plaintiff's Lab and research.

 Ghali Ghali, DDS, MD, Chancellor and Chairman Oral and Maxillofacial Surgery LSU Health Shreveport, LA. Knowledge regarding the value of Plaintiff's Lab and research.

John F. George, Jr. MD, President and CEO BRI, Shreveport, LA   Knowledge regarding value of Plaintiff's Lab and research.

David Sinow, JD, PhD, CEO Strategic Biomedical, Mahomet, IL. Knowledge of value of Plaintiff's Lab and intellectual property, knowledge about Plaintiff's performance at LSU, knowledge about Plaintiff's performance at Washington University, knowledge about the events and terms of Plaintiff's transfer of his Lab and intellectual property to St. Louis, and aware of Defendants' defamation of Plaintiff after he left Washington University and Barnes Jewish Hospital.

David Ballard, MD, Radiology Fellow, Washington University, St. Louis, MO. Knowledge of the value of Plaintiff's Lab and intellectual property, knowledge about Plaintiff's performance at LSU, knowledge about Plaintiff's performance at Washington University, knowledge about the events and terms of Plaintiff's transfer of his Lab and intellectual property to St. Louis, and aware of Defendants' defamation of Plaintiff after he left Washington University and Barnes Jewish Hospital.

John A. Pieper, Pharm. D, President, St. Louis College of Pharmacy, St. Louis, MO. Knowledge of the value of Plaintiff's Lab and intellectual property.

 Ken Fleischmann, J.D., General Counsel, St. Louis College of Pharmacy, St. Louis, MO. Knowledge of breach of contracts by Defendants by

harassment during residency by the falsification of evaluations, by the failure to grant Plaintiff access to his file, and by the failure to provide a good reference when Plaintiff decided to leave to program; knowledge of defamation by publication of false statement to third parties that Plaintiff failed rotations and that Defendants falsely claimed they could not release records to third parties without consulting counsel; knowledge of Defendants' conversion of lab equipment, and intellectual property; knowledge of benefit conferred on Defendants by Plaintiff's Lab and intellectual property; knowledge of the unjust enrichment of Defendants'; and knowledge of Defendants' civil conspiracy. Knowledge of value of Plaintiff's Lab and intellectual property, knowledge about Plaintiff's performance at Washington University, knowledge about the events and terms of Plaintiff's transfer of his Lab and intellectual property to St. Louis, and aware of Defendants' defamation of Plaintiff after he left Washington University and Barnes Jewish Hospital.

Bruce Canaday, PharmD, Dean, St. Louis College of Pharmacy, St. Louis, MO. Knowledge of the value of Plaintiff's Lab and intellectual property.

Eric Knoll, PhD, Vice President Operations, St. Louis College of Pharmacy, St. Louis, MO. Knowledge of the value of Plaintiff's Lab and intellectual property.

Evan Kharasch, MD, PhD, Vice Chancellor Research Washington University, Professor Anesthesiology Washington University, Director, The Center for Clinical Pharmacology, Current Vice Chair for Innovation Duke and Professor, Durham, NC. Knowledgeable about recruitment of Plaintiff to Washington University and Barnes Jewish Hospital, and knowledgeable about the value of Plaintiff's Lab and intellectual property.

Robert W. Gereau. PhD, Vice Chair for Research, Dept. of Anesthesiology Washington University, St. Louis, MO      Knowledge of the value of Plaintiff's Lab and intellectual property, knowledgeable about Defendants' conversion of Plaintiff's Lab.

Kathleen W. Meacham, MD, PhD, Faculty Washington University Anesthesiology, St. Louis, MO. Knowledgeable about recruitment of Plaintiff to Washington University and Barnes Jewish Hospital, and knowledgeable about value of Plaintiff's Lab and intellectual property, knowledge of Defendants' harassment of Plaintiff and generation of false evaluations

Mark Meacham, Assistant Professor Mechanical Engineering Washington University St. Louis, St. Louis, MO Knowledgeable about recruitment of Plaintiff to Washington University and Barnes Jewish Hospital, and knowledgeable about value of Plaintiff's Lab and intellectual property,

12

knowledge of Defendants' harassment of Plaintiff and generation of false evaluations.

Lauren Gibson, M.B.A., Academic Coordinator Anesthesiology, St. Louis, MO. Knowledgeable about recruitment of Plaintiff to Washington University and Barnes Jewish Hospital, and knowledgeable about value of Plaintiff's Lab and intellectual property, knowledge of Defendants' harassment of Plaintiff and generation of false evaluations.

Sharon Stark   Program Coordinator, Washington University St. Louis. Knowledge about Defendants' harassment of Plaintiff, Defendants' false evaluations, and conspiracy to defame Plaintiff.

Pamela Woodard, MD, Professor of Radiology and Biomedical Engineering and Senior Vice Chair and Division Director of Radiology Research Facilities, Washington University, St. Louis, MO.  Knowledge of value of Plaintiff's Lab and intellectual property, knowledgeable about Defendants' conversion of Plaintiff's Lab, knowledge of Defendants' harassment of Plaintiff and generation of false evaluations.

Richard Wahl, MD   Professor   and   Chair   Radiology   Washington University, St. Louis, MO. Knowledge of the value of Plaintiff's Lab and intellectual property, knowledgeable about Defendants' conversion of Plaintiff's Lab.

Stephanie Rheinheimer, Program Coordinator, Anesthesiology. Knowledge about Defendants' harassment of Plaintiff, Defendants' false evaluations, and conspiracy to defame Plaintiff.

Reuben Johnson, MD Emergency Medicine Professor Washington University St. Louis, St. Louis, MO.  Aware of Plaintiff's evaluations in the Emergency Medicine rotation.

Daniel Emmert, MD, PhD   Anesthesiology   Professor   Washington University, St. Louis, MO. Knowledge about Defendants' harassment of Plaintiff, Defendants' false evaluations, and conspiracy to defame Plaintiff.

Justin Knittle, MD, Assistant Professor, Anesthesiology, St. Louis, MO
Knowledge about Defendants' harassment of Plaintiff, Defendants' false evaluations.

Thomas J. Graetz, MD, Associate Professor, Anesthesiology, Chief, Division of Cardiothoracic Anesthesiology, St. Louis, MO.  Knowledge about Defendants' harassment of Plaintiff, Defendants' false evaluations.

Amy Loden, MD, Internal Medicine Physician, St. Louis, MO Knowledge of Plaintiff's performance in internal medicine rotation.

13

Janet B. McGill, MD, MA, FACE, Internal Medicine Physician, St. Louis, MO.   Knowledge of Plaintiff's performance in internal medicine rotation.

Lisa Tseng, MD, Former Anesthesiology Resident at Defendants. Knowledge about Defendants' harassment of Plaintiff, Defendants' false evaluations.

Troy Wildes, MD, Anesthesia Attending, St. Louis, MO     Knowledge about Defendants' harassment of Plaintiff, Defendants' false evaluations.

Rebecca P. McAlister, MD, GME Dean and DIO, St. Louis, MO. Knowledge about Defendants' harassment of Plaintiff, knowledge of Defendants' false evaluations, knowledge of Defendants' failure to release records after Plaintiff left Defendants.

Gary Hammen, M.D.  Resident ASAP, St. Louis, MO.  Knowledge of breach of contracts by Defendants by harassment during residency by the falsification of evaluations, by the failure to grant Plaintiff access to his file, and by the failure to provide a good reference when Plaintiff decided to leave to program; knowledge of defamation by publication of false statement to third parties that Plaintiff failed rotations and that Defendants falsely claimed they could not release records to third parties without consulting counsel; knowledge of Defendants' conversion of lab equipment, and intellectual property; knowledge of benefit conferred on Defendants  by Plaintiff's Lab and intellectual property; knowledge of the unjust enrichment of Defendants'; and knowledge of Defendants' civil conspiracy. Knowledge of value of Plaintiff's Lab and intellectual property,  knowledge  about  Plaintiff's  performance  at  Washington University, knowledge about the events and terms of Plaintiff's transfer of his Lab and intellectual property to St. Louis, and aware of Defendants' defamation of Plaintiff after he left Washington University and Barnes Jewish Hospital

Tia O. Drake   Executive Director, GME Office, Washington University, St. Louis, MO. Knowledge about Defendants' harassment of Plaintiff, knowledge of Defendants' false evaluations, knowledge of Defendants' failure to release records after Plaintiff left Defendants.

Joseph F. Kras, MD, DDS, Anesthesiologist Washington University, St. Louis, MO.Knowledge about Defendants' harassment of Plaintiff, knowledge of Defendants' false evaluations.

Nicole Erter, Human Resources Director, Barnes Jewish Hospital, St. Louis, MO.  Knowledge about Defendants' harassment of Plaintiff, Defendants' false evaluations.

Martha Szabo, M.D., Former Anesthesiologist Washington University, Rotation  Coordinator,  St.  Louis,  MO  now  at  the  Cleveland

14

Clinic.  Knowledge of breach of contracts by Defendants by harassment during residency by the falsification of evaluations, by the failure to grant Plaintiff access to his file, and by the failure to provide a good reference when Plaintiff decided to leave to program; knowledge of defamation by publication of false statement to third parties that Plaintiff failed rotations and that Defendants falsely claimed they could not release records to third parties without consulting counsel; knowledge of Defendants' conversion of lab equipment, and intellectual property; knowledge of benefit conferred on Defendants  by Plaintiff's Lab and intellectual property; knowledge of the unjust enrichment of Defendants'; and knowledge of Defendants' civil conspiracy.  Knowledge of value of Plaintiff's Lab and intellectual property,  knowledge  about  Plaintiff's  performance  at  Washington University, knowledge about the events and terms of Plaintiff's transfer of his Lab and intellectual property to St. Louis, and aware of Defendants' defamation of Plaintiff after he left Washington University and Barnes Jewish Hospital

Catherine P. Krucylak, MD, Anesthesiologist, Washington University. Knowledge of breach of contracts by Defendants by harassment during residency by the falsification of evaluations, by the failure to grant Plaintiff access to his file, and by the failure to provide a good reference when Plaintiff decided to leave to program; knowledge of defamation by publication of false statement to third parties that Plaintiff failed rotations and that Defendants falsely claimed they could not release records to third parties without consulting counsel; knowledge of Defendants' conversion of lab equipment, and intellectual property; knowledge of benefit conferred on Defendants  by Plaintiff's Lab and intellectual property; knowledge of the unjust enrichment of Defendants'; and knowledge of Defendants' civil conspiracy.  Knowledge about Plaintiff's performance at Washington University, aware of Defendants' defamation of Plaintiff after he left Washington University and Barnes Jewish Hospital.

Thomas Allen Davis, MD, Anesthesiologist Washington University, St. Louis, MO. Knowledge of breach of contracts by Defendants by harassment during residency by the falsification of evaluations.

Rajan Paul Dang, MD ENT resident, St. Louis, MO. Knowledge of Benzinger's harassment of residents.

Valerie Le, MD, Internal Medicine Resident, St. Louis, MO . Knowledge of Benzinger's  harassment of residents.

Douglas Thompson, MD, Program Director Washington University,  St. Louis, MO.Knowledge of Defendants' defamation and conspiracy to defame.

Aaron Norris, MD, PhD, Assistant Program Director, Washington University. Knowledge of breach of contracts by Defendants by harassment during residency by the falsification of evaluations.

Rainer Kentner, MD, Anesthesiologist Washington University, St. Louis, MO. Knowledge of breach of contracts by Defendants by harassment during residency by the falsification of evaluations.

Michael S. Avidan, MBBCh Chair, Washington University Anesthesiology, St. Louis, MO. Knowledge of breach of contracts by Defendants by harassment during residency by the falsification of evaluations, aware of the value of Plaintiff's Lab and Intellectual Property.

James J. Fehr, MD, Ombudsman, Washington University and Anesthesiologist, Palo Alto, CA. Knowledge of breach of contracts by Defendants by harassment during residency by the falsification of evaluations.

Menelaos Karanikolas, MD, MPH, Anesthesiologist, Washington University, St. Louis, MO. Knowledge of breach of contracts by Defendants by harassment during residency by the falsification of evaluations.

John D. McAllister, MD, Pediatric Anesthesiologist, St. Louis, MO Knowledge of breach of contracts by Defendants by harassment during residency by the falsification of evaluations.

Ivan Kangrga, MD, PhD, Anesthesiologist Washington University, St. Louis, MO. Knowledge of breach of contracts by Defendants by harassment during residency by the falsification of evaluations.

Laura F. Cavallone, MD, Anesthesiologist, Washington University, rotation coordinator, St. Louis, MO. Knowledge of breach of contracts by Defendants by harassment during residency by the falsification of evaluations, knowledge of Defendants' defamation in relation to Separation Contract.

René Tempelhoff, MD, Anesthesiologist Washington University, St. Louis, MO. Knowledge of Plaintiff's performance and knowledge of harassment of Plaintiff.

Marco Todorovic, Resident Anesthesiology, St. Louis, MO. Knowledge of Plaintiff's performance and knowledge of harassment of Plaintiff.

Helga Komen, MD, Anesthesiologist, Washington University, St. Louis, MO. Knowledge of Plaintiff's performance and knowledge of harassment of Plaintiff, aware of the value of Plaintiff's Lab and Intellectual Property.

Peter Nagele, M.D., Chair, University of Chicago Anesthesia and Former Professor of Anesthesia Washington University St. Louis, Chicago, Illinois.  Aware of Defendants' defamation.

Jerome Klafta, MD, Professor of Anesthesia and Critical Care, Vice Chair, Education and Academic Affairs, Chicago, IL.  Aware of Defendants' defamation.

Frank Brown, Clinical Trials Manager at The University of Chicago, Chicago, IL.  Aware of Defendants' defamation.

Ned F. Nasr, MD, Program Director, Cook County Stroger Anesthesia, Chicago, IL. Aware of Defendants' defamation.

Christopher A. Troianos, MD Chair Anesthesiology Cleveland Clinic, Cleveland, OH. Aware of Defendants' defamation.

Bryan J. Hierlmeier, M.D., Anesthesiology Program Director, University of Mississippi Medical Center, Jackson MS. Aware of Defendants' defamation.

Kiley Grant, Biomedical Research Foundation, Shreveport, LA. Value of Plaintiff's Lab and intellectual property.

Chris Kevil, Vice Chancellor Research LSU Health, Shreveport, LA. Value of Plaintiff's Lab and intellectual property.

Karthik Tappa Researcher, Houston, TX, Value of Plaintiff's Lab and intellectual property.

Udayabhanu Jammalamadaka, Researcher, St. Louis, MO.  Value of Plaintiff's Lab and intellectual property.

Shirley Vaughn,  Administrative Assistant, Department of Anesthesia, Washington, St. Louis, MO. Knowledge of harassment and defamation of Plaintiff.

Gina LaRossa, Internal Medicine Physician   St. Louis, MO. Knowledge of harassment and defamation of Plaintiff.

Hawa Abubakar, MBBS, Chief Resident Anesthesiology, St. Louis, MO. Knowledge about Defendants' harassment of Plaintiff.

Bruno Maranhao, MD, PhD, Chief Resident Anesthesiology, St. Louis, MO. Knowledge about Defendants' harassment of Plaintiff, Aware of Defendants' defamation.

17

Dean Thorsen, DO, PhD, Chief Resident Anesthesiology, St. Louis, MO.   Knowledge about Defendants' harassment of Plaintiff, Aware of Defendants' defamation.

Janavi Rao, MD, Chief Resident Anesthesiology, St. Louis, MO. Knowledge about Defendants' harassment of Plaintiff, Aware of Defendants' defamation.

Isabella Rossi, MD, Chief Resident Anesthesiology, St. Louis, MO. Knowledge about Defendants' harassment of Plaintiff, Aware of Defendants' defamation.

Jacob McDowell, MD Chief Resident Anesthesiology, St. Louis, MO. Knowledge about Defendants' harassment of Plaintiff, Aware of Defendants' defamation.

Sarah Alber, MD, Chief Resident Anesthesiology, St. Louis, MO. Knowledge about Defendants' harassment of Plaintiff, Aware of Defendants' defamation.

Broc Burke, MD, PhD, Resident Anesthesiology, St. Louis, MO. Knowledge about Defendants' harassment of Plaintiff, Aware of Defendants' defamation.

Christopher Davies, MD, Chief Resident Anesthesiology, St. Louis, MO. Knowledge about Defendants' harassment of Plaintiff, Aware of Defendants' defamation.

Govind Rangrass, MD, Resident Anesthesiology, St. Louis, MO. Knowledge about Defendants' harassment of Plaintiff.

Jasmine Swaniker, MD, Chief Resident Anesthesiology, St. Louis, MO. Knowledge about Defendants' harassment of Plaintiff, Aware of Defendants' defamation.

Wayland Cheng, MD, PhD, Resident Anesthesiology, St. Louis, MO. Knowledge about Defendants' harassment of Plaintiff.

Grant Geigler, Regional Director Echo Pixel, Atlanta, GA. Knowledge of the value of Plaintiff's Lab and intellectual property.

Mikhail Y. Berezin, PhD, Washington University St. Louis Department of Radiology faculty, St. Louis, MO. Knowledge of the value of Plaintiff's Lab and intellectual property.

Gene Robinson, PhD, Strategic Biomedical Board Member, Faculty at the University of Illinois Urbana Champaign, Champaign, IL. Knowledge of value of Plaintiff's Lab and intellectual property.

Other Washington University Faculty and Administrators   St. Louis, MO. Knowledge of Plaintiff's performance and/or knowledge of harassment of Plaintiff.

Other Residents in the Washington University and Barnes Jewish Hospital, St. Louis, MO. Knowledge of Plaintiff's performance and/or knowledge of harassment of Plaintiff.

Other persons knowledgeable about the value of Plaintiff's Lab and Intellectual Property.

8.      With respect to Weisman's claims of damages as alleged in the Complaint,

(a)     state the dollar amount by which Weisman has been damaged;

(b)     identify and describe in detail each element of damage Weisman claims to have suffered;

(c)     identify and describe in detail the method of calculation for each element of damage Weisman claims to have suffered;

(d)     identify all persons with knowledge relating to each element of damage Weisman claims to have suffered; and

(e)     identify all documents and communications relating to the information sought by this interrogatory.

**ANSWER:**   Subject to the objections above, Plaintiff states:  as to past lost income Plaintiff lost approximately $60,000 a year for three years, or $180,000.  As to future lost income as a Board-Certified Anesthesiologist and owner of a laboratory where he would have been employed as a Physician Researcher apart from his clinical duties, Plaintiff states that this is the subject matter of expert witness testimony and Plaintiff will disclose experts in accordance with schedules entered or to be entered by the Court.  Further, Plaintiff has incurred more than $100,000 in relation to the treatment of his stress induced IBS.  The contents of the laboratory when converted by Defendants was worth more than $2,000,000, and Plaintiff was a 50% shareholder in SBI at all relevant times.  The remainder of Plaintiff's damages are general damages, not presently capable of precise calculation, but the pain and suffering and emotional distress occasioned by the defamation committed by the Defendants is substantial and at trial Plaintiff will seek a minimum of $1,000,000 for these types of damages.

9.     State whether Weisman made any efforts to find a job, including but not limited to a position in any residency or graduate medical education program, from January 1, 2017 to date, and, if so, for each effort,

(a)     identify the job Weisman sought;

(b)     identify the prospective employer or institution;

(c)     state whether Weisman submitted an application and/or interviewed for a position;

(d)     state the date(s) on which Weisman applied for a job with, interviewed with, or contacted the prospective employer or institution;

(e)     identify all persons with whom Weisman communicated regarding his application and state the content of each such communication; and

(f)     identify all documents and communications relating to the information sought by this interrogatory.

**ANSWER:**     Subject to the objections above, and further objecting that the interrogatory is overbroad and unduly burdensome Plaintiff answers that his employment relationships and professional activities relating to the subject matter of the Complaint, namely medical residency training and medical research, consist of hundreds of emails.  Residency programs contacted after Plaintiff was forced to resign from WU/BJH-BJC include:

Cook County -Stroger, June 2018, Ned Nasr,

University Chicago Peter Nagle and Jerome Klafta April 2018

LSU-Shreveport, November 2018, Shivdeli Patel, Charles Fox, and Alan Kaye

Cleveland Clinic July 23rd 2018  emails began Christopher Troianos,  and Maged Argalious
LSU New Orleans July of 2018 Alan Kaye

LSU Shreveport August 2018 Charles Fox and Shilpadevi Patil

Tulane Medical Center December 2018 Jonathan Weed and Gary Haynes

University of Mississippi Bryan J. Hierlmeier December 2018

Mt. Sinai in Miami December 2018 Gerald Rosen

20

Drexel University, Shelley George December 2018

University of Minnesota.  Mojca Konia December 2018

University of Michigan, Ann Arbor George Mashour December 2018

St. Louis University Anesthesia 2018

University of Illinois Chicago occupational medicine December 2018

Harvard Occupational Medicine August 2018

University of Pennsylvania Occupational Medicine December 2018

Multiple patent lawyer recruiters

William K. McLaughlin Associates, Inc. Executive Search – Patent Attorneys 2018

In addition, Weisman inquired and sent his CV to the almost all of the anesthesiology program in the nation following programs to inquire if they had spots available, some of whom inquired about him to Washington University, and none of which offered Plaintiff a position:

University of New Mexico
Cleveland Clinic
LSU Health New Orleans
Tulane Medical Center
St. Louis University
Medical College of Wisconsin
University of Wisconsin Madison
West Virginia University
Virginia Mason Medical Center
Virginia Commonwealth University Medical Center
University of Virginia
University of Vermont
University of Utah
The University of Texas Health Science Center at Houston
Baylor Scott & White Health
UT Health San Antonio
UT Southwestern

Vanderbilt
Medical University of South Carolina
Brown University
Allegheny Health network
Temple University
University of Pittsburgh Medical Center
Thomas Jefferson University
University of Pennsylvania
Penn State Health
UPMC Pinnacle
Geisinger Health
Oregon Health & Science University
University of Oklahoma Health Sciences Center
Oklahoma State University
Metro Health
University of Toledo
Case Western Reserve University - University Hospitals
University of Cincinnati, College of Medicine
The Ohio State University Wexner Medical Center
Cleveland Clinic Florida
Kettering Health Network Program
OhioHealth/Doctors Hospital Program
Duke University
Wake Forest Medical Center
University of North Carolina
Montefiore Medical Center
Stony Brook Medicine/University Hospital Program
Albany Medical Center
SUNY Upstate Medical University Program
SUNY Downstate Health Sciences University Program
NYU Grossman School of Medicine Program
Westchester Medical Center Program
Mount Sinai Health System
New York Presbyterian Hospital (Cornell Campus) Program
University at Buffalo Program
University of Rochester
Mount Sinai St Luke's, Mount Sinai Roosevelt Hospitals
New York Presbyterian Hospital (Columbia Campus) Program
New York-Presbyterian Brooklyn Methodist Hospital Program
Maimonides Medical Center Program

Zucker School of Medicine at Hofstra/Northwell Program
Rutgers Health/Robert Wood Johnson Medical School Program
Rutgers Health/New Jersey Medical School Program
St Joseph's University Medical Center Program
Rutgers Health/St Barnabas Medical Center Program
Cooper Medical School of Rowan University/Cooper University Hospital
Program
Hackensack University Medical Center Program
Dartmouth
HCA Healthcare/USF Morsani College of Medicine GME: Oak Hill
Hospital Program
University of Nebraska Medical Center
University of Missouri-Kansas City School of Medicine Program
University of Missouri-Columbia Program
University of Mississippi
Still OPTI/Northeast Regional Medical Center Program
Mayo Clinic Rochester
Wayne State University/Detroit Medical Center
Henry Ford Hospital/Wayne State University Program
University of Michigan Health System Program
Beaumont Health (Royal Oak) Program
McLaren Health Care/Greater Lansing/MSU Program
McLaren Health Care/Oakland/MSU Program
Wayne State University School of Medicine Program
University of Massachusetts Program
Harvard MGH
St Elizabeth's Medical Center Program
Brigham and Women's Hospital Program
Tufts Medical Center Program
Boston University Medical Center
UMMS-Baystate Program
Beth Israel Deaconess Medical Center
Lahey Clinic Program
Johns Hopkins
University of Maryland
Maine Medical Center
Ochsner Clinic Foundation Program
University of Louisville School of Medicine Program
University of Kentucky
University of Kansas (Wichita) Program

University of Kansas School of Medicine Program
University of Iowa Hospitals and Clinics Program
Indiana University School of Medicine Program
Rush University
Northwestern
Advocate Health Care (Advocate Illinois Masonic Medical Center)
Program
Loyola
University of Illinois College of Medicine at Chicago Program
Emory University School of Medicine
Medical College of Georgia Program
University of Miami/Jackson Health System Program
Mayo Clinic College of Medicine and Science (Jacksonville) Program
University of Florida College of Medicine Jacksonville Program
University of Central Florida/HCA Healthcare GME (Ocala) Program
HCA Healthcare/USF Morsani College of Medicine GME: Oak Hill
Hospital Program
HCA unspecified
University of Tennessee Medical Center at Knoxville Program
Cleveland Clinic Florida Program
Larkin Community Hospital Program
HCA Healthcare: East Florida Division GME: Kendall Regional Medical
Center Program
Mount Sinai Medical Center of Florida, Inc Program
George Washington University Program
Georgetown
University of Connecticut
Yale
University of Colorado
Stanford
University of Califronia San Francisco
UC San Diego
UCLA Harborview
UCLA
Cedars-Sinai Medical Center Program
University of Southern California
UC Davis
Kaweah Delta Health Care District (KDHCD) Program
Riverside University Health System Program
University of Arkansas for Medical Sciences (UAMS) College of

Medicine Program
Mayo Arizona
University of Arizona College of Medicine-Tucson Program
University of Alabama Medical Center Program
Drexel
Texas Tech University Health Sciences Center at Lubbock Program
UTMB Health - University of Texas Medical Branch at Galveston.

10.     State whether Weisman has been employed since he resigned from the Residency Program and, if so, for each job,

(a)     identify Weisman's employer;

(b)     state Weisman's position or title held;

(c)     describe Weisman's duties;

(d)     state the date on which Weisman was employed;

(e)     state the date on which Weisman applied for or was interviewed for this job;

(f)     state Weisman's salary, compensation or hourly wage;

(g)     state what benefits Weisman receives and the value thereof;

(h)     state how many hours Weisman works per week;

(i)     state the total compensation received and to be received from each such employment and the timeframe for such compensation; and

(j)     identify all documents and communications relating to the information sought by this interrogatory.

**ANSWER:**     Subject to the objections above, particularly the objection that this Interrogatory is overbroad, unduly burdensome, and seeks information that will not lead to the discovery of admissible evidence, Plaintiff answers that his employment relationships and professional activities relating to the subject matter of the Complaint, namely medical residency training and medical research, consist of:

Marek Weisman LLC, limited partner and part-time attorney, no supervisors, from 2018 to present. Plaintiff has not received any guaranteed payments, distributions, or other compensation from MW, nor any other pay

or benefits, nor any bonus opportunities, profit sharing, retirement plans, health and life insurance, etc.

Physician at Assisted Recovery Centers of America, 1-1-19 to 7-1-2019. 1099 contractor. Compensated $50/patient. Total earnings $80,000. Weisman left to devote his time to other activities.

National Institute for Occupational Safety and Health Grant Recipient at the University of Illinois at Chicago, $58,000 per year (2 year grant). Masters in Public Health, student in the Division of Environmental and Occupational Health Sciences from 7/1/2018 to 6/30/2021.

11.     With respect to the allegation in the Complaint that Weisman has sustained "emotional distress and humiliation,"

(a)     state whether Weisman has received treatment from any health care provider for any such alleged injuries, and, if so,

(i)     identify each such health care provider and provide the address and telephone number of each such health care provider;

(ii)     state the date of each treatment and the nature of each treatment;

(iii)     state the charges for each such treatment, and state whether each such charge has been paid;

(b)     identify any persons with knowledge of Weisman's emotional distress, humiliation, mental anguish or pain and suffering; and

(c)     identify all documents and identify all oral communications which refer or relate to such injuries, to such treatment, or to the charges therefor.

**ANSWER:**     Subject to the objections above, Plaintiff states that he did not seek treatment from any physical therapist, speech therapist, occupational therapist, psychologist, psychiatrist, counselor, or social worker. Defendant has been seeking treatment for Irritable Bowel Syndrome ("IBS") and related gastro-intestinal issues which arose while Weisman was a resident at Washington University and employee at Barnes Jewish Health which was intensely aggravated when Plaintiff was rejected by many other anesthesiology programs as a result of the Defendants' defamatory and false statements. Treaters include: Sunanda Kane, M.D. Mayo Clinic 200 1st St SW # W4, Rochester, MN 55905; Itishree Trivedi, MD, MS, Gastroenterology 1801 W. Taylor St. Outpatient Care Center, Suite 1B, Chicago, IL 60612; and Leonard B. Weinstock, M.D., F.A.C.G at specialists in Gastroenterology, 11525 Olde Cabin Road, St. Louis, MO 6314.

12.     With respect to the allegations in the Complaint that "WU, BJH, Dr. Evers, and Dr. Benzinger tortiously converted Plaintiffs' research lab equipment, including 3D printers that Plaintiffs had purchased, Plaintiffs' work process papers, and related intellectual property as recorded in drawings, specifications, and memos," for each item of property allegedly converted,

(a)     identify and describe the equipment, intellectual property, work process paper, drawing, specification, or memo;

(b)     state the date the item was purchased or created;

(c)     state the amount paid for or cost of the item and, if purchased, identify the seller of the item;

(d)     state the value of the item at the time of the alleged conversion;

(e)     state the date the item was converted;

(f)     identify who allegedly converted the item;

(g)     identify all owners of the item at the time of the alleged conversion;

(h)     state the location of the item at the time of the alleged conversion; and

(i)     identify all documents relating to the information sought by this interrogatory.

**ANSWER:**     **S**ubject to the objections above, Plaintiff answers that the Defendants converted the following property, among others, owned by SBI in which the Plaintiff held a 50% ownership interest at all relevant times and in which he is now the 100% owner: Makerbot 5th Generation 3D printer; Makerbot Digitizer (3D scanner); Hyrel system 30 M 3D printer (and all print heads), Extrusion bot (2)' Cyberware 3D scanner (2); compact incubator; scale; hotplate stirrer; vortex mixer; and mini centrifuge, additional lab supplies and reagents, and other material. Investigation continues. March of 2017 is when the lab was converted.  All property was owned by SBI at the time of the conversion. The lab was converted by Defendants when the lab was moved to the hospital in the Department of Radiology and the researcher employees of the lab were hired by the Department of Radiology. Investigation continues.

13.     With respect to the allegations in the Complaint that "Benzinger, Washington University and Barnes Jewish Hospital falsely told representatives of other residency programs to which Plaintiff had submitted applications that Plaintiff's information could not be released

27

without talking to Defendants' attorney, [and] falsely stated that he had failed rotations," for each alleged statement,

    (a)    identify the representative(s) of other residency programs to whom each alleged statement was made;

    (b)    state the date of each alleged statement;

    (c)    identify the person who made each alleged statement; and

    (d)    identify all documents relating to the information sought by this interrogatory.

**ANSWER:**    Yale: Alex Evers sent emails and phone calls to Roberta Hines and Jeffery Schwartz in December 2018.  (WU605-606).

University of Chicago: Douglas Thompson had a phone call with Peter Nagele in April of 2018.  (WU542); Thomas Cox had a conversation with Jerry Klafta and Peter Nagele in Chicago in April of 2018 (WU542); Benzinger email to Nagele on June 6, 2018 setting up a call (WU549 -551).

LSU Shreveport: Thompson spoke with  to Shildpadevi Patil on or around September 11, 2018; in November he spoke with Charles Fox and Alan Kaye. (WU591- 594, 598-604).

Cook County Health: Richard Benzinger sent an email to  Ned Nasr on  June 26, 2018 soliciting a call (WU562-566, 588-89).

Cleveland Clinic: Alex Evers exchanged emails with Maged Argalious on August 3, 2018 indicating an oral conversation. (WU569).

Investigation continues.

14.    With respect to the allegations that Dr. Evers "solicited the agreement of each Defendant to conspire with others" in paragraph 139 of the Complaint, please

    (a)    identify any persons with knowledge of the alleged agreement to conspire; and

    (b)    identify all documents relating to the information sought by this interrogatory.

**ANSWER:**

    (a)    Alex Evers, MD,  Chair Anesthesia Washington University, St. Louis, MO; Richard Benzinger, MD, PhD Program Director, Anesthesiology, Washington University, St. Louis, MO; Thomas J. Graetz, MD, Associate Professor, Anesthesiology, Chief, Division of Cardiothoracic Anesthesiology, St. Louis, MO; Thomas Cox,

MD    Vice Chair Education Washington University Department of Anesthesiology and Chair Pediatric Anesthesiology St. Louis Children's Hospital, St. Louis, MO; Russell Groener, MD Washington University St. Louis and St. Louis Children's Hospital, St. Louis, MO; Douglas Thompson, MD, Program Director Washington University,  St. Louis, MO.

(b)     WU423, 429-436, 438,448, 454-458, 461, 465, 470-471, 495-533, 536, 538-540, 542 -543, 548, 551-554, 563, 566, 569, 590- 606. Investigation continues.


MOOR LAW OFFICE, P.C.


By:     /s/ Edward R. Moor

MOOR LAW OFFICE, P.C.
53 W. Jackson Boulevard, Suite 1527
Chicago, Illinois 60604
(312) 726-6207
erm@moorlaw.net

## **VERIFICATION**

Under penalties as provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.


_____
JEFFREY WEISMAN

## Certificate of Service

I certify that I served this document by emailing a copy to each person to whom it is directed below on March 31, 2021.


/s/ Edward R. Moor




Carrie A. Claiborne
Kate M. Leveque
HUSCH BLACKWELL, LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
carrie.claiborne@huschblackwell.com
kate.leveque@huschblackwell.com

Mark J. Bremer
Kevin Anthony Sullivan
SHANDS, ELBERT, GIANOULAK & GILJUM, LLP
1 North Brentwood Blvd., Suite 800
St. Louis, MO  63105
mbremer@shandselbert.com
ksullivan@shandselbert.com