UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERY WEISMAN, and<br>STRATEGIC BIOMEDICAL, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00075-JAR |
| | ) | |
| BARNES JEWISH-HOSPITAL,<br>BJC HEALTHCARE, WASHINGTON<br>UNIVERSITY, DR. ALEX EVERS,<br>DR. RICHARD BENZINGER, and<br>DR. THOMAS COX, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**WASHINGTON UNIVERSITY DEFENDANTS' RESPONSES AND OBJECTIONS TO
PLAINTIFF'S INITIAL RULE 34 REQUEST TO PRODUCE TO EACH DEFENDANT**

For their Responses and Objections to Plaintiff's Initial Rule 34 Request to Produce to

Each Defendant, defendants The Washington University ("University"), Dr. Alex Evers, Dr.

Richard Benzinger, and Dr. Thomas Cox (collectively, "University Defendants") state as

follows:

**GENERAL OBJECTIONS**

1.      University Defendants object to these document request and the instructions and

definitions to these document requests to the extent they seek to impose obligations and

requirements beyond these contained in the Federal Rules of Civil Procedure.

2.      University Defendants reserve the right to supplement, amend, or correct these

responses if additional pertinent information or documentation is located during discovery and

investigation.

3.      The University objects to the definition of "Washington University" to the extent it includes Washington University Medical Center and Washington University School of Medicine in St. Louis.  The Medical Center is an uninvolved real estate holding company, and the Medical School is not a separate legal entity from Washington University, which is the sole properly-named University entity defendant.

## RESPONSES AND OBJECTIONS TO REQUESTS

1.      All Documents you disclosed in your initial or supplemental Rule 26(a)(1) Disclosure(s).

**RESPONSE:** University Defendants have produced and will produce documents responsive to this request.

2.      All documents relied upon in forming the basis for, or otherwise supporting, the allegations contained in your most recent Answer and Affirmative Defenses.

**OBJECTION:**   University Defendants object to this request to the extent it seeks documents and information protected by the attorney-client privilege and work product doctrine. University Defendants further object to this request because it, and including, but not limited to, the terms "allegations contained in your most recent Answer," is vague and ambiguous.

**RESPONSE:** Subject to and without waiving the foregoing objections, University Defendants have produced and will produce documents responsive to this request.

3.      All Documents relied upon in preparation for answering, or responsive to Plaintiff's interrogatories to You.

**OBJECTION:**   University Defendants object to this request to the extent it seeks documents and information protected by the attorney-client privilege and work product doctrine.

**RESPONSE:** Subject to and without waiving the foregoing objections, University Defendants have produced and will produce documents responsive to this request.

4.      All Documents relating to, received from, or sent to the Plaintiff concerning or relating to the laboratory which Plaintiff brought with him to Washington University.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "concerning or relating to the laboratory which Plaintiff brought with him to Washington University," is vague, ambiguous, overly broad, unduly burdensome, and irrelevant to any claim or defense, assumes facts not in evidence, and is disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:** Subject to and without waiving the foregoing objections, University Defendants have produced and will produce documents relating to communications plaintiff had with Dr. Alex Evers, Dr. Evan Kharasch, Dr. Pam Woodard, and others relating to his company's 3-D printing laboratory.

5.      All Documents relating to, received from, or sent to the Plaintiff concerning or relating to his being offered a position as a resident in the Anesthesiology residency program at Washington University.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "concerning or relating to his being offered a position as a resident in the Anesthesiology residency program," is vague, ambiguous, overly broad, unduly burdensome, and irrelevant to any claim or defense, assumes facts not in evidence, and is disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:** Subject to and without waiving the foregoing objections, University Defendants have produced and will produce documents relating to plaintiff's visit to and interviews with the Anesthesiology Residency Program and plaintiff's match with the program.

6.      All Documents relating to, received from, or sent to the Plaintiff concerning or relating to his performance as a resident at Washington University.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "concerning or relating to his performance as a resident at Washington University," is vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, and disproportionate to the importance of the issues at

3

stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:** Subject to and without waiving the foregoing objections, University Defendants have produced and will produce plaintiff's residency file, rotation and other evaluations of plaintiff's performance as a resident, and documents relating to communications with the individual defendants and other members of the leadership of the Anesthesiology Residency Program relating to plaintiff's performance as a resident.

7.    All email, correspondence, memorandums, notes, text messages, instant messages, voicemails, reports, or other communication you received from Plaintiff or that You sent or forwarded to the Plaintiff concerning or relating to either his laboratory, his being offered a position as a resident or his performance as a resident.

**OBJECTION:** University Defendants object to this request because it, and including, but not limited to, the terms "you received from Plaintiff or that You sent or forwarded to the Plaintiff," is repetitive, vague, ambiguous, overly broad, unduly burdensome, and irrelevant to any claim or defense, assumes facts not in evidence, and is disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:** Subject to and without waiving the foregoing objections, see the responses and documents produced in response to Requests #4-#6.  In further response, University Defendants have produced and will produce documents relating to communications between plaintiff and the individual defendants and other members of the leadership of the Anesthesiology Residency Program.

8.    All email, correspondence, memorandums, notes, text messages, instant messages, voicemails, reports, or other communication received from or sent by other Washington University and/or Barnes attending physicians, staff, employees or students concerning or relating to either Plaintiff's laboratory, his being offered a position as a resident or his performance as a resident.

**OBJECTION:** University Defendants object to this request because it, and including, but not limited to, the terms "received from or sent by other Washington University and/or Barnes attending physicians, staff, employees or students," is repetitive, vague, ambiguous, overly broad, unduly burdensome, harassing, and irrelevant to any claim or defense, assumes facts not in evidence, and is disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

4

**RESPONSE:** Subject to and without waiving the foregoing objections, see the responses and documents produced in response to Requests #4-#7.

9.       All other "Documents" as defined above submitted to or received by You that concern or relate to Plaintiff's laboratory, his being offered a position as a resident or his performance as a resident.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "submitted to or received by You," is repetitive, vague, ambiguous, overly broad, unduly burdensome, harassing, and irrelevant to any claim or defense, assumes facts not in evidence, and is disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:** Subject to and without waiving the foregoing objections, see the responses and documents produced in response to Requests #4-#7.

10.      All Documents authored by Plaintiff in Your possession.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "All Documents authored by Plaintiff," is vague, ambiguous, overly broad, unduly burdensome, harassing, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

11.      All Documents containing communications between You and any other medical school, hospital, or residency program about or concerning Plaintiff at any time

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "between You and any other medical school, hospital, or residency program about or concerning Plaintiff at any time," is vague, ambiguous, overly broad, unduly burdensome, harassing, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:** Subject to and without waiving the foregoing objections, University Defendants have produced and will produce letters from the program directors and documents relating to communications between individual defendants and the program directors and medical schools and residency programs.

12.     All documents in any Defendants' possession, or available to them, concerning or relating to the allegations in the Complaint or the Answer other than attorney-client communications or material subject to the work product doctrine.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "concerning or relating to the allegations in the Complaint or the Answer," is repetitive, vague, ambiguous, overly broad, unduly burdensome, assumes facts not in evidence, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:** Subject to and without waiving the foregoing objections, University Defendants have produced and will produce documents responsive to this request, including plaintiff's residency file and documents relating to plaintiff's performance as a resident, his resignation, and his company's laboratory.

13.     All Documents reflecting communications with the Plaintiff and/or his spouse, and/or his associates, prior to his enrollment in Washington University.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "communications with the Plaintiff and/or his spouse, and/or his associates," is repetitive, vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:** Subject to and without waiving the foregoing objections, see the responses and documents produced in response to Request #5.

14.     All Documents reflecting or concerning payment of travel expenses, meals, and lodging for Plaintiff and/or his spouse prior to his enrollment in Washington University.

**OBJECTION:** University Defendants object to this request because it is irrelevant to any claim or defense and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:**  Subject to and without waiving the foregoing objections, University Defendants will produce a blank reimbursement form signed by plaintiff, but not

submitted by plaintiff, and are not in possession of any documents concerning payments of travel expenses for plaintiff.

15.     Plaintiff's complete residency file.

**RESPONSE:** University Defendants will produce plaintiff's residency file.

16.     Plaintiff's official transcript.

**RESPONSE:**   University Defendants state that there is no official transcript for residents, but will produce plaintiff's residency file.

17.     All drafts of Plaintiff's transcript(s).

**RESPONSE:**   University Defendants state that there is no official transcript for residents, but will produce plaintiff's residency file.

18.     All quizzes and tests taken by Plaintiff.

**OBJECTION:**   University Defendants object to this request because it, and including, but not limited to, the terms "all quizzes and tests," is vague, ambiguous, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:** Subject to and without waiving the foregoing objections, University Defendants state that the Anesthesiology Residency Program does not administer quizzes or tests for residents.  In further response, University Defendants state that certain reports and results for tests and exams administered by third party entities, including the US Medical License Examination, ABA In-Training Examination, and Anesthesiology Knowledge Test, are in plaintiff's residency file.

19.     All Documents concerning any evaluation of Plaintiff in the residency program(s)

operated or managed, in any way, by You.

**OBJECTION:**   University Defendants object to this request because it, and including, but not limited to, the terms "concerning any evaluation of Plaintiff," is vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:** Subject to and without waiving the foregoing objections, University Defendants have produced and will produce all formal written evaluations of plaintiff in his residency file.

20.     All Documents concerning any evaluation of Plaintiff in the rotations operated or managed, in any way, by You.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "concerning any evaluation of Plaintiff," is vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:** Subject to and without waiving the foregoing objections, University Defendants have produced and will produce all formal written evaluations of plaintiff in his residency file.

21.     Descriptions, curriculum, summaries or any other printed or electronic description of each class, rotation or internship that the Plaintiff enrolled in or was assigned to at Washington University and/or Barnes.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "any other printed or electronic description of each class, rotation or internship that the Plaintiff enrolled in or was assigned to," is vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:** Subject to and without waiving the foregoing objections, University Defendants will produce documents describing the Anesthesiology Residency Program, rotation objectives and guides, and handbooks and policies with information responsive to this request.

22.     All evaluations, mid-year evaluations, year-end evaluations, and/or summative evaluations of Plaintiff in any rotation and/or program.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the term "evaluations," is repetitive, vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, and disproportionate to the

8

importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:** Subject to and without waiving the foregoing objections, University Defendants have produced and will produce all formal written evaluations of plaintiff in his residency file.

23.     All Documents generated by the Program Director concerning or relating to Plaintiff's being offered a position in the Washington University residency program, his performance as a resident, or his laboratory.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "All Documents generated by the Program Director concerning or relating to Plaintiff's," is repetitive, vague, ambiguous, overly broad, unduly burdensome, and irrelevant to any claim or defense, assumes facts not in evidence, and is disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.   University Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege and work product doctrine.

**RESPONSE:** Subject to and without waiving the foregoing objections, University Defendants have produced and will produce documents responsive to this request.

24.     All residency guidelines and/or handbooks and/or manuals issued to or available to Plaintiff during his time at Washington University and/or Barnes.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "issued to or available to Plaintiff," is vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:**  Subject to and without waiving the foregoing objections, University Defendants will produce responsive handbooks, rules, policies, guides, and objectives.

25.     The Staff Manual, House Rules, or similar guidelines that applied to anesthesiology residents at any time in the period between July 2016 and July 2018.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "similar guidelines," is vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:**  Subject to and without waiving the foregoing objections, University Defendants will produce responsive handbooks, rules, policies, guides, and objectives.

26.     All Documents, including but not limited to, memos, correspondence, letters, reports or emails, in the possession of, considered by, or accessible to any Clinical Competence Committee(s) concerning Jeffery Weissman.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the term "accessible to any Clinical Competence Committee," is vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:**  Subject to and without waiving the foregoing objections, University Defendants have produced and will produce rotation evaluations, minutes and other documents responsive to this request.

27.     All Documents concerning any investigation made by You in response to Plaintiff's complaints of harassment and/or unfair treatment.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the term "investigation by You in response to Plaintiff's complaints of harassment and/or unfair treatment," is argumentative, assumes facts not in evidence, vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues. University Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege and work product doctrine.

**RESPONSE:**  Subject to and without waiving the foregoing objections, University Defendants have produced and will produce emails from plaintiff referencing unfair treatment and emails between individual Defendants relating to plaintiff's references to unfair treatment.

28.     All records in your possession or available to you concerning the Plaintiff, including, but not limited to his education and employment.

> **OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "All records" and "available to you concerning the Plaintiff," is repetitive, vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

> **RESPONSE:**  Subject to and without waiving the foregoing objections, University Defendants will produce plaintiff's residency file.

29.     All guidelines, rules, suggestions, or other writings that govern the assignment of evaluation levels in residency rotations.

> **OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "suggestions," "other writings," and "govern the assignment of evaluation levels," is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

> **RESPONSE:**  Subject to and without waiving the foregoing objections, University Defendants have produced and will produce rotation evaluations, rotation objectives and guides, and handbooks and policies believed to be responsive to this request.

30.     Produce all documents for the period from January 1, 2015 through the present concerning or relating to residents in the Anesthesiology Residency with passing test grades and clinical performance evaluations being failed, required to repeat a rotation, required to repeat a year of residency, or being terminated from the Anesthesiology Residency program for having core competency or milestone deficiencies.

> **OBJECTION:**  University Defendants object to this interrogatory because it, and including, but not limited to, the terms "concerning or relating to residents in the Anesthesiology Residency," is vague, ambiguous, overly broad, unduly burdensome, harassing, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance

of the discovery in resolving those issues.  University Defendants further object to this interrogatory because it seeks information regarding other residents and is therefore confidential information protected by those third parties' fundamental rights to privacy. *See State of Missouri ex rel. Delmar Gardens North Operating, LLC v. Gaertner*, 239 S.W.3d 608 (Mo. banc 2007).

31.     Produce all evaluations, mid-year evaluations, year-end evaluations, and/or summative evaluations of all residents in the Anesthesiology Residency program for the period from July 1, 2015 to the present.

> **OBJECTION:**  University Defendants object to this interrogatory because it, and including, but not limited to, the terms "evaluations" and "all residents in the Anesthesiology Residency program," is vague, ambiguous, overly broad, unduly burdensome, harassing, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.  University Defendants further object to this interrogatory because it seeks information regarding other residents and is therefore confidential information protected by those third parties' fundamental rights to privacy.  *See State of Missouri ex rel. Delmar Gardens North Operating, LLC v. Gaertner*, 239 S.W.3d 608 (Mo. banc 2007).

32.     All records in your possession or available to you concerning the Plaintiff, including, but not limited to his education and employment.

> **OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "All records" and "available to you concerning the Plaintiff," is repetitive, vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

> **RESPONSE:**  Subject to and without waiving the foregoing objections, see the response to Request #28.

33.     All Documents concerning or relating to Plaintiff's Lab.

> **OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "concerning or relating to Plaintiff's Lab," is vague, ambiguous, overly broad, unduly burdensome, and irrelevant to any claim or defense, assumes facts not in evidence, and is disproportionate to the importance of the issues at

stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:** Subject to and without waiving the foregoing objections, University Defendants have produced and will produce documents relating to communications between plaintiff, David Sinow, Dr. Alex Evers, Dr. Evan Kharasch, Dr. Pam Woodard, and others relating to his company's laboratory.

34.     All Documents concerning or reflecting any communication between the Department of Anesthesiology and the Department of Radiology concerning Plaintiff's Lab (before or after Plaintiff operated the Lab).

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "concerning Plaintiff's Lab (before or after Plaintiff operated the Lab)," is vague, ambiguous, overly broad, unduly burdensome, and irrelevant to any claim or defense, assumes facts not in evidence, and is disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:**  Subject to and without waiving the foregoing objections, University Defendants have produced documents relating to communications between Dr. Alex Evers and Dr. Richard Wahl relating to plaintiff's company's laboratory.

35.     All Documents recording or reflecting the equipment or supplies of the Lab as of March 2017.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "equipment or supplies of the Lab as of March 2017," is vague, ambiguous, overly broad, unduly burdensome, and irrelevant to any claim or defense, assumes facts not in evidence, and is disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.     University Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege and work product doctrine.

**RESPONSE:** Subject to and without waiving the foregoing objections, plaintiffs would have possession of any such documents.

36.    All Documents recording or reflecting the drawings, specifications, work process papers or other Intellectual Property of the Lab as of March 2017.

> **OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "drawings, specifications, work process papers or other Intellectual Property of the Lab as of March 2017," is vague, ambiguous, overly broad, unduly burdensome, and irrelevant to any claim or defense, assumes facts not in evidence, and is disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

> **RESPONSE:**  Subject to and without waiving the foregoing objections, plaintiffs would have possession of any such documents.

37.    All Documents reflecting who paid the wages or salaries of persons employed in the Lab from March 2017 and through the present.

> **OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "the Lab from March 2017 and through the present," is vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, assumes facts not in evidence, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues in that, to University Defendants' knowledge, plaintiff's company's lab ceased operations after plaintiff donated the lab's equipment to the Department of Radiology for use in its 3-D printing center.  University Defendants further object to this interrogatory because it seeks information regarding other University employees and is therefore confidential information protected by those third parties' fundamental rights to privacy.  *See State of Missouri ex rel. Delmar Gardens North Operating, LLC v. Gaertner*, 239 S.W.3d 608 (Mo. banc 2007).

38.    Any and all grant applications submitted for work or projects to be conducted or that are being conducted in the Lab since the spring of 2016 through the present.

> **OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "being conducted in the lab since the spring of 2016 through the present," is vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, assumes facts not in evidence, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues in that, to University Defendants' knowledge, plaintiff's company's lab ceased operations after plaintiff donated the lab's equipment to the Department of Radiology for use in its 3-D printing center.

**RESPONSE:**  Subject to and without waiving the foregoing objections, plaintiffs would have possession of any such documents beginning in spring of 2016.

39.    Any and all records indicating monetary payments to the Lab received since the spring of 2016.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "being conducted in the lab since the spring of 2016 through the present," is vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, assumes facts not in evidence, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues in that, to University Defendants' knowledge, plaintiff's company's lab ceased operations after plaintiff donated the lab's equipment to the Department of Radiology for use in its 3-D printing center.

**RESPONSE:**  Subject to and without waiving the foregoing objections, plaintiffs would have possession of any such documents beginning in spring of 2016.  In further response, University Defendants will produce, subject to the entry of a protective order, a statement of revenues and expenses for the Department of Radiology's 3-D printing center for fiscal years 2017 to 2020.

40.    Copies of any and all patent applications submitted relative to projects performed in or conducted by the Lab since the spring of 2016.

**OBJECTION:**   University Defendants object to this request because it, and including, but not limited to, the terms "being conducted in the lab since the spring of 2016 through the present," is vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, assumes facts not in evidence, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues in that, to University Defendants' knowledge, plaintiff's company's lab ceased operations after plaintiff donated the lab's equipment to the Department of Radiology for use in its 3-D printing center.

**RESPONSE:**  Subject to and without waiving the foregoing objections, plaintiffs would have possession of any such documents beginning in spring of 2016.  In further response, University Defendants state that no intellectual property has been developed by the Department of Radiology's 3-D printing center.

41.    Any Documents concerning or reflecting the names, and earnings of all persons employed in or contracted to work with, the Lab between the spring of 2016 and the present.

> **OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "the Lab from March and through the present," is vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, assumes facts not in evidence, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues in that, to University Defendants' knowledge, plaintiff's company's lab ceased operations after plaintiff donated the lab's equipment to the Department of Radiology for use in its 3-D printing center.  University Defendants further object to this interrogatory because it seeks information regarding other University employees and is therefore confidential information protected by those third parties' fundamental rights to privacy.  *See State of Missouri ex rel. Delmar Gardens North Operating, LLC v. Gaertner*, 239 S.W.3d 608 (Mo. banc 2007).

42.    All Documents related to research performed by the Lab or its employees for the period from January 1, 2016 to the present.

> **OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "being conducted in the lab since the spring of 2016 through the present," is vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, assumes facts not in evidence, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues in that, to University Defendants' knowledge, plaintiff's company's lab ceased operations after plaintiff donated the lab's equipment to the Department of Radiology for use in its 3-D printing center.

> **RESPONSE:**  Subject to and without waiving the foregoing objections, plaintiffs would have possession of any such documents beginning in spring of 2016.

43.    All research conducted by Plaintiff in your possession or accessible to you.

> **OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "All research conducted" and "accessible to you," is vague, ambiguous, overly broad, unduly burdensome, and irrelevant to any claim or defense, assumes facts not in evidence, and is disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

> **RESPONSE:**  Subject to and without waiving the foregoing objections, plaintiffs would have possession of any such documents.

44.     Any and all policies of insurance that may apply to the allegations of the complaint.

**RESPONSE:**  University Defendants state that no insurance policy is believed to be applicable.

45.     Copies of any material that you will use as exhibits at deposition or trial.

**OBJECTION:**  University Defendants object to this request because it seeks information protected by the work product doctrine.

**RESPONSE:**  Subject to and without waiving the foregoing objections, University Defendants reserve the right to use any document produced by any party or third party, any responses to discovery, and any pleading filed as a deposition exhibits.  Regarding trial exhibits, University Defendants will submit a list of their trial exhibits in accordance with the Court's Case Management Order.

46.     All curriculum vitae or list of credentials of all expert witnesses you intend to call at trial.

**OBJECTION:**   University Defendants object to this request to the extent it seeks information beyond that required to be disclosed by Fed. R. Civ. P. 26(a)(2).

**RESPONSE:**  Subject to and without waiving the foregoing objections, University Defendants will provide a curriculum vitae or qualifications for any expert witnesses who must provide a report as required by Fed. R. Civ. P. 26(a)(2).

47.     The complete files concerning or relating to this case of all Rule 26(a)(2) experts you intend to call at trial.

**OBJECTION:**  University Defendants object to this request because it seeks information protected by the work product doctrine and to the extent it seeks information beyond that required to be disclosed by Fed. R. Civ. P. 26(a)(2) and (b)(4).

**RESPONSE:**  Subject to and without waiving the foregoing objections, University Defendants will provide reports and documents for any expert witnesses as required by Fed. R. Civ. P. 26(a)(2) and (b)(4).

48.     All documents reviewed by any Rule 26(a)(2) you intend to call at trial.

**OBJECTION:**  University Defendants object to this request because it seeks information protected by the work product doctrine and to the extent it seeks information beyond that required to be disclosed by Fed. R. Civ. P. 26(a)(2) and (b)(4).  University Defendants further object to this request because it, and including, but not limited to, the terms "any Rule 26(a)(2)" is vague, ambiguous, and confusing.

**RESPONSE:**  Subject to and without waiving the foregoing objections, University Defendants will provide reports and documents for any expert witnesses as required by Fed. R. Civ. P. 26(a)(2) and (b)(4).

49.    All codes, standards, rules, regulations, guidelines, or other similar documents, whether official or unofficial, which are germane to the occurrence(s), object(s) or parties of the lawsuit; including in this disclosure a reference to the specific section, subsection, paragraph, subparagraph or page of the disclosed documents.

**OBJECTION:**  University Defendants object to this request because it seeks information protected by the work product doctrine.  University Defendants further object to this request because it, and including, but not limited to, the terms "codes, standards, rules, regulations, guidelines, or other similar documents, whether official or unofficial, which are germane to the occurrence(s), object(s) or parties of the lawsuit," is vague, ambiguous, overly broad, unduly burdensome, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

**RESPONSE:**  Subject to and without waiving the foregoing objections, see the documents produced in response to Requests #24 and #25.

50.    All employee deposition transcripts, all trial transcripts, all disclosed liability expert witness reports, all disclosed liability expert witness depositions, the files of all your disclosed liability expert witnesses produced or made available in discovery, all filed discovery responses, all company documents offered at trial as substantive or demonstrative exhibits; all filed motions, all trial orders on motions to dismiss, all trial orders on motions for summary judgment, all trial orders on motions in limine, and all final jury instructions in any prior lawsuit involving You which alleged unfair treatment in a residency program.

**OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "any prior lawsuit involving You which alleged unfair treatment in a residency program," is overly broad, unduly burdensome, unlimited as to time, harassing, irrelevant to any claim or defense, and disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.

51.     All text, treatises, articles or other reference source, which the answering party's opinion witness(es) is relying upon, in whole or in part, specifically designating the section, paragraph or page in any of the disclosed documents, and identifying the specific witness relying upon the disclosed documents and the specific opinion to which the document(s) applies;

**OBJECTION:**  University Defendants object to this request because it seeks information protected by the work product doctrine and to the extent it seeks information beyond that required to be disclosed by Fed. R. Civ. P. 26(a)(2) and (b)(4).

**RESPONSE:**  Subject to and without waiving the foregoing objections, University Defendants will provide reports and documents for any expert witnesses as required by Fed. R. Civ. P. 26(a)(2) and (b)(4).

52.     All other Documents of any kind which reflect or purport to reflect the expert opinions of any expert witnesses you intend to call at trial; including but not limited to all letters, notes, memoranda, records, recordings, tests or summaries;

**OBJECTION:**  University Defendants object to this request because it seeks information protected by the work product doctrine and to the extent it seeks information beyond that required to be disclosed by Fed. R. Civ. P. 26(a)(2) and (b)(4).

**RESPONSE:**  Subject to and without waiving the foregoing objections, University Defendants will provide reports and documents for any expert witnesses as required by Fed. R. Civ. P. 26(a)(2) and (b)(4).

53.     Copies of all articles, treatises, books or other documents which will be used at any deposition or at the trial of this cause;

**OBJECTION:**  University Defendants object to this request because it is repetitive and seeks information protected by the work product doctrine.

**RESPONSE:** Subject to and without waiving the foregoing objections, University Defendants reserve the right to use any document produced by any party or third party, any responses to discovery, and any pleading filed as a deposition exhibits. Regarding trial exhibits, University Defendants will submit a list of their trial exhibits in accordance with the Court's Case Management Order.

54.     All documents containing statements, utterances or communication (whether written or oral, signed or unsigned, verbatim or narrative), of a party to any person other than that party's attorney regarding any fact or issue concerning liability or damages in this case.

**OBJECTION:** University Defendants object to this request because it, and including, but not limited to, the terms "regarding any fact or issue concerning liability or damages," is repetitive, vague, ambiguous, overly broad, unduly burdensome, and irrelevant to any claim or defense, assumes facts not in evidence, and is disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues. University Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege and work product doctrine.

**RESPONSE:** Subject to and without waiving the foregoing objections, University Defendants will produce any statements as required by Fed. R. Civ. P. 26(b)(3)(C).

55.     All documents containing any statements, utterances or communication of any witness other than a party (whether written or oral, signed or unsigned, verbatim or narrative), regarding any fact or issue concerning liability or damages in this case.

**OBJECTION:** University Defendants object to this request because it, and including, but not limited to, the terms "regarding any fact or issue concerning liability or damages," is repetitive, vague, ambiguous, overly broad, unduly burdensome, and irrelevant to any claim or defense, assumes facts not in evidence, and is disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues. University Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege and work product doctrine.

**RESPONSE:** Subject to and without waiving the foregoing objections, University Defendants will produce any statements as required by Fed. R. Civ. P. 26(b)(3)(C).

56.     All Documents authored or generated by any named Defendant or their employees or agents relating to the occurrence(s) or object(s) described in Plaintiffs' complaint;

> **OBJECTION:**  University Defendants object to this request because it, and including, but not limited to, the terms "their employees or agents" and "relating to the occurrence(s) or object(s) described in Plaintiffs' complaint," is repetitive, vague, ambiguous, overly broad, unduly burdensome, and irrelevant to any claim or defense, assumes facts not in evidence, and is disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.   University Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege and work product doctrine.

> **RESPONSE:**  Subject to and without waiving the foregoing objections, University Defendants have produced and will produce documents relating to plaintiff's performance as a resident and his resignation authored by individual defendants and other members of the leadership of the Anesthesiology Residency Program.

57.     All Documents authored or generated by the Plaintiff other than those produced by Plaintiff in this litigation.

> **OBJECTION:**  University Defendants object to this request because it is repetitive, vague, ambiguous, overly broad, unduly burdensome, and irrelevant to any claim or defense, assumes facts not in evidence, and is disproportionate to the importance of the issues at stake, the parties' relative access to relevant information, and the importance of the discovery in resolving those issues.   University Defendants further object to this request as premature because plaintiff has not produced any documents in this litigation.

SHANDS, ELBERT, GIANOULAKIS & GILJUM, LLP

_(signature)_

Mark J. Bremer #24696MO
Kevin Anthony Sullivan #55140MO
1 North Brentwood Blvd., Suite 800
St. Louis, MO 63105
(314) 241-3963
(314) 241-2509 (fax)
mbremer@shandselbert.com
ksullivan@shandselbert.com

Attorneys for Washington University defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of January, 2021, the foregoing was e-mailed to Edward R. Moor, Moor Law Office, P.C., One N. LaSalle St., Suite 600, Chicago, IL 60602 and David R. Bohm, Danna McKitrick, P.C., 7701 Forsyth Blvd., Suite 700, St. Louis, MO 63105, attorneys for plaintiff; and Kate Leveque and Carrie Claiborne, Husch Blackwell, LLP, 190 Carondelet Plaza, Suite 600, St. Louis, MO 63105, attorneys for Barnes-Jewish Hospital defendants.

_(signature)_