# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEFFERY WEISMAN and STRATEGIC BIOMEDICAL, INC., | )<br>)<br>) |
| Plaintiffs, | )  Case No. 4:19-cv-00075-JAR |
| v. | )<br>)<br>) |
| BARNES JEWISH-HOSPITAL,<br>BJC HEALTHCARE, WASHINGTON<br>UNIVERSITY, DR. ALEX EVERS,<br>DR. RICHARD BENZINGER, and<br>DR. THOMAS COX, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### DEFENDANT BARNES-JEWISH HOSPITAL'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INITIAL RULE 34 REQUESTS FOR PRODUCTION

Defendant Barnes-Jewish Hospital ("BJH") responds to Plaintiffs' Initial Rule 34 Request to Produce as follows.

### REQUESTS FOR PRODUCTION

1. All Documents you disclosed in your initial or supplemental Rule 26(a)(1) Disclosure(s).

**RESPONSE**: *See* **Bates labeled documents BJH000001-0000106.**

2. All documents relied upon in forming the basis for, or otherwise supporting, the allegations contained in your most recent Answer and Affirmative Defenses.

**RESPONSE**: **BJH objects to request no. 2 as overly broad and as seeking information that is privileged or subject to the work product doctrine. Subject to and without waiving any objections, BJH is producing all non-privileged documents in its possession relied upon to support its most recent Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint.**

3. All Documents relied upon in preparation for answering, or responsive to Plaintiff's interrogatories to You.

**RESPONSE**: **BJH objects to request no. 3 as overly broad and as seeking information that is privileged or subject to the work product doctrine. Subject to and without waiving any objections, BJH is producing all non-privileged documents in its possession relied upon to respond to Plaintiff's interrogatories to BJH.** *See* **Bates labeled documents BJH000XX-000XX.**

4. All Documents relating to, received from, or sent to the Plaintiff concerning or relating to the laboratory which Plaintiff brought with him to Washington University.

**RESPONSE**: **BJH objects to request no. 4 as vague and ambiguous as to the phrase "the laboratory which Plaintiff brought with him." Subject to and without waiving any objection, BJH has no non-privileged documents in its possession responsive to this request.**

5. All Documents relating to, received from, or sent to the Plaintiff concerning or relating to his being offered a position as a resident in the Anesthesiology residency program at Washington University.

**RESPONSE**:  *See* **Bates labeled documents BJH000001-000106.**

6. All Documents relating to, received from, or sent to the Plaintiff concerning or relating to his performance as a resident at Washington University.

**RESPONSE**:  *See* **Bates labeled documents BJH000001-000140.**

7. All email, correspondence, memorandums, notes, text messages, instant messages, voicemails, reports, or other communication you received from Plaintiff or that You sent or forwarded to the Plaintiff concerning or relating to either his laboratory, his being offered a position as a resident or his performance as a resident.

**RESPONSE**: **BJH objects to request no. 7 as overly broad, as seeking privileged information, and vague and ambiguous as to the term Plaintiff's "laboratory." Subject to and without waiving any objections, BJH is producing all non-privileged communications in its possession received from or sent to Plaintiff concerning or relating to a laboratory, the offer to him of a position as resident, and his performance as a resident, for the following custodians: (1) Dr. Katherine Henderson; (2) Terra Mouser; and (3) Nicole Erter.**

8. All email, correspondence, memorandums, notes, text messages, instant messages, voicemails, reports, or other communication received from or sent by other Washington University and/or Barnes attending physicians, staff, employees or students concerning or relating to either Plaintiff's laboratory, his being offered a position as a resident or his performance as a resident.

**RESPONSE**: **BJH objects to request no. 8 as overly broad, not proportional to the needs of the case, as seeking information that is privileged or subject to the work product doctrine, and vague and ambiguous as to the term Plaintiff's "laboratory." Subject to and without waiving any objections, BJH is producing non-privileged communications in its possession concerning or relating to Plaintiff's laboratory, his being offered a position as a resident, or his performance as a resident, based on a search of the following custodians' electronically stored communications: (1) Dr. Katherine Henderson; (2) Terra Mouser; and (3) Nicole Erter.**

9. All other "Documents" as defined above submitted to or received by You that concern or relate to Plaintiff's laboratory, his being offered a position as a resident or his performance as a resident.

**RESPONSE**: **BJH objects to request no. 9 as vague and ambiguous as to the term Plaintiff's "laboratory." Subject to and without waiving any objections, BJH is producing non-privileged documents in its possession that concern or relate to Plaintiff's laboratory, his being offered a position as a resident, or his performance as a resident.**

10. All Documents authored by Plaintiff in Your possession.

**RESPONSE**: **BJH objects to request no. 10 as overly broad and not proportional to the needs of the case. Subject to and without waiving any objections, BJH is producing non-privileged documents in its possession, which it understands to be authored by Plaintiff Weisman.**

11. All Documents containing communications between You and any other medical school, hospital, or residency program about or concerning Plaintiff at any time.

**RESPONSE**: **BJH objects to request no. 11 as overly broad and not proportional to the needs of the case. Subject to and without waiving any objections, BJH has no documents responsive to request no. 11.**

12. All documents in any Defendants' possession, or available to them, concerning or relating to the allegations in the Complaint or the Answer other than attorney-client communications or material subject to the work product doctrine.

**RESPONSE**: **BJH objects to request no. 12 as overly broad in seeking documents in *any* Defendants' possession and not proportional to the needs of the case. Subject to and without waiving any objections, BJH is producing non-privileged communications in its possession concerning or relating to the allegations in the Complaint and BJH's Answer.**

13. All Documents reflecting communications with the Plaintiff and/or his spouse, and/or his associates, prior to his enrollment in Washington University.

**RESPONSE**: **BJH objects to request no. 13 as overly broad, not proportional to the needs of the case, and vague and ambiguous as to the term "[Plaintiff's] associates," and as seeking documents equally accessible to Plaintiffs. Subject to and without waiving any objections, BJH is producing documents in its possession reflecting communications with Plaintiff and/or his spouse, based on a search of the following custodians' electronically stored communications: (1) Dr. Katherine Henderson; (2) Terra Mouser; and (3) Nicole Erter.**

14. All Documents reflecting or concerning payment of travel expenses, meals, and lodging for Plaintiff and/or his spouse prior to his enrollment in Washington University.

**RESPONSE**: **BJH objects to request no. 14 as overly broad, seeking irrelevant information, and not proportional to the needs of the case. Subject to and without waiving any objections, BJH has no documents responsive to request no. 14.**

15. Plaintiff's complete residency file.

**RESPONSE**: **BJH objects to request no. 15 as vague and ambiguous as to the term "complete residency file." Subject to and without waiving any objections, BJH is producing any non-privileged documents in its possession relating to Plaintiff's participation in the anesthesiology residency program (the "Program").**

16. Plaintiff's official transcript.

**RESPONSE**: **BJH objects to request no. 16 as vague and ambiguous as to the term "official transcript," as overly broad, and as not proportional to the needs of this case. Subject to and without waiving any objections, BJH is producing any of Plaintiff's transcripts in its possession.**

17. All drafts of Plaintiff's transcript(s).

**RESPONSE**:  **BJH objects to request no. 17 as vague and ambiguous as to the term "transcript," as overly broad, and as not proportional to the needs of this case. Subject to and without waiving any objections, BJH is producing any of Plaintiff's transcripts in its possession.**

18. All quizzes and tests taken by Plaintiff.

**RESPONSE**:  **BJH objects to request no. 18 as vague and ambiguous as to what "quizzes and tests" Plaintiff would have taken. Subject to and without waiving any objections, BJH has no documents responsive to request no. 18.**

19. All Documents concerning any evaluation of Plaintiff in the residency program(s) operated or managed, in any way, by You.

**RESPONSE**:  **BJH objects to request no. 19 as vague and ambiguous as to the terms "residency program(s)" and "operated or managed, in any way, by You." Subject to and without waiving any objections, BJH does not evaluate residents' performance in the Program, which is managed by the University. Accordingly, BJH has no documents responsive to request no. 19.**

20. All Documents concerning any evaluation of Plaintiff in the rotations operated or managed, in any way, by You.

**RESPONSE**:  **BJH objects to request no. 20 as vague and ambiguous as to the terms "rotations" and "operated or managed, in any way, by You." Subject to and without waiving any objections, BJH does not manage the evaluation of residents' performance in the Program, which is managed by the University. Accordingly, BJH has no documents responsive to request no. 20.**

21. Descriptions, curriculum, summaries or any other printed or electronic description of each class, rotation or internship that the Plaintiff enrolled in or was assigned to at Washington University and/or Barnes.

**RESPONSE**:  **BJH objects to request no. 21 as vague and ambiguous as to the terms "curriculum" and "summaries." Subject to and without waiving any objections, BJH does not manage the Program or maintain records of residents' courses or rotations within the Program, which is managed by the University. Accordingly, BJH has no documents responsive to request no. 21.**

22. All evaluations, mid-year evaluations, year-end evaluations, and/or summative evaluations of Plaintiff in any rotation and/or program.

**RESPONSE**: **BJH objects to request no. 22 as vague and ambiguous as to the term "evaluations," and as overly broad. Subject to and without waiving any objections, BJH does not evaluate residents' performance in the Program or maintain records of residents' evaluations within the Program, which is managed by the University. Accordingly, BJH has no documents responsive to request no. 22.**

23. All Documents generated by the Program Director concerning or relating to Plaintiff's being offered a position in the Washington University residency program, his performance as a resident, or his laboratory.

**RESPONSE**: **BJH objects to request no. 23 as overly broad and vague and ambiguous as to the phrase "generated by the Program Director." Subject to and without waiving any objections, BJH does not employ the Program Director, manage the Program, or maintain records related to offers made to residents for participation in the Program, which is managed by the University. Accordingly, BJH has no documents responsive to request no. 23.**

24. All residency guidelines and/or handbooks and/or manuals issued to or available to Plaintiff during his time at Washington University and/or Barnes.

**RESPONSE**: **BJH objects to request no. 24 as overly broad and vague and ambiguous as to the terms "guidelines and/or handbooks and/or manuals." Subject to and without waiving any objections, BJH is producing the guidelines and policies it made available to residents, including Plaintiff, between June 2016 and July 2018.**

25. The Staff Manual, House Rules, or similar guidelines that applied to anesthesiology residents at any time in the period between July 2016 and July 2018.

**RESPONSE**: **BJH objects to request no. 25 as overly broad and as vague and ambiguous as to the terms "Staff Manual," "House Rules," or "similar guidelines." Subject to and without waiving any objections, BJH provides residents with rules and guidelines in the Memorandum of Appointment, and access to relevant employment policies, which it is producing.**

26. All Documents, including but not limited to, memos, correspondence, letters, reports or emails, in the possession of, considered by, or accessible to any Clinical Competence Committee(s) concerning Jeffery Weisman.

**RESPONSE**: **BJH objects to request no. 26 as overly broad and as vague and ambiguous as to the term "Clinical Competence Committee(s)." Subject to and without waiving any objections, BJH does not manage or operate a "Clinical Competence**

**Committee" related to Anesthesiology residents in the Program. Accordingly, BJH has no documents responsive to request no. 26.**

27. All Documents concerning any investigation made by You in response to Plaintiff's complaints of harassment and/or unfair treatment.

**RESPONSE**: **BJH objects to request no. 27 as overly broad, seeking irrelevant information, and as vague and ambiguous as to the phrase "complaints of harassment and/or unfair treatment," and to the assertion that Plaintiff made complaints of harassment or unfair treatment to anyone at BJH. Subject to and without waiving any objections, BJH is producing documents related to Nicole Erter's meeting with Plaintiff on January 10, 2018 and their related follow-up communications.**

28. All records in your possession or available to you concerning the Plaintiff, including, but not limited to his education and employment.

**RESPONSE**: **BJH objects to request no. 28 as overly broad, seeking irrelevant information, and as duplicative of earlier requests. Subject to and without waiving any objections, BJH is producing all non-privileged documents in its possession concerning Plaintiff.**

29. All guidelines, rules, suggestions, or other writings that govern the assignment of evaluation levels in residency rotations.

**RESPONSE**: **BJH objects to request no. 29 as overly broad and vague and ambiguous as to the phrase "govern the assignment of evaluation levels." Subject to and without waiving any objections, BJH does not manage the evaluation of residents in the Program, which is managed by the University. Accordingly, BJH has no documents responsive to request no. 29.**

30. Produce all documents for the period from January 1, 2015 through the present concerning or relating to residents in the Anesthesiology Residency with passing test grades and clinical performance evaluations being failed, required to repeat a rotation, required to repeat a year of residency, or being terminated from the Anesthesiology Residency program for having core competency or milestone deficiencies.

**RESPONSE**: **BJH objects to request no. 30 as overly broad, not properly limited in time, seeking irrelevant information, seeking confidential information about third parties who have no connection to this matter, in violation of those third parties' fundamental right to privacy, and vague and ambiguous as to the terms "passing test grades," "core**

4840-9238-3186.1                                7

**competency," and "milestone deficiencies." Subject to and without waiving any objections, BJH does not evaluation of residents' performance in the Program or maintain records of residents' competency, evaluations, or reasons for not completing the Program. Accordingly, BJH has no documents responsive to request no. 30.**

31. Produce all evaluations, mid-year evaluations, year-end evaluations, and/or summative evaluations of all residents in the Anesthesiology Residency program for the period from July 1, 2015 to the present.

**RESPONSE**: **BJH objects to request no. 31 as overly broad, not properly limited in time, seeking irrelevant information, and seeking confidential information about third parties who have no connection to this matter, in violation of those third parties' fundamental right to privacy.**

32. All records in your possession or available to you concerning the Plaintiff, including, but not limited to his education and employment.

**RESPONSE**:  *See* **response to request no. 28.**

33. All Documents concerning or relating to Plaintiff's Lab.

**RESPONSE**:  **BJH has no documents responsive to request no. 33.**

34. All Documents concerning or reflecting any communication between the Department of Anesthesiology and the Department of Radiology concerning Plaintiff's Lab (before or after Plaintiff operated the Lab).

**RESPONSE**:  **BJH has no documents responsive to request no. 34.**

35. All Documents recording or reflecting the equipment or supplies of the Lab as of March 2017.

**RESPONSE**:  **BJH has no documents responsive to request no. 35.**

36. All Documents recording or reflecting the drawings, specifications, work process papers or other Intellectual Property of the Lab as of March 2017.

**RESPONSE**:  **BJH has no documents responsive to request no. 36.**

37. All Documents reflecting who paid the wages or salaries of persons employed in the Lab from March 2017 and through the present.

**RESPONSE**:  **BJH has no documents responsive to request no. 37.**

38. Any and all grant applications submitted for work or projects to be conducted or that are being conducted in the Lab since the spring of 2016 through the present.

**RESPONSE**:  **BJH has no documents responsive to request no. 38.**

39. Any and all records indicating monetary payments to the Lab received since the spring of 2016.

**RESPONSE**:  **BJH has no documents responsive to request no. 39.**

40. Copies of any and all patent applications submitted relative to projects performed in or conducted by the Lab since the spring of 2016.

**RESPONSE**:  **BJH has no documents responsive to request no. 40.**

41. Any Documents concerning or reflecting the names, and earnings of all persons employed in or contracted to work with, the Lab between the spring of 2016 and the present.

**RESPONSE**:  **BJH has no documents responsive to request no. 41.**

42. All Documents related to research performed by the Lab or its employees for the period from January 1, 2016 to the present.

**RESPONSE**:  **BJH has no documents responsive to request no. 42.**

43. All research conducted by Plaintiff in your possession or accessible to you.

**RESPONSE**: **BJH objects to request no. 43 as vague and ambiguous as to what research Plaintiff would have conducted and the phrase "research conducted by Plaintiff." Subject to and without waiving any objections, BJH is not aware of any research conducted by Plaintiff in BJH's possession. Accordingly, BJH has no documents responsive to request no. 43.**

44. Any and all policies of insurance that may apply to the allegations of the complaint.

**RESPONSE:** **BJH objects to request no. 44 as overly broad, seeking irrelevant information, and not proportional to the needs of the case. Subject to and without waiving any objections, BJH is producing a copy of the declaration pages of its insurance policy that may be applicable to this case.**

45. Copies of any material that you will use as exhibits at deposition or trial.

**RESPONSE:** **BJH objects to this request as premature. BJH will provide exhibits before any deposition or trial, as required by the federal rules of civil procedure or any applicable court order. BJH will supplement this response as necessary.**

46. All curriculum vitae or list of credentials of all expert witnesses you intend to call at trial.

**RESPONSE**: **BJH objects to this request as premature. To date, BJH has not retained any expert witnesses to testify at trial of this matter and accordingly has no documents responsive to request no. 46. BJH will supplement this response as necessary.**

47. The complete files concerning or relating to this case of all Rule 26(a)(2) experts you intend to call at trial.

**RESPONSE**: **BJH objects to this request as premature. To date, BJH has not retained any expert witnesses to testify at trial of this matter and accordingly has no documents responsive to request no. 46. BJH will supplement this response as necessary.**

48. All documents reviewed by any Rule 26(a)(2) you intend to call at trial.

**RESPONSE**: **BJH objects to this request as premature. To date, BJH has not retained any expert witnesses to testify at trial of this matter and accordingly has no documents responsive to request no. 46. BJH will supplement this response as necessary.**

49. All codes, standards, rules, regulations, guidelines, or other similar documents, whether official or unofficial, which are germane to the occurrence(s), object(s) or parties of the lawsuit; including in this disclosure a reference to the specific section, subsection, paragraph, subparagraph or page of the disclosed documents.

**RESPONSE**: **BJH objects to request no. 49 as overly broad, seeking irrelevant information, not proportional to the needs of this case, and as vague and ambiguous as to the terms "standards," "guidelines," "official," "unofficial," and "occurrence(s)." Subject to and without waiving any objections, BJH is not aware of any documents in its possession, which are responsive to request no. 49.**

50. All employee deposition transcripts, all trial transcripts, all disclosed liability expert witness reports, all disclosed liability expert witness depositions, the files of all your disclosed liability expert witnesses produced or made available in discovery, all filed discovery responses, all company documents offered at trial as substantive or demonstrative exhibits; all filed motions, all trial orders on motions to dismiss, all trial orders on motions for summary judgment, all trial orders on motions in limine, and all final jury instructions in any prior lawsuit involving You which alleged unfair treatment in a residency program.

**RESPONSE**: **BJH objects to request no. 50 as overly broad, not properly limited in time or scope, seeking irrelevant information, not proportional to the needs of this case, seeking confidential information about third parties who have no connection to this matter, in violation of those third parties' fundamental right to privacy, and seeking information publicly available and accessible to Plaintiffs.**

51. All text, treatises, articles or other reference source, which the answering party's opinion witness(es) is relying upon, in whole or in part, specifically designating the section, paragraph or page in any of the disclosed documents, and identifying the specific witness relying upon the disclosed documents and the specific opinion to which the document(s) applies;

**RESPONSE**: **BJH objects to request no. 51 as premature, overly broad, seeking irrelevant information, and as not proportional to the needs of this case. BJH will provide witness lists and exhibits before trial, as required by the federal rules of civil procedure or any applicable court order.**

52. All other Documents of any kind which reflect or purport to reflect the expert opinions of any expert witnesses you intend to call at trial; including but not limited to all letters, notes, memoranda, records, recordings, tests or summaries.

**RESPONSE**: **BJH objects to request no. 52 as premature, overly broad, and as not proportional to the needs of this case. Subject to and without waiving any objections, to date, BJH has not retained any expert witnesses to testify at trial of this matter and accordingly has no documents responsive to request no. 52. BJH will supplement this response as necessary.**

53. Copies of all articles, treatises, books or other documents which will be used at any deposition or at the trial of this cause.

**RESPONSE:**  **BJH objects to request no. 53 as premature.  BJH will provide documents before any deposition or trial, as required by the federal rules of civil procedure or any applicable court order.  BJH will supplement this response as necessary.**

54. All documents containing statements, utterances or communication (whether written or oral, signed or unsigned, verbatim or narrative), of a party to any person other than that party's attorney regarding any fact or issue concerning liability or damages in this case.

**RESPONSE**: **BJH objects to request no. 54 as overly broad, seeking irrelevant information, not properly limited in scope, and not proportional to the needs of this case.  Subject to and without waiving any objections, BJH is not aware of any documents in its possession, which are responsive to request no. 54.**

55. All documents containing any statements, utterances or communication of any witness other than a party (whether written or oral, signed or unsigned, verbatim or narrative), regarding any fact or issue concerning liability or damages in this case.

**RESPONSE**: **BJH objects to request no. 55 as overly broad, seeking irrelevant information, not properly limited in scope, and not proportional to the needs of this case.  Subject to and without waiving any objections, BJH is not aware of any documents in its possession, which are responsive to request no. 55.**

56. All Documents authored or generated by any named Defendant or their employees or agents relating to the occurrence(s) or object(s) described in Plaintiffs' complaint.

**RESPONSE**: **BJH objects to request no. 56 as overly broad, seeking irrelevant information, not properly limited in scope, not proportional to the needs of this case, and vague and ambiguous as to the terms "occurrence(s)" and "object(s)." Subject to and without waiving any objections, BJH has produced all documents in its possession resulting from its search of BJH's relevant managers' and human resources representatives'—Terra Mouser, Nicole Erter, and Katherine Henderson—records and communications relating to Plaintiff Weisman and his participation in the Program.**

57. All Documents authored or generated by the Plaintiff other than those produced by Plaintiff in this litigation.

**RESPONSE**: BJH objects to request no. 57 as overly broad, seeking irrelevant information, not properly limited in scope, not proportional to the needs of this case, and vague and ambiguous as to the term "generated." Subject to and without waiving any objections, see BJH's response to request no. 10.

        Respectfully submitted,
        HUSCH BLACKWELL, LLP

        */s/ Carrie Claiborne*
        Kate M. Leveque, No. 58822MO
        Carrie Claiborne, No. 62801MO
        190 Carondelet Plaza, Suite 600
        St. Louis, MO 63105
        Tel. 314-480-1500
        Fax 314-480-1505
        Kate.Leveque@huschblackwell.com
        Carrie.claiborne@huschblackwell.com

        *Counsel for Defendants Barnes-Jewish Hospital and BJC Healthcare*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 19, 2021, a true and accurate copy of the foregoing was electronically served upon all counsel of record.

        */s/ Carrie Claiborne*