**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JEFFERY WEISMAN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:19-CV-00075 JAR |
| BARNES JEWISH-HOSPITAL, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Washington University Defendants' Motion for Leave to Amend Their Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint (Doc. No. 105) and Defendants Barnes-Jewish Hospital's and BJC Healthcare's Motion for Leave to Amend Their Respective Answers and Affirmative Defenses to Plaintiffs' Second Amended Complaint (Doc. No. 106). Plaintiffs oppose the motions as being untimely and futile. The motions are fully briefed and ready for disposition. For the following reasons, the motions will be granted.

**Background**

Plaintiff Jeffery Weisman filed his original complaint against Defendants on January 18, 2019 asserting claims for breach of contract, tortious interference, fraudulent inducement, defamation, tortious conversion, quantum meruit, unjust enrichment, and civil conspiracy, all arising out of his resignation from the GME Consortium's Anesthesiology Residency Program. (Doc. No. 1). An amended complaint was filed on August 1, 2019. (Doc. No. 35). On May 29, 2020, this Court issued an order granting in part and denying in part Defendants' motions to dismiss Plaintiff's amended complaint. (Doc. No. 69). Plaintiffs then filed a Second Amended

Complaint on October 30, 2020 (Doc. No. 86), to which Defendants responded with their Answers and Affirmative Defenses. (Doc. Nos. 90, 91).

Defendants seek leave to amend their Answers and Affirmative Defenses based on recently discovered facts about Weisman's improper (and potentially criminal) conduct during his residency which they contend is directly relevant to the subject of his lawsuit and the claims he asserts against them. Specifically, in December 2017, Weisman accessed the University email account of the Residency Program Director, Defendant Dr. Richard Benzinger; conducted a search of Dr. Benzinger's email account; took 73 photographs of Dr. Benzinger's email messages with his cellular phone; and retained the photographs of the e-mail messages. According to Defendants, these email messages include information about other persons, including confidential personnel information about another resident and privileged attorney-client communications. Based on this recent discovery, Defendants seek to assert counterclaims against Weisman for computer tampering pursuant to R.S. Mo. § 537.525 and to amend their affirmative defenses to the claims Weisman has alleged against them.

Plaintiffs respond that on December 13, 2017, Dr. Benzinger and Weisman both accessed each other's work emails on a public, shared computer terminal and that because they were both aware this had occurred on the day it occurred – well before the October 30, 2020 deadline for amending pleadings in this case – Defendants' motions to amend and for leave to file counterclaims are untimely and must be denied. Defendants reply that their motions should be granted because they sought leave without delay when the factual basis for the counterclaim and affirmative defenses was disclosed by Plaintiffs' counsel on November 19, 2021 during discovery.

In further response, Plaintiffs argue Defendants' proposed amendments and counterclaims are futile. Plaintiffs first assert that Defendants have not established their entitlement to compensatory damages under R.S. Mo. § 537.525 because Weisman "merely" photographed Dr. Benzinger's email as opposed to altering, damaging, or deleting data.[1] Next, Plaintiffs assert that by leaving a public computer terminal while still logged into his email account, Dr. Benzinger impliedly authorized access to his email account. Thus, Defendants cannot establish that Weisman committed any violation of R.S. Mo. § 569.095 or § 569.099.[2]

Defendants reply that compensatory damages have been pled on the face of their counterclaims (see Doc. Nos. 105-1, 106-1 at ¶ 13 and Prayer for Relief) and that Plaintiffs are attempting to raise doubts as to whether Defendants will be able to prove the amount of damages, which is a question of fact for the factfinder. Defendants further reply that Plaintiffs' argument that Weisman was impliedly authorized to access Dr. Benzinger's e-mail account or did not actually access Dr. Benzinger's account is unavailing since Weisman has admitted the relevant facts.

Next, Plaintiffs argue Defendants' proposed unclean hands affirmative defenses are legally insufficient because Weisman's alleged misconduct is not "immediately and necessarily" related to the claims in this case. In other words, Plaintiffs' claims are not based on the Benzinger emails. Plaintiffs also contend Defendants' after-acquired evidence affirmative

---

[1] R.S. Mo. § 537.525 provides that in the event a violation of the Act occurs, the plaintiff is entitled to "compensatory damages, including any expenditures reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, computer service, or data was not *altered, damaged, or deleted* by the access. (Emphasis added).

[2] R.S. Mo. § 537.525 provides a private right of action for violations of R.S. Mo. § 569.095 (tampering with computer data) or § 569.099 (tampering with computer users), both of which exclude conduct unless taken "without authorization or without reasonable grounds to believe that he or she has such authorization."

defenses are futile because Dr. Benzinger accessed Plaintiff's email on the day in question and knew that Plaintiff has accessed his email as well. In reply, Defendants argue they have pled affirmative defenses that bar all of Plaintiffs' claims in that, if Weisman's conduct had been known, he would have been terminated from the Program, with no basis to assert any of the claims based on breach of contract, defamation or any other theory.

**Legal standard**

Rule 15(a) provides that a "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, a court may deny leave to amend "only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Hillesheim v. Myron's Cards and Gifts, Inc., 897 F.3d 953, 955 (8th Cir. 2018); see also Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir. 2001).

However, when a party seeks to amend a pleading after the deadline in the applicable case management order, Rule 16(b) requires "a showing of good cause." Kmak v. American Century Cos., Inc., 873 F.3d 1030, 1034 (8th Cir. 2017) (quoting Williams v. TESCO Servs., Inc., 719 F.3d 968, 977 (8th Cir. 2013)). "Good cause requires a change in circumstances, law, or newly discovered facts." Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012)). "The primary measure of good cause is the movant's diligence." Kmak, 873 F.3d at 1034 (quoting Harris v. FedEx Nat'l LTL, Inc., 760 F.3d 780, 786 (8th Cir. 2014)).

Where, as here, a party seeks leave to amend the pleadings outside the case management order deadline, a court first considers whether good cause exists under Rule 16(b)(4). Nestle Purina Petcare Co. v. The Blue Buffalo Co., Ltd., No. 4:14–CV–859 RWS, 2016 WL 4272241, at *2 (E.D. Mo. Aug. 12, 2016). If good cause is established, a court will then consider whether

amendment is proper under Rule 15(a). Id. (citing Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008)). Whether to grant a motion for leave to amend is within the discretion of the district court. Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008); Nadist, LLC v. Doe Run Res. Corp., No. 4:06CV969 CDP, 2009 WL 3680533, at *1 (E.D. Mo. Oct. 30, 2009).

**Discussion**

After careful consideration, the Court concludes that Defendants have established good cause under Rule 16(b). Defendants did not learn of the factual basis for their proposed counterclaims and affirmative defenses until it was disclosed by Plaintiffs' counsel on November 19, 2021 during discovery and acted with sufficient diligence by filing the instant motions within one month of learning the new facts. Moreover, the amendments will not unduly delay this matter or prejudice Plaintiffs. Given that approximately eight months now remain for discovery and trial is not scheduled until April 24, 2023, the parties have ample time to conduct any further discovery that may be required as it relates to Defendants' counterclaims and amended affirmative defenses.[3] Furthermore, nothing in the record suggests that Defendants have acted in bad faith or with dilatory motive.

The Court does not agree with Plaintiffs that Defendants' proposed amendments are futile, particularly given Weisman's admission of the relevant facts. (Weisman Decl., Doc. No. 110-1 at ¶¶ 8-9). A party's motion to amend should be dismissed on the merits only if it asserts clearly frivolous claims or defenses. Montoya v. Sloan Valve Co., No. 4:20-CV-01108-AGF, 2021 WL 5867454, at *2 (E.D. Mo. Dec. 10, 2021). The likelihood of success on a new claim is no basis for denying an amendment unless the claim asserted therein is clearly frivolous. Id. An

---

[3] A Fourth Amended Case Management Order was issued on January 5, 2022 pursuant to the parties' joint stipulated motion. (Doc. No. 120).

amendment is futile if "the amended [pleading] could not withstand a motion to dismiss pursuant to Rule 12, Fed. R. Civ. P." Bakhtiari v. Beyer, No. 4:06CV01489(CEJ), 2008 WL 3200820, at *1 (E.D. Mo. Aug. 6, 2008).

Although Plaintiffs contend Defendants cannot establish that Weisman committed any violation of R.S. Mo. § 569.095 or § 569.099, their entitlement to compensatory damages under R.S. Mo. § 537.525, or that Weisman acted without authorization when he accessed Dr. Benzinger's emails, such determinations are not before the Court – much less a jury – at this stage of the litigation. Defendants' proposed counterclaims allege that "Weisman knowingly and without authorization or reasonable grounds to believe he had such authorization accessed and searched Dr. Benzinger's University e-mail account and took, received, retained, examined, used, and disclosed documents and information about other persons residing or existing in the [Defendants'] computer systems and networks, thereby violating R.S. Mo. §§ 569.095(3), (5) & (6) and 569.099(1)." (See Doc. Nos. 105-1, 106-1 at ¶ 12). The counterclaims further allege Defendants "[were] thereby damaged by Weisman's conduct and violations of R.S. Mo. §§ 569.095(3), (5) & (6) and 569.099(1)" and prays for a judgment "awarding [them] [their] compensatory damages pursuant to R.S. Mo. § 537.525.1." (See id. at ¶ 13 and Prayer for Relief). This is sufficient to survive a motion to dismiss under Rule 12(b)(6). See Lexington Ins. Co. v. S & N Display Fireworks, Inc., 2011 WL 5330744, at *2 (E.D. Mo. Nov. 7, 2011) (citing Bakhtiari, 2008 WL 3200820, at *1). The Court does not reach the merits of Defendants' claims at this stage.

Accordingly,

**IT IS HEREBY ORDERED** that Washington University Defendants' Motion for Leave to Amend Their Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint

[105] and Defendants Barnes-Jewish Hospital's and BJC Healthcare's Motion for Leave to Amend Their Respective Answers and Affirmative Defenses to Plaintiffs' Second Amended Complaint [106] are **GRANTED**.

The Clerk of Court shall detach and docket the First Amended Answer of Washington University Defendants to Plaintiffs' Second Amended Complaint and Counterclaim, submitted as Exhibit A to their motion for leave (Doc. No. 105-1), Barnes-Jewish Hospital's First Amended Answer & Affirmative Defenses to Plaintiffs' Second Amended Complaint, submitted as Exhibit A to their motion for leave (Doc. No. 106-1), and BJC Healthcare's First Amended Answer & Affirmative Defenses to Plaintiffs' Second Amended Complaint, submitted as Exhibit B to their motion for leave (Doc. No. 106-2).

Dated this 5th day of January, 2022.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**