UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY WEISMAN, et al., )<br>)<br>Plaintiffs, )<br>vs. )<br>)<br>)<br>BARNES JEWISH HOSPITAL, et al., )<br>)<br>Defendants. ) | Case No. 4:19-CV-00075 JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' (Weisman's) Motion to Compel Discovery. (Doc. No. 108). Defendants oppose the motion (Doc. Nos. 127, 128) and Plaintiffs have replied (Doc. No. 137). The motion is therefore fully briefed and ready for disposition.

The discovery at issue concerns Weisman's requests for production of all email, correspondence, memoranda, notes, text messages, instant messages, voicemails, reports, or other communication concerning or relating to either his laboratory, his being offered a position as a resident or his performance as a resident. Over a period of five months, the parties engaged in five meet and confer sessions and agreed that all supplemental production would be completed by November 30, 2021. Weisman filed the instant motion on December 17, 2021, accusing Defendants of stonewalling and asking the Court to order them to supplement their production, certify their production is complete, and produce a privilege log.

The crux of Weisman's motion is that despite his identification of 63 individuals, including supervising physicians, Chief residents, and other residents with knowledge in his initial Rule 26 disclosures and interrogatory answers, the University Defendants only searched the email accounts of seven people – Drs. Evers, Benzinger, Cox, Thompson, Groener, Graetz, and Woodward – and the Hospital Defendants only searched the email accounts of three people –

1

Dr. Katherine Henderson, Terra Mouser, and Nicole Erter. Weisman argues Defendants should be compelled to conduct a search of the email accounts of all 63 individuals because these individuals worked with, supervised, or evaluated him and "likely communicated and/or received communications concerning [his] performance and/or his research laboratory." He proposes using his first and last names and variations thereof (Jeffery, Jeffrey, Jeff; Weisman, Wiseman, and Weissman) as search terms.

In opposition to the motion, Defendants argue that Weisman has not established the relevance of searching the 63 email accounts and that, in any event, searching the accounts under the broad search terms proposed by Plaintiff would be unduly burdensome and expensive, particularly when he has offered only speculation that the emails might contain some reference to him or his performance, which itself would be of no relevance to his remaining breach of contract and tort claims.

Defendants cannot unilaterally limit the scope of Plaintiff's discovery requests. Rule 26(b)(1) does not give a party "the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case." Sentis Grp., Inc. v. Shell Oil Co., 763 F.3d 919, 925 (8th Cir. 2014). "Litigation in general and discovery in particular … are not one sided." Id. Moreover, it appears the University Defendants have the ability and capacity to conduct searches across their email server, although the Hospital Defendants do not. It is the Court's understanding that Weisman would have had contact with and been supervised by a number of people; however, Weisman's requests to search the email accounts of some 63 individuals because they worked with him and might have sent emails referring to him, using variations of his first and last names, are entirely overbroad and amount to a fishing expedition. Attempts have been made by the parties to reach a reasonable compromise during no less than five meet and confer sessions, leaving the Court to make a determination in this discovery

2

dispute. In the Court's view, limiting Weisman to a search of 23 email accounts – in addition to those that have already been identified – is a more realistic and reasonable number.

The Hospital Defendants have indicated they have limited involvement in the Anesthesiology Program in which Weisman was enrolled. Accordingly, the Court will limit Weisman's request to the Hospital Defendants to three additional email accounts of individuals he believes are most likely to have information relevant to any claim in this case. As for Weisman's request to the University Defendants, the Court will limit Weisman to 20 additional email accounts of individuals he believes are most likely to have information relevant to any claim in this case. The Court will also limit Weisman to three search terms related to his name.

Weisman also seeks production of messages from the "Telegram App" (RFP 8, 20, 32); an email between Drs. Daniel Emmert and Justin Knittle (RFP 32); reports on Weisman to the National Institute of Health (NIH) (RFP 38); emails concerning Weisman to and from University Ombudsmen (RFP 8, 27, 28, 32); summative evaluations of Weisman (RFP 11, 19, 20, 22); handwritten notes of meetings between GME officers and Weisman (RFP 8, 27, 28, 32); documentation of the University's referral of Weisman to the Missouri Physicians Health Program (MPHP) (RFP 32); and documents concerning or relating to Weisman's lab (RFP 33, 37-41, 43). Defendants argue that Plaintiff is not entitled to the production of these other categories of documents because he either fails to show the relevance of such documents, ignores that the documents have not actually been requested or have already been produced, do not exist or are not in Defendants' custody or possession.

With respect to the Telegram App, the University Defendants assert they do not require its use and have no control or possession of messages sent and received by residents and physicians. The University Defendants further assert they have no custody or control over separate, non-University email accounts maintained by the University Ombuds to ensure

3

confidentiality and privacy. As for the Knittle-Emmert email, Defendants respond that Dr. Emmert's email was searched and no email between him and Dr. Knittle regarding an evaluation of Weisman was found. The University Defendants further respond there are no documents responsive to his request for reports made to the NIH about him because only program residents in the research stage of their training are on the NIH training grant and Weisman never reached this stage of his residency. Similarly, the University Defendants indicate they have no responsive documents to Weisman's request for documents relating to a referral to the MPHP. Regarding Weisman's request for his summative evaluations, the University Defendants assert these have already been produced, as have any notes the GME office had with respect to meetings with Weisman.

Finally, with respect to Weisman's requests for all documents relating to his Radiology 3-D printing Lab since the spring of 2016, the University Defendants respond that Weisman or his company controlled and ran his lab from the time Weisman started his residency in June 2016 until March-April 2017 when the lab was transferred to the Department of Radiology. In any event, the University Defendants indicate that they have produced documents reflecting the lab's income and expenses, a list of the equipment and supplies that Weisman donated to the Radiology lab, and a list of research. Regarding Weisman's request for documents reflecting the names and earnings of the researchers in the lab, the University Defendants respond that aside from the fact that such personnel information is confidential and would invade the privacy interests of third parties, Weisman has not demonstrated how the earnings of the two researchers is in any way relevant to his conversion claim. The Court agrees and will deny the motion to compel in this regard.

Under Rule 34 of the Federal Rules of Civil Procedure, a party need only produce those documents that are in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A document

is not in a party's possession, custody, or control if the document does not exist. Miller v. City of Plymouth, No. 2:09-CV-205-JVB-PRC, 2010 WL 1754028, at *14 (N.D. Ind. 2010); see also, Mayberry v. SSM Health Businesses, No. 4:15-CV-1680-CEJ, 2016 WL 3458164, at *2 (E.D. Mo. June 24, 2016) (A court "cannot compel the production of documents that do not exist.") (quoting Pennington v. Integrity Commc'ns, Inc., No. 1:12-CV-5-SNLJ, 2014 WL 2136000, at *2 (E.D. Mo. May 22, 2014)). Plaintiff has not provided the Court with information sufficient to lead the Court to question the truthfulness of Defendants' representations that no responsive documents exist. "A mere belief, without any evidence, that a party has not produced documents or information in its possession, is insufficient to support a motion to compel." See Century Indus. Co. v. Rosemount Inc., No. Civ. 01–103 (DWF/AJB), 2002 WL 1035455, at *2 (D. Minn. May 21, 2002) (finding no clear error in denial of a motion to compel when the motion was based on "rank speculation" that the defendants had more complete copies of responsive documents than those that had been produced). The Court thus has no basis upon which to compel Defendants to produce any additional documents in response to these requests. The Court, will, however, require both the Hospital Defendants and the University Defendants to serve supplemental written responses affirming that they have searched all documents in their possession, custody, or control and produced all information and documents available to them that are responsive to Weisman's discovery demands.

Weisman has also raised an issue regarding documents not being produced based on attorney-client privilege. As appropriate, Defendants shall provide a privilege log.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to compel [108] is **GRANTED** in part and **DENIED** in part in accordance with the rulings herein.

**IT IS FURTHER ORDERED** that **within fourteen (14) days of the date of this Order**, Plaintiffs shall submit the names of three (3) additional individuals to the Hospital Defendants and twenty (20) additional individuals to the University Defendants that he believes are most likely to have information relevant to any claim in this case as well as three search terms related to his name. Upon receipt of Plaintiff's submissions, Defendants shall conduct a search of the email accounts of those 23 individuals and supplement their discovery responses, and provide a privilege log where appropriate, **within fourteen (14) days thereafter**. With regard to the non-email related categories of documents requested by Weisman, Defendants shall affirm that they have searched all documents in their possession, custody, or control and produced all information and documents available to them that are responsive to his discovery demands.

Dated this 22nd day of March, 2022.

*John A. Ross*
_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**