UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFERY A. WEISMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:19-00075 JAR |
| ) | |
| BARNES JEWISH HOSPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Jeffery Weisman's Motion to Strike Certain Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f). (Doc. No. 135). The motion is fully briefed and ready for disposition.

**I.   Background**

On January 5, 2022, Defendants were granted leave to amend their answers and affirmative defenses to Plaintiffs' Second Amended Complaint based on their recent discovery of Weisman's alleged misconduct (in December 2017) accessing the University email account of Defendant Dr. Richard Benzinger; conducting a search of Dr. Benzinger's email account; taking 73 photographs of Dr. Benzinger's email messages with his cellular phone; and retaining those photographs (the "after-acquired evidence"). Defendants pled five new affirmative defenses in their amended answers, all related to the after-acquired evidence, which are similar:

> Plaintiffs' breach of contract claim is barred because plaintiff Weisman was the first to breach any agreement by violating University and Hospital policies. (Doc. No. 122 at ¶ 9; Doc. No. 123 at ¶ 8);
>
> Plaintiffs' breach of contract, quantum meruit, and unjust enrichment claims, as well as any other equitable remedies or relief, are barred by unclean hands because plaintiff Weisman unlawfully and without authorization accessed and searched the email inbox of Dr. Benzinger, which contained attorney-client privileged information, sensitive and confidential personnel information about

third persons, and HIPAA-protected patient health information, took photographs of Dr. Benzinger's emails containing information about others, and retained such emails and information. (Doc. No. 122 at ¶ 11; Doc. No. 123 at ¶ 10);

Plaintiff Weisman's defamation claim is barred because, if University Defendants had known about plaintiff Weisman unlawfully and without authorization accessing and searching the email inbox of Dr. Benzinger, taking photographs of Dr. Benzinger's emails containing information about others, and retaining such emails and information, plaintiff Weisman would have been terminated from the Anesthesiology residency program for unprofessional and unlawful conduct and violations of University and Hospital policies and any communications with other residency programs would have stated this reason for his termination. (Doc. No. 122 at ¶ 19; Doc. No. 123 at ¶ 15);

Plaintiffs' claims and remedies are barred, in whole or in part, by after-acquired evidence of plaintiff Weisman unlawfully and without authorization accessing and searching the email inbox of Dr. Benzinger, which contained attorney-client privileged information, sensitive and confidential personnel information about third persons, and HIPAA-protected patient health information, taking photographs of Dr. Benzinger's emails containing information about others, and retaining such emails and information, which, if discovered, would have resulted in plaintiff Weisman being terminated from the Anesthesiology residency program for unprofessional and unlawful conduct and violations of University and Hospital policies. (Doc. No. 122 at ¶ 38; Doc. No. 123 at ¶ 26); and

Plaintiffs' claims and remedies are barred, in whole or in part, by after-acquired evidence of plaintiff Weisman unlawfully and without authorization accessing and searching the email inbox of Dr. Benzinger, which contained attorney-client privileged information, sensitive and confidential personnel information about third persons, and HIPAA-protected patient health information, taking photographs of Dr. Benzinger's emails containing information about others, and retaining such emails and information, which, if discovered, would have precluded any representative of the University or the Hospital from making any purported promise to Weisman to provide a "good reference" to any third party, due to Weisman's unprofessional and unlawful conduct and violations of University and Hospital policies. (Doc. No. 122 at ¶ 39; Doc. No. 123 at ¶ 27).

Weisman moves the Court to strike Defendants' affirmative defenses as legally insufficient and overbroad. Defendants argue Weisman's motion should be denied because he has not argued, let alone demonstrated, that the inclusion of these affirmative defenses will prejudice him or confuse the issues. Defendants further argue their affirmative defenses are sufficiently well pled, legally viable, and material to Weisman's claims.

## II. Legal standard

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District courts enjoy broad "discretion" in deciding motions to strike, however, they are not favored and are infrequently granted, because they amount to a drastic remedy. Hogan v. Wal-Mart Stores E., LP, No. 4:21-CV-78 RLW, 2021 WL 3363149, at *3 (E.D. Mo. Aug. 3, 2021) (citations omitted).

When deciding motions to strike affirmative defenses, district courts review the pleadings in the light most favorable to the pleader and grant such motions only when the affirmative defense is so deficient that it fails to "fairly present[ ] a question of law or fact which the court ought to hear" and that deficiency causes "prejudice to the moving party." Knapp v. FAG Bearings, LLC, No. 3:21-CV-05035-MDH, 2021 WL 3771793, at *2 (W.D. Mo. Aug. 24, 2021) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)). See also Bartoe v. Missouri Barge Line Co., No. 1:07CV165RWS, 2009 WL 1118816, at *1 (E.D. Mo. Apr. 24, 2009). In other words, to succeed on a Rule 12(f) motion, it must be shown that (1) "the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense" and (2) "that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." Knapp, 2021 WL 3771793, at *2 (citing Am. Home Assur. Co. v. Pope, No. 02-4057-CV-C-SOW, 2005 WL 1312975, at *1 (W.D. Mo. June 1, 2005) (quoting 5C Charles Alan Wright et al., Federal Practice and Procedure § 1380 (3rd ed. 2004)). Preventing a party from engaging in burdensome discovery or "otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome," are examples that would meet the prejudice requirement. Hogan, 2021 WL 3363149, at *3 (quotations omitted).

## III.  Discussion

**First to breach (affirmative defenses 8, 9)**

It is well established that a party to a contract cannot claim its benefit where he is the first to violate it. NTD I, LLC v. Alliant Asset Mgmt. Co., LLC, No. 4:16CV1246 ERW, 2017 WL 605324, at *4 (E.D. Mo. Feb. 15, 2017) (citing R.J.S. Sec., Inc. v. Command Sec. Servs., Inc., 101 S.W.3d 1, 18 (Mo. Ct. App. 2003)). If Defendants can prove Weisman violated University or Hospital policies by accessing, searching, and retaining information from Dr. Benzinger's email account, then under the first to breach rule, he would be precluded from recovery on his breach of contract claim.[1] Because affirmative defenses 8 and 9 are legally viable, the motion to strike these affirmative defenses will be denied.

**Unclean hands (affirmative defenses 10, 11)**

"The doctrine of unclean hands is a defense that bars one who has acted wrongfully with respect to the subject of the suit from obtaining an equitable remedy." UniGroup, Inc. v. Am. Underwriting Servs., LLC, No. 4:13 CV 857 DDN, 2013 WL 6159629, at *8 (E.D. Mo. Nov. 25, 2013) (quoting Sangamon Associates, Ltd. v. Carpenter 1985 Family P'ship, Ltd., 165 S.W.3d 141, 145 (Mo. 2005)); see also Graham Construction Services, Inc. v. Hammer & Steel, Inc., 755 F.3d 611, 620 (8th Cir. 2014). Here, Weisman asserts that unclean hands has no application to his claims for quantum meruit and unjust enrichment because Defendants themselves have acted inequitably. Weisman is essentially arguing the merits of the issues raised in this litigation, which would be inappropriate on a motion to strike. Thus, the Court will not strike this defense as it relates to Weisman's equitable claims. "If sufficiency of the defense depends on disputed

---

[1] Weisman's surviving breach of contract claim concerns the Hospital Defendants' alleged breach of the "Memorandum of Appointment" by harassing him, generating false evaluations, and failing to grant him access to his file, and both the Hospital Defendants and the University Defendants' alleged breach of an oral contract to provide him with a good reference in his efforts to transfer to a new residency program.

issues of fact or questions of law, a motion to strike should not be granted." Fluid Control Prod., Inc. v. Aeromotive, Inc., No. 4:09-CV-1667 CAS, 2010 WL 427765, at *2 (E.D. Mo. Feb. 1, 2010) (quotation omitted).

However, the unclean hands doctrine does not bar a claim for damages at law. Union Elec. Co. v. Sw. Bell Tel. L.P., 378 F.3d 781, 788 (8th Cir. 2004) (citing Marvin E. Nieberg Real Estate Co. v. Taylor–Morley–Simon, Inc., 867 S.W.2d 618, 626 (Mo.Ct.App.1993)). In this vein, Missouri courts have found that a defendant may not raise the equitable defense of unclean hands when a plaintiff is seeking the legal remedy of an amount allegedly owed in a breach of contract dispute. See Howard v. Fid. Nat. Title Ins. Co., No. 4:10CV2368 HEA, 2015 WL 5021768, at *9 (E.D. Mo. Aug. 24, 2015) (rejecting an unclean hands affirmative defense noting that equitable defenses are only available when equitable remedies are sought). Weisman does not challenge Defendants' assertion of the unclean hands affirmative defense to his breach of contract claim. Nevertheless, because the affirmative defense fails as a matter of law to bar his breach of contract claim, the Court will grant the motion to strike in this regard.

**After-acquired evidence (affirmative defenses 15, 19, 26, 27, 38, 39)**

Citing McKennon v. Nashville Banner Pub. Co., 513 U.S. 352 (1995) and O'Day v. McDonnell Douglas Helicopter Co., 959 P.2d 792 (Ariz. 1992), Weisman argues that after-acquired evidence of employee misconduct does not bar *all* relief to the employee, and therefore, Defendants' affirmative defenses fail as a matter of law and must be stricken. This contention is without merit. The after-acquired evidence doctrine is a proper affirmative defense. See, e.g., Woolner v. Flair Commc'ns Agency, Inc., No. 01 C 6043, 2004 WL 161505, at *3 (N.D. Ill. Jan. 22, 2004) (citing Johnson v. City of Elgin, No. 99 C 8288, 2001 WL 199506, at *2 (N.D. Ill. Feb. 28, 2001) (denying motion to strike affirmative defense based on the after-acquired evidence doctrine)).

"The "overwhelming majority of courts hold that if an employer can demonstrate that it would have fired an employee had it known of prior misconduct, then the employee's claim for breach of contract is barred or, put differently, the prior misconduct excuses the employer's breach." O'Day, 959 P.2d at 795. See also Ross v. Garner Printing Co., 285 F.3d 1106, 1112 (8th Cir. 2002) (noting that, in a breach of employment contract case under Iowa law, the "district court arguably erred in overruling [defendant's] request for an instruction on after-acquired evidence of misconduct by [plaintiff]," but finding no prejudice because defendant "was free to argue, and the jury was free to consider, after-acquired evidence of misconduct").

Although after-acquired evidence may bar a breach of contract action, it has been held that in an action in tort, after-acquired evidence will only affect the remedies available to the employee, O'Day, 959 P.2d at 797; reinstatement and front pay are not available, but the employee is entitled to lost earnings from the time of discharge until the time the employer discovers the misconduct, provided the fact finder concludes that the employee's misconduct was sufficient to terminate the employee, McKennon, 513 U.S. at 362-63. After-acquired evidence is also not a bar to other compensatory damages attributable to the employer's wrongful conduct, including but not limited to diminished earning capacity and punitive damages, if warranted by the evidence. O'Day, 959 P.2d at 799. The Court notes that as pled, Defendants' after-acquired evidence affirmative defense alleges that "[Weisman]'s claims and remedies are barred, *in whole or in part*[.]" (Emphasis added). The Court also notes that "McKennon did not explicate how after-acquired evidence should be treated in every situation, leaving this issue to be addressed by the judicial system in the ordinary course of further decisions." O'Day v. McDonnell Douglas Helicopter Co., 79 F.3d 756, 759 (9th Cir. 1996) (internal quotation marks and citation omitted).

At this stage of the litigation, the Court cannot say that Defendants' after-acquired evidence affirmative defense cannot succeed under any circumstances or are immaterial to Weisman's claims for relief. Thus, the motion to strike these affirmative defenses will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jeffery Weisman's Motion to Strike Certain Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f) [135] is **GRANTED in part.** The University Defendants' 11th affirmative defense and the Hospital Defendants' 10th affirmative defense as it relates to Weisman's breach of contract claim is **STRICKEN**. In all other respects the motion is **DENIED.**

Dated this 22nd day of March, 2022.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**