# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEFFERY A. WEISMAN, and ) | |
| STRATEGIC BIOMEDICAL, INC., ) | |
|   ) | |
| Plaintiffs, ) | |
|   ) | No. 4:19-cv-75-JAR |
| v. ) | |
|   ) | |
| BARNES JEWISH HOSPITAL, ) | The Honorable John A. Ross |
| BJC HEALTHCARE, ) | |
| WASHINGTON UNIVERSITY, ) | |
| ALEX EVERS, RICHARD BENZINGER, ) | |
| And THOMAS COX, ) | |
|   ) | |
| Defendants. ) | |

## PLAINTIFF DR. JEFFERY WEISMAN'S MOTION FOR SANCTIONS

COMES NOW Plaintiff, pursuant to Rule 34 and 37, and seeks an Order of this Count sanctioning Defendants for its conduct during discovery. Dr. Weisman files his suggestions in support of this motion contemporaneously herewith. In support of the motion, Plaintiff states:

1. This is a motion seeking sanctions for misconduct, not the compulsion of discoverable materials. Local Court Rule "does not require counsel to meet and confer before seeking sanctions." *CitiMortgage, Inc. v. Chicago Bancorp, Inc.*, 2013 U.S. Dist. LEXIS 107131, 2013 WL 3946116, at *3 (E.D. Mo. July 31, 2013) (*citing Lindstedt v. City of Granby*, 238 F.3d 933, 936 (8th Cir. 2000)).

2. On December 17, 2021, Plaintiff filed a Motion to Compel seeking the production of several different categories of documents and information within Defendants' possession. Among the documents sought and of relevance to this Motion for Sanctions, was Dr. Weisman's

Accreditation Council of Graduate Medical Education ("ACGME") Summative Evaluation Transcript ("ACGME Transcript").

3. In their January 12, 2022 Motion in Opposition to Plaintiff's Motion to Compel, Washington University Defendants told Dr. Weisman and the Court, "[p]lainitff further seeks production of his summative evaluations. These already have been produced (WU2908-29), as Plaintiff's counsel was told prior to filing this motion." (**Doc. 128, Pg. 13**).

4. This was a lie. Dr. Weisman's Summative Evaluation was not produced. In fact, on January 12, 2022, Dr. Weisman's ACGME Transcript did not even exist.

5. On January 27, 2022 Defendants were asked by the Accreditation Council for Graduate Medical Education ("ACGME") to identify the whereabouts of Dr. Weisman's ACGME Transcript. In response to the ACGME's inquiry, Washington University and BJH Defendants began conspiring amongst themselves to come up with an excuse as to why they had not provided Dr. Weisman's ACGME Transcript despite receiving multiple requests for Dr. Weisman's ACGME Transcript over the previous four (4) years.

6. Defendants were aware that Dr. Weisman's ACGME Transcript had not been produced on or before January 12, 2022. Despite this knowledge, they chose to lie to the Court, and they proceeded to conspire ways in which they could justify not providing an ACGME Transcript (despite requirements that they do so, and multiple requests) for four (4) years.

7. Rule 37(b) of the Federal Rules of Civil Procedure sets forth sanctions available to the district court for failure to comply with an order of the court relating to discovery. *Cross v. General Motors Corp*, 721 F.2d 1152 (8th Cir. 1983). District courts have broad discretion in imposing sanctions and deciding on sanctions appropriate to the misconduct. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001); *Gustafson v. Bi-State Dev. Agency*

*of Missouri-Illinois Metro. Dist.*, 2019 WL 5579265 *1 (E.D.Mo. 2019). A court's authority to sanction a party for discovery abuse flows from its inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases, including fashioning an appropriate sanction for conduct which abuses the judicial process. *Knapp v. Convergys Corp.*, 209 F.R.D. 439 (E.D. Mo. 2002).

8. Defendants conduct during discovery demonstrates misconduct and repeated and deliberate abuses of the discovery process.

9. Plaintiff Dr. Weisman requests the following sanctions be imposed on the Washington University Defendants and Defendant BJH based on their conduct:

- Strike all of Defendant BJH and Washington University Defendants' affirmative defenses;

- Award Plaintiff attorneys' fees in connection with preparing the motion for sanctions and his previous motion to compel;

- Formulate and read a jury instruction to the jury that informs the jury that Defendants' conduct during the discovery process, specifically lying and refusing to provide Dr. Weisman with his ACGME Transcript, was found to be abusive, inappropriate and impermissible by the Court;

- Order that Defendants produce all redacted emails in their original, native format (emails produced by Defendants in response to this Court's March 22, 2022 Order) for an in-camera viewing session to ensure that no additional misconduct has occurred;

- Prohibit all Defendants from presenting evidence at trial in an attempt to rebut or refute Plaintiff Dr. Weisman's claim of Breach of Contract as it pertains to the 2018 Separation Contract; and

- Prohibit Defendants from filing a motion for summary judgment under Rule 56.

WHEREFORE, for the foregoing reasons, Plaintiff Dr. Weisman respectfully requests an Order of this Court sanctioning Defendants by ordering the sanctions requested immediately above in paragraph 9, and any other further sanctions and orders deemed appropriate by this Court.

Respectfully Submitted,

THE ELSTER LAW OFFICE, LLC

/s/ Henry Elster
Henry Elster, MO # 62875MO
225 S. Meramec, #325
Clayton, Missouri 63105
(314) 727-0868
henry@elsterlaw.com

*Counsel for Plaintiffs*

and

MAREK WEISMAN LLC

/s/ Rachel C. Rutter
Rachel C. Rutter, MO # 69313
55 E Monroe Street, Suite 3800
Chicago, IL 60603
(312) 470-7662
rrutter@marekweisman.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed via the Court's electronic filing system on this 18th day of August, 2022, and has been served on all parties to this action by way of the Court's ECF/CM software.

                     */s/ Rachel C. Rutter*