UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY WEISMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. 4:19-CV-00075 JAR |
| ) | |
| BARNES JEWISH HOSPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Expedited Motion for Protective Order to Prevent Deposition Inquiries on Certain Topics, and to Shorten the Length of Deposition Time for Defendant BJH. (Doc. No. 181). Plaintiff seeks to prevent Defendants from questioning him about his medical condition and his association with Marek Weisman, LLC, a law firm with which he is involved as a licensed attorney. Plaintiff maintains this information is not only irrelevant to the pending litigation, but also subject to privilege. In addition, Plaintiff seeks to limit Defendant BJH's deposition of Plaintiff to between 4 and 4.5 hours[1] because BJH previously deposed him on January 5, 2022 regarding a worker's compensation claim he filed against Barnes-Jewish Hospital and inquired in depth about many topics that he anticipates BJH will attempt to inquire about again.

Defendant BJH and the University Defendants oppose limiting Plaintiff's deposition in this manner. (Doc. No. 190). Defendants argue that Plaintiff has placed his medical condition at issue in this case and further, that his employment as an attorney at Marek Weisman, LLC is relevant to his income and the mitigation of damages. Defendant BJH further argues it should be

---

[1] The Case Management Order provides that Defendants shall have two (2) days of seven (7) hours for Plaintiff's deposition. (See CMO Sec. I.3.(e)).

1

allowed to question Plaintiff regarding his claims for seven hours, as previously agreed by the parties.

The parties require resolution of this matter by September 12, 2022, as Plaintiff's deposition is currently scheduled for September 13 and 14, 2022. Having reviewed the record given the time frame and having carefully considered the parties' arguments as presented in their briefs, the Court will grant Plaintiff's motion in part and deny it in part.

The Court finds that Plaintiff has placed his medical conditions at issue in this case, both in his amended complaint and discovery responses. Further, Plaintiff's association with the law firm of Marek Weisman, LLC is relevant to his claims in this case, and specifically to his alleged damages, including but not limited to, lost career opportunities and earning capacity. As such, Defendants have a right to inquire on these issues. Those portions of Plaintiff's deposition regarding his health and medical history are subject to the protective ordered entered by this Court on March 25, 2021 (see Doc. No. 96) and must be marked as confidential.

Although Defendant BJH was represented by different counsel in Plaintiff's worker's compensation case, BJH had the opportunity to acquire some of this information regarding Plaintiff's medical condition and employment with Marek Weisman, LLC from Plaintiff's January 5, 2022 deposition taken in that case. For this reason, the Court finds that limiting Defendant BJH's deposition time to less than seven hours is appropriate. The Court will limit Defendant BJH's deposition of Plaintiff to **no more than five (5) hours**, which in the Court's view is more than sufficient under the present circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Expedited Motion for Protective Order to Prevent Deposition Inquiries on Certain Topics, and to Shorten the Length of Deposition Time

for Defendant BJH [181] is **GRANTED in part** and **DENIED in part** in accordance with the rulings herein.

Dated this 8th day of September, 2022.

　　　　　　　　　　　　　　　　　　*John A. Ross*　　　　　　　　　
　　　　　　　　　　　　　　　　　　**JOHN A. ROSS**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**