UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY WEISMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. 4:19-CV-00075 JAR |
| ) | |
| ) | |
| BARNES JEWISH HOSPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Sanctions (Doc. No. 169) and Motion to Compel Discovery and Motion for Contempt (Doc. No. 171) and Defendant Washington University's Motion to Seal Plaintiff's Memorandum in Support of his Motion for Sanctions and the exhibits attached thereto. (Doc. No. 175). The motions are fully briefed and ready for disposition. Also pending is Plaintiff's Motion for Additional Depositions Beyond the Presumptive Number (Doc. No. 194).

**Motion for sanctions**

In his motion for sanctions, Plaintiff alleges that in response to his request for production of, *inter alia*, his Accreditation Council of Graduate Medical Education ("ACGME") Summative Evaluation Transcript ("ACGME Transcript")[1], the University Defendants represented that his summative evaluations had been produced (WU2908-29) when in fact his ACGME Transcript did not exist. Plaintiff accuses Defendants of lying and conspiring to come up with an excuse for

---

[1] Plaintiff explains that the ACGME Transcript is the only official record of a resident physician's performance, competence and training that is universally accepted by accredited residency training programs in the United States. He states that in order for him to successfully transfer to another residency program to complete his anesthesiology training, Defendants were required to provide a copy of his ACGME Transcript to other residency programs after he left the WU-BJH anesthesiology program.

not providing Plaintiff's ACGME Transcript despite multiple requests. Plaintiff bases his allegations of discovery misconduct on an email chain between an ACGME Ombudsperson, legal counsel for the Hospital and University Defendants, and agents of the Hospital and University Defendants discussing whether a summative evaluation for Plaintiff had been prepared and what actually classifies as a summative evaluation while representing to the Court and Plaintiff that Plaintiff's summative evaluation had been produced. (See Doc. No. 170-1 at 23-24). As sanctions, Plaintiff requests that Defendants' affirmative defenses be stricken; that he be awarded his attorneys' fees incurred in connection with this motion; that the jury be instructed on Defendant's misconduct during the discovery process; that Defendants be ordered to produce all redacted emails in their original, native format for the Court's in-camera review to ensure that no additional misconduct has occurred: that Defendants be prohibited from presenting evidence at trial to rebut Plaintiff's breach of contract claim; and that Defendants be prohibited from filing a motion for summary judgment.

Defendants respond that sanctions are unwarranted because there was no misrepresentation or deception of Plaintiff or the Court. Additional communications show that the University Defendants produced what they considered to be Plaintiff's summative evaluation and that at most there was a good faith disagreement or misunderstanding with ACGME as to what constituted a summative evaluation. They also show that Defendants provided all information requested by other residency programs, including a recommendation letter and summative milestone evaluations, none of which were found to be insufficient by those programs. (Doc. No. 179-4, -5, -6). In further response, Defendants note that Plaintiff improperly relies on privileged communications that were inadvertently produced and thus should not be considered by this Court. Lastly, Defendants argue that Plaintiff has not been prejudiced because

the summative evaluation issue does not relate to any pending claim; the information was produced; and discovery remains ongoing.

The Court will deny Plaintiff's motion as there is no discovery violation of any kind. The emails relied upon by Plaintiff reflect a misunderstanding on both sides as to what information was available, what was requested and what was produced, i.e., milestone summaries versus summative evaluations. Plaintiff clearly should not have relied upon the email communications or attached them to his supporting memorandum as they appear to be protected under the terms of the protective order agreed to by the parties. In any event, the communications further evidence a fundamental misunderstanding between the parties as to what constituted a summative evaluation. Under these circumstances, the sanctions requested by Plaintiff are extreme and not appropriate. Further, Plaintiff's accusations are entirely uncalled for. The Court cautions the parties that such rhetoric is unacceptable and should not be included in any future filings.

**Motion to compel discovery and motion for contempt**

In his motion to compel and for contempt, Plaintiff asserts that Defendants have refused to provide dates of availability for depositions of six different witnesses within their control, namely, Nicole Erter, Kathleen Henderson, and Defendants Benzinger, Cox, Evers and Thompson. Plaintiff further asserts that Defendants have failed to supplement their discovery responses and Rule 26 disclosures related to their counterclaims for computer tampering and their compensatory damages incurred as a result of Plaintiff's alleged conduct. Lastly, Plaintiff asserts that the Hospital Defendants have failed to provide a privilege log per the Court's March 22, 2022.

3

Defendants respond that Plaintiff's motion to compel the dates of availability of witnesses for deposition and a privilege log has been mooted. According to Defendants, deposition dates for the individual defendants were provided to Plaintiff and other depositions of witnesses within the University's control will be scheduled in due course. In addition, the Hospital Defendants have served a supplemental production and privilege log. In further response, Defendants state that they need to depose Plaintiff first to determine the nature and extent of any damages associated with their counterclaims.

On August 5, 2022, the Court ordered Plaintiff to appear in person for his deposition on September 13, 2022 and that his deposition must be completed by the end of September. (Doc. No. 166). Thus, the Court will grant Plaintiff's motion in part and order Defendants to provide him with an updated damages estimate. The motion will be denied as moot in all other respects based on Defendants' representations that deposition dates for the individual defendants have been provided to Plaintiff and/or scheduled and a privilege log provided.

**Motion to seal**

Defendant Washington University moves to seal Plaintiff's memorandum in support of his motion for sanctions and the exhibits attached thereto. As grounds for its motion, the University Defendants assert that Plaintiff's memorandum discusses and quotes privileged attorney-client communications that were inadvertently produced in the University's production of searched emails and attaches those privileged communications to the memorandum in an exhibit. Plaintiff opposes the motion, arguing that the communications are not privileged because there is no legal advice sought or provided; that any privilege was waived when a third party, an agent for Barnes-Jewish Hospital, was included on the communications; and there is no compelling reason to seal Plaintiff's entire motion and all exhibits. (Doc. No. 180).

As discussed above, the email communications at issue appear to be protected under the terms of the protective order agreed to by the parties. They are marked **ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT PRIVILEGED AND CONFIDENTIAL.** Because Plaintiff quotes these communications in his memorandum and attaches them to his memorandum as an exhibit, the Court will grant the motion and direct the Clerk to seal both the memorandum (Doc. No. 170) and the attachments found at Doc. No. 170-1, pp. 23-24.

**Motion for additional depositions**

In his most recent motion, Plaintiff seeks an order permitting him to conduct an additional ten depositions for a total of twenty depositions, given the "unique posture" of this case. In its Case Management Orders, the Court previously indicated it would consider such a request for good cause shown. However, the broad assertions in Plaintiff's motion are insufficient to show "good cause" for the granting of additional depositions. For this reason, Plaintiff's motion will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions [169] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery and Motion for Contempt [171] is **GRANTED in part** and **DENIED in part as moot.**

**IT IS FURTHER ORDERED** that Defendant Washington University's Motion to Seal [175] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Additional Depositions Beyond the Presumptive Number [194] is **DENIED without prejudice.**

Dated this 12th day of October, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

5