UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFERY WEISMAN, and<br>STRATEGIC BIOMEDICAL, INC.<br><br>    Plaintiffs,<br><br>v.<br><br>BARNES JEWISH-HOSPITAL,<br>BJC HEALTHCARE, WASHINGTON<br>UNIVERSITY, DR. ALEX EVERS,<br>DR. RICHARD BENZINGER, and<br>DR. THOMAS COX,<br><br>    Defendants. | Case No. 4:19-cv-00075-JAR |

## DEFENDANT WASHINGTON UNIVERSITY'S MOTION FOR SANCTIONS

Pursuant to Fed. R. Civ. P. 26 and this Court's inherent authority, Defendant Washington University ("University") moves for sanctions against Plaintiffs and their counsel for their violations of Rule 26(b)(5)(B) and the Court's ethical rules. In support, and as more fully set forth in the accompanying Memorandum in Support filed herewith, the University states as follows:

1. On August 18, 2022, Plaintiff Weisman filed a Motion for Sanctions against Defendants and Memorandum in Support (Dkt. #169, #170) and attached, discussed, and quoted from WU3989-3990 (Dkt. #170-1 pp. 23-24), which included emails between Tia Drake and Defendants' inside legal counsel with the bold and capitalized header, "**ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT – PRIVILEGED AND CONFIDENTIAL**."

2. On August 19, 2022, the University's counsel emailed Plaintiff's counsel that Defendants wanted to discuss Plaintiff's Motion for Sanctions and Motion to Compel in addition to objections to a subpoena, and the telephone call was scheduled for Monday, August 22, 2022.

(Ex. A – 8/18/22-8/25/22 email chain.) On Sunday, August 21, 2022, Plaintiff's counsel cancelled the call, and subsequently indicated on August 22 that they would consider only written communications. (*Id.*)

3. On August 23, the University's counsel sent an e-mail notifying Plaintiff's counsel that the email communications in WU3989-3990 were privileged attorney-client communications that had been inadvertently produced and requested that Plaintiff's counsel confirm that the documents would be returned, destroyed, or sequestered pursuant to Rule 26(b)(5)(B) and the Protective Order (Dkt. #96) entered in the case (*Id.*) The University's counsel further pointed out that Plaintiff Weisman's public disclosure of the privileged communications violated the ethical rules and demanded that the Motion for Sanctions be withdrawn or that the parties jointly seek to have the pleadings and exhibits sealed. (*Id.*)

4. On August 24, Plaintiff's counsel refused, asserting that the email communications were not privileged and that they had no reason to know or reasonably know that the communications were privileged and providing no response regarding their Rule 26(b)(5)(B) obligations. (*Id.*)

5. The University's counsel replied on the same day by asking Plaintiff's counsel to reconsider, specifically to analyze the privilege and ethical issues, and by asking Plaintiff's counsel to confirm they would not be following the Rule 26(b)(5)(B) procedure and would not agree to seal the pleading and exhibits by the end of business on August 25 so that the University could file a motion, if necessary.

6. Plaintiff's counsel responded on August 25 by reaffirming their belief that the email communications were not privileged and by stating: "we are not in violation of any rule, including but not limited to Rule 26. The specific subsection that you reference prescribes the

2

exact position that we've taken. We have no obligation to destroy anything and may in fact 'sequester' the documents. The Court has an ever-present duty and the authority to seal documents which it identifies as qualifying for such a designation. This duty and power is [sic] exists independent from any request that documents be sealed." (*Id.*)

7. The University promptly filed its Motion to Seal Plaintiff's Memorandum in Support of the Motion for Sanctions and Exhibit on August 29, 2022 (Dkt. #175), which was briefed in the same timeframe as Plaintiff's Motion for Sanctions.

8. In its October 12, 2022 Memorandum and Order denying Plaintiff's Motion for Sanctions and granting the Motion to Seal, this Court ruled: "Plaintiff clearly should not have relied upon the email communications or attached them to his supporting memorandum as they appear to be protected under the terms of the protective order agreed to by the parties." (Dkt. #195 at 3).

9. Despite knowing the University's position that WU3989-3990 were privileged and protected and despite the University giving notice that it was invoking Rule 26(b)(5)(B), Plaintiff's counsel continued to disclose and use the email communications. Plaintiff Weisman testified at his deposition about the email communications and confirmed that he reviewed the emails and Motion for Sanctions. (Ex. B – Pl. Dep. (Excerpt) 37:14-39:9.) Plaintiff's counsel further sent the Motion for Sanctions and exhibits containing the email communications to one of their retained experts, Dr. Alan Kaye, who acknowledged reviewing the motion and exhibits in his report. (Ex. C – Kaye Report (Excerpt) at 19.)

10. Whether WU3989-3990 contains privileged attorney-client communications and work product, and whether or not such privilege or protection has been waived, is irrelevant to Plaintiff Weisman and his counsel's conduct.  Missouri Rule of Professional Conduct 4-4.4,

3

which is applicable to attorneys practicing before this Court,[1] provides that, if an attorney should reasonably know or have reasonable cause to believe that a document containing privileged information has been inadvertently produced, the attorney must cease reading the document, notify opposing counsel, avoid disclosure, and return or destroy the documents. Plaintiffs' counsel failed to comply with this ethical rule's clear requirements.

11. Nonetheless, WU3989-3990 contained privileged attorney-client communications and opinion work product because the emails involved the seeking and providing of legal advice and contained the impressions, conclusions, and opinions of inside counsel on how to respond to an inquiry from ACGME resulting from a complaint made by Plaintiff Weisman during the pendency of this case.

12. The attorney-client privilege and work product protection were not waived by the inadvertent production of WU3989-3990 because reasonable steps were taken to prevent the disclosure and to correct the disclosure after it occurred.

13. Plaintiff and his counsel violated Missouri Rules 4-4.4(b) and 56.01(b)(9)(A)(ii), as incorporated by this Court's local rules, and Federal Rule 26(b)(5)(B) by**:**

    (a) failing to promptly notify Defendant's counsel of a production that they had reasonable cause to believe might have been inadvertent;[2]

    (b) failing to return the emails to Defendant's counsel;[3]

    (c) failing to sequester, delete, or destroy the emails and any copies thereof;[4]

---

[1] *See* E.D.Mo. Local. R. 12.02; E.D.Mo. R. Disciplinary Enforcement IV.B.

[2] *See* Mo. R. 4-4.4(b) & cmts. 2-3; Mo R. Civ. P. 56.01(b)(9)(A)(ii).

[3] *See* Mo. R. Civ. P. 56.01(b)(9)(A)(ii); Fed. R. Civ. P. 26(b)(5)(B).

[4] *See* Mo. R. Civ. P. 56.01(b)(9)(A)(ii); Fed. R. Civ. P. 26(b)(5)(B).

4

Case: 4:19-cv-00075-SEP   Doc. #: 204   Filed: 11/01/22   Page: 5 of 6 PageID #: 2739

(d) failing to take reasonable measures to assure that the information was inaccessible;[5]

(e) proceeding to read the inadvertently produced emails;[6]

(f) failing to refrain from using or disclosing the information until the issue was resolved;[7] and

(g) failing to take reasonable steps to retrieve the information after disclosure.[8]

14. Under either Federal Rule 26 or this Court's inherent authority, the conduct of Plaintiff Weisman and his counsel in violating this Court's ethical and procedural rules warrants sanctions, including:

    (a)    disqualification of Plaintiffs' counsel;

    (b)    an award of attorneys' fees expended by the University in addressing the use and disclosure of WU3989-3900; and

    (c)    an order directing Plaintiffs to return and destroy WU3989-3990 and barring Plaintiffs from further use or disclosure of WU3989-3900.

WHEREFORE, Defendant Washington University requests that the Court grants its Motion for Sanctions and enter an order that:

A.    Attorneys Henry Elster, Rachel Rutter, Sherman Marek, Kelly Kirkbride and the firms The Elster Law Office, LLC and Marek Weisman, LLC be disqualified from this case;

---

[5] *See* Mo. R. Civ. P. 56.01(b)(9)(A)(ii).

[6] *See* Mo. R. Civ. P. 56.01(b)(9)(A)(ii).

[7] *See* Fed. R. Civ. P. 26(b)(5)(B).

[8] *See* Fed. R. Civ. P. 26(b)(5)(B).

B. The University be awarded the attorneys' fees expended in addressing the conduct of Plaintiffs' counsel;

C. Plaintiffs be ordered to return and destroy WU3989-3990, ensure that all copies of WU3989-3900 that have been disclosed or distributed have been destroyed, certify that the same has been accomplished, and not to use or rely on WU3989-3990, directly or indirectly, in any way during the litigation; and

D. The Court grant such other and further relief as may be just and appropriate.

Respectfully submitted,

SHANDS, ELBERT, GIANOULAKIS
  & GILJUM, LLP

/s/ *Kevin Anthony Sullivan*
Mark J. Bremer #24696MO
Kevin Anthony Sullivan #55140MO
8235 Forsyth Blvd., Suite 700
St. Louis, MO  63105
(314) 241-3963
(314) 241-2509 (fax)
mbremer@shandselbert.com
ksullivan@shandselbert.com

Attorneys for Defendants Washington University, Thomas Cox, Richard Benzinger, and Alex Evers

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 1st day of November, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on all counsel of record.

/s/ *Kevin Anthony Sullivan*