UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY WEISMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-00075 JAR |
| ) | |
| BARNES JEWISH HOSPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Washington University's Motion for Sanctions. (Doc. No. 204). The motion concerns Plaintiffs' use of attorney-client communications that were inadvertently produced in the University Defendants' production of searched emails (WU3989-3990). The communications were marked **ATTORNEY-CLIENT COMMUNICATION/WORK PRODUCT PRIVILEGED AND CONFIDENTIAL**, yet Plaintiffs' counsel failed to notify Defendant and/or confirm that the claimed privilege had been waived. Instead, Plaintiff Weisman quoted from the communications in his memorandum in support of a motion for sanctions (Doc. No. 169) and attached them to his memorandum as an exhibit. Finding the communications appeared to be protected under the terms of the Protective Order agreed to by the parties (Doc. No. 96), the Court granted the University Defendants' motion to seal Plaintiff's memorandum and the attachments (Doc. No. 175). The University Defendants now seek sanctions against Plaintiffs for this misconduct, namely, disqualification of Plaintiffs' counsel; an award of their attorney's fees in pursuing this motion; and an order prohibiting Plaintiffs' further use of the communications at issue.

1

On November 15, 2022, Plaintiffs filed their response to Defendant Washington University's motion for sanctions, stating they had terminated the services of Henry P. Elster, Rachel Rutter, Sherman Marek, and the law firms of The Elster Law Office, LLC, and Marek Weisman, LLC and instructed them to seek leave to withdraw. (Doc. No. 214 at 1). In further response, Plaintiffs stated they did not oppose the disqualification of the Elster and Marek Weisman counsel because their conduct violated the Protective Order, Fed. R. Civ. P. 26(b)(5)(B), and possibly the Missouri Rules of Professional Conduct; represented that Plaintiffs would return WU3989-3990, retrieve that document from their expert, Dr. Alan Kaye, and not rely on that document; and requested that any award of attorneys' fees be made against the Elster and Marek Weisman counsel but not Plaintiff Weisman. (Id. at 2-3).

Immediately after Plaintiffs' response was filed, the Elster and Marek Weisman counsel filed their own memorandum in opposition to Washington University's motion for sanctions, despite being informed of their termination and directed to seek leave to withdraw. (Doc. No. 215). Contrary to Plaintiffs' response, the Elster and Marek Weisman counsel argued that Washington University's motion for sanctions should be denied because, *inter alia*, the communications at issue were not in fact privileged. (Doc. No. 215). Later that same day, Henry Elster moved for leave to withdraw, which the Court granted on November 16, 2022. (Doc. Nos. 216, 217). Sherman Marek, Rachel Rutter, and Kelly Kirkbride moved for leave to withdraw on November 16, 2022, which the Court granted on November 17, 2022. (Doc. Nos. 218, 220).

The argument of the Elster and Marek Weisman counsel misses the point. Whether the communications at issue were in fact privileged is not determinative in evaluating the conduct of Plaintiffs' former counsel. As the University Defendants note, Missouri Rule of Professional Conduct 4-4.4 and Fed. R. Civ. P. 26(b)(5)(B) provide that if any attorney should reasonably know or have reasonable cause to believe a document containing privileged information has been

inadvertently produced, then he or she must cease reading the document, notify opposing counsel, avoid disclosure, and return or destroy the documents. Plaintiffs' counsel failed to comply with these directives despite the prominent privilege header and redactions throughout the documents. Under these circumstances, the Court would have disqualified Plaintiffs' counsel as a sanction for their misconduct. Given the unusual posture of this case however, this has effectively occurred. Therefore, as a further sanction, the Court will also bar Plaintiffs from further use or disclosure of WU3989-3900. Going forward, the Court expects counsel to cooperate with each other in completing all discovery in this case by January 20, 2023. (See Doc. No. 165).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Washington University's Motion for Sanctions [204] is **GRANTED** in part in accordance with the rulings herein.

Dated this 7th day of December, 2022.

                                                      **JOHN A. ROSS**
                                                     **UNITED STATES DISTRICT JUDGE**