UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFERY WEISMAN and<br>STRAGETIC BIOMEDICAL, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>BARNES JEWISH-HOSPITAL,<br>BJC HEALTHCARE, WASHINGTON<br>UNIVERSITY, DR. ALEX EVERS,<br>DR. RICHARD BENZINGER, and<br>DR. THOMAS COX,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 4:19-cv-75- JAR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Washington University Defendants' Motion for Contempt and to Strike the Designation of Expert Witness Dr. Alan Kaye and, in the Alternative, Motion to Compel (ECF No. 227) and Plaintiffs' Renewed Motion for Additional Depositions (ECF No. 232). These matters are fully briefed and ready for disposition. For the reasons stated herein, the Court grants the Washington University Defendants' Motion to Compel, but denies the Washington University Defendants' Motion to Strike and Plaintiffs' Renewed Motion for Additional Depositions.

**I.  MOTION FOR CONTEMPT AND TO STRIKE THE DESIGNATION OF EXPERT WITNESS DR. ALAN KAYE AND, IN THE ALTERANTIVE, MOTION TO COMPEL (ECF NO. 227)**

   **A.  Background**

Defendants Washington University, Dr. Alex Evers, Dr. Richard Benzinger, and Dr. Thomas Cox ("Defendants") move for contempt and to strike the designation of Plaintiffs' Expert

1

Witness, Dr. Alan Kaye ("Dr. Kaye") and, in the alternative, to compel Dr. Kaye to produce documents. (ECF No. 227). On December 15, 2022, Dr. Kaye provided his response to the document requests as part of Defendants' subpoena. Dr. Kaye produced only one Excel spreadsheet that was Exhibit 4 to his expert report in a different format. He stated "none" to every other document request. The Court ordered Dr. Kaye's deposition to go forward on December 23, 2022. (ECF No. 232).

### B. Standard of Review

Fed. R. Civ. P. 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because Rule 12(f) "is stated in the permissive, however, it has always been understood that the district court enjoys 'liberal discretion' thereunder." *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting *Thor Corp. v. Automatic Washer Co.,* 91 F.Supp. 829, 832 (D.C. Iowa 1950)). "Motions to strike are generally disfavored 'because they are often interposed to create a delay.'" *Morgan v. Midwest Neurosurgeons, LLC*, No. 1:11-CV-37 CEJ, 2011 WL 2728334, at *1 (E.D. Mo. July 12, 2011) (quoting *Van Schouwen v. Connaught Corp.,* 782 F.Supp. 1240, 1245 (N.D. Ill. 1991); *see also Stanbury Law Firm*, 221 F.3d at 1063 ("[S]triking a party's pleading is an extreme measure, and, as a result, we have previously held that '[m]otions to strike ... are viewed with disfavor and are infrequently granted.'") (second alteration in original) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).

Motions to compel are governed by Fed. R. Civ. P. 37. *See* Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith

2

conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); *Lureen v. Holl*, No. 4:17-CV-04016-LLP, 2017 WL 3834739, at *3 (D.S.D. Aug. 31, 2017). "'A district court has very wide discretion in handling pretrial discovery and [the Eighth Circuit] is most unlikely to fault its judgment unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case.'" *Rowles v. Curators of Univ. of Missouri*, 983 F.3d 345, 353 (8th Cir. 2020) (quoting *United States v. One Assortment of 93 NFA Regulated Weapons*, 897 F.3d 961, 966 (8th Cir. 2018)).

### C. Discussion

Defendants complain that Dr. Kaye's refusal to produce any documents before his deposition is "inexcusable and constitutes clear violations of his obligations under Fed. R. Civ. P 26(b)(4) and 45(e)." (ECF No. 228 at 3). Defendants argue that Dr. Kaye has refused to provide documents upon which he relied in formulating his expert opinion, including communications with Dr. Weisman and a "factual summary". (ECF No. 228 at 4-5).

Defendants cite two cases in support of their claim that the proper remedy for Dr. Kaye's improper production is striking his expert designation: *Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 750 (7th Cir. 2005); *see also Dunne v. Res. Converting, LLC*, No. 4: 16 CV 1351 DDN, 2021 WL 4893570, at *4 (E.D. Mo. Oct. 20, 2021). However, those cases are inapposite. In *Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, the Seventh Circuit reversed the lower court's decision to strike the expert for failure to produce some interview notes, which were "only peripherally" related to the fraud at issue. 412 F.3d at 752. Also dissimilar is the court's reasoning in *Dunne v. Res. Converting, LLC*, where the Court struck the experts because they did not provide expert reports. No. 4: 16 CV 1351 DDN,

2021 WL 4893570, at * (E.D. Mo. Oct. 20, 2021) ("RCI provided only the subject matter of such opinions and failed to state what those opinions are and failed to provide any facts in support of them other than the fact these individuals witnessed the operation of the PAD System on one or two occasions.").

Here, the Court holds that a Motion to Strike is inappropriate because an expert disclosure is not a pleading as contemplated by Rules 12 and 7. *See* Fed. R. Civ. P. 7 (Under Fed. R. Civ. P. 7(a), a pleading includes a complaint, an answer to a complaint, counterclaim, or crossclaim, an answer to a third-party complaint, and, if ordered by the court, a reply to an answer.). Rather, Defendants' arguments from the Motion to Strike can be presented as part of a Motion under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). As stated, Defendants argue that Dr. Kaye has not provided documents and information upon which he based his opinions and which relate to his qualifications and credibility as an expert. (ECF No. 228 at 1-9). Under *Daubert*, in its attempt to determine whether proffered scientific evidence is scientifically valid, a trial court should ordinarily consider, among other factors, the following: (1) whether the underlying theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether the technique has a known or knowable rate of error; (4) whether the theory or technique is generally accepted in the relevant community. *Id.* at 593–94; *Jaurequi v. Carter Mfg. Co.*, 173 F.3d 1076, 1082 (8th Cir. 1999). This Court, therefore, denies Defendants' request to strike Dr. Kaye's expert designation.

Conversely, the Court grants Defendants' secondary relief request for an order compelling production of documents by Dr. Kaye. Defendants ask Dr. Kaye to be compelled to produce documents responsive to their subpoena request. (ECF No. 228 at 10). In Plaintiffs' response and Dr. Kaye's attached declaration, Dr. Kaye states that he has produced his file, which includes all

of the documents required under the Rules. (ECF No. 230). Nevertheless, Dr. Kaye repeatedly claims he has not retained various emails and other documents that form the basis for his expert report. *See* Dr. Kaye Declaration, ECF No. 230, ¶ 7 ("I have not retained emails that I may have exchanged in the past from Mr. Weisman."); ¶ 11 ("I did not retain any such email."); ¶ 13 ("I did not retain any such information."), Defendants argue that his responses seem incredulous, particularly given that he purports to rely on information such as emails and other correspondence with Plaintiff.

Typically, the Court cannot order the production of documents that do not exist. *Henne v. Great River Reg'l Libr.*, No. 19-CV-2758 (WMW/LIB), 2021 WL 6804537, at *5 (D. Minn. Aug. 12, 2021); *Lynch v. Experian Info. Sols., Inc.*, 569 F. Supp. 3d 959, 969 (D. Minn. 2021), *aff'd*, 581 F. Supp. 3d 1122 (D. Minn. 2022) ("The Court agrees with Defendant that the discovery Plaintiffs seek in Interrogatory No. 15 is unavailable because Experian asserts it keeps no record of this information."); *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 637 (D. Minn. 2000) (noting that as a practical matter, a court must accept a party's representation that it has produced all documents responsive to a request or that it has no such documents). However, an expert has a duty to retain documents that support his opinions. Rule 26(a)(2)(B)

> does not require merely that the party disclose data that it happens to have retained; [the party] must disclose all the data that an expert that it retained to testify at trial 'considered,' implying that it must retain those data, as otherwise it could not disclose them. *Trigon Ins. Co. v. United States,* 204 F.R.D. 277, 288–89 (E.D.Va.2001). A testifying expert must disclose and therefore retain whatever materials are given him to review in preparing his testimony, even if in the end he does not rely on them in formulating his expert opinion, because such materials often contain effective ammunition for cross-examination. Committee Notes to 1993 Amendments to Fed.R.Civ.P. 26(a)(2); *Karn v. Ingersoll–Rand Co.,* 168 F.R.D. 633 (N.D. Ind. 1996).

*Fid. Nat. Title Ins. Co. of New York*, 412 F.3d at 751. The Court finds Dr. Kaye's blanket statement that he did not retain information relied upon does not satisfy his obligations under the Rules. Likewise, Dr. Kaye must provide the documents and information that he relied upon, to allow Defendants to challenge the basis of Dr. Kaye's expert opinion, including whether it is based upon "sufficient facts or data," the *Daubert* stage of litigation.  See Fed. R. Evid. 702; *St. Anthony's Med. Ctr. v. Nat'l Serv. Indus., Inc.,* No. 4:09CV844 HEA, 2011 WL 4600671, at *2 (E.D. Mo. Oct. 3, 2011) (quoting *Daubert,* 509 U.S. at 589) ("The Federal Rules of Evidence require the trial judge to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'"); *Fair Isaac Corp. v. Fed. Ins. Co.*, 447 F. Supp. 3d 857, 869 (D. Minn. 2020) ("Expert testimony is not admissible if it is 'speculative, unsupported by sufficient facts, or contrary to the facts of the case,' *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006), such that it is 'so fundamentally unsupported that it can offer no assistance to the jury,' *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 544 (8th Cir. 2006) (internal quotation marks omitted).").

The Court orders Plaintiffs and Dr. Kaye to identify and produce the documents that he relied upon in forming his expert opinion.  To the extent that any of those documents are no longer in his possession, Dr. Kaye must explain what happened to them.  Further, Dr. Kaye must perform a more exhaustive search for any electronic documents or emails.  Dr. Kaye must certify his attempts to retrieve any lost or deleted electronic documents or emails, including working with his server administrator.   Dr. Kaye must supplement this information no later than January 18, 2023.

## II.     PLAINTIFFS' RENEWED MOTION FOR ADDITIONAL DEPOSITIONS

In their Motion, Plaintiffs seek leave to take two additional corporate representative depositions pursuant to Fed. R. Civ. P. 30(b)(6). The Court previously stated that it would not

allow additional depositions unless good cause was shown.  (ECF No. 195).  Plaintiffs claim that they have shown good cause through their "need to depose Defendants' corporate designees under Rule 30(b)(6), and in the fact that in this case in which the Plaintiffs listed more than 90 witnesses with knowledge in their initial rule 26(a)(1) disclosure, the Plaintiff has chosen 10 persons to sit for deposition."  (ECF No. 232 at 3).

Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "The 'good cause' standard is an exacting one, for it demands a demonstration that the existing schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, 187 F.R.D. 578, 581–82 (D. Minn. 1999) (citing *Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes—1983 Amendment; see also*, *Julian v. Equifax Check Services, Inc.,* 178 F.R.D. 10, 16 (D. Conn.1998)).  "A district court is afforded wide discretion in its handling of discovery matters, *Cook v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir.1988), and in limiting discovery in those instances where there is a showing of good cause." *Rolscreen Co. v. Pella Prod. of St. Louis, Inc.*, 145 F.R.D. 92, 94 (S.D. Iowa 1992) (citing *Kaufman v. Edelstein,* 539 F.2d 811, 821 (2d Cir.1976); *Ross v. Bolton,* 106 F.R.D. 22, 23 (S.D.N.Y. 1985)).

The Court finds that Plaintiffs have not shown good cause for requesting the additional depositions.  Rather, Plaintiffs chose to prioritize taking other depositions, despite the Court's express ten deposition limit in the Case Management Order.  Further, the record indicates that Plaintiffs either obtained or had the opportunity to obtain the information outlined in most of the 30(b)(6) requests. That is, the information Plaintiffs seek to obtain is within some other source available to them. *See, e.g.,* ECF No. 233 at 3 (noting that information regarding a compensatory damages claim could have been obtained through interrogatories or document requests).  Plaintiffs

7

have not demonstrated that the information provided by each deponent was unique and also unavailable from other means. Therefore, the Court denies Plaintiffs' Motion for Additional Depositions.

Accordingly,

**IT IS HEREBY ORDERED** that Washington University Defendants' Motion for Contempt and to Strike the Designation of Expert Witness Dr. Alan Kaye and, in the Alternative, Motion to Compel (ECF No. 227) is **DENIED**, in part, and **GRANTED**, in part. The Court denies Washington University Defendants' request to strike Dr. Kaye's expert disclosure. The Court grants Washington University Defendants' request to compel Dr. Kaye to produce documents he relied upon in his report no later than **January 18, 2023**.

**IT IS FURTHER ORDERED** that Plaintiffs' Renewed Motion for Additional Depositions (ECF No. 232) is **DENIED**.

Dated this 11th day of January, 2023

 

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**