UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JEFFERY WEISMAN and           )
STRAGETIC BIOMEDICAL, INC.,   )
                              )
    Plaintiffs,               )
                              )
vs.                           )   Case No. 4:19-cv-75- JAR
                              )
BARNES JEWISH-HOSPITAL,       )
BJC HEALTHCARE, WASHINGTON    )
UNIVERSITY, DR. ALEX EVERS,   )
DR. RICHARD BENZINGER, and    )
DR. THOMAS COX,               )
                              )
    Defendants.               )

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Barnes-Jewish Hospital's and BJC HealthCare's Second Motion to Compel (ECF No. 237). The Court ordered expedited briefing. (ECF No. 239). This matter is now fully briefed and ready for disposition. For the reasons stated herein, the Court denies, in part, and grants, in part, the Motion to Compel

**A. Background**

After he separated from the anesthesiology residency program, Plaintiff Jeffery Weisman ("Dr. Weisman") formed and began working for Marek Weisman Law Offices.[1] *See* https://marekweisman.com/ (last visited 1/11/23). At his deposition, Dr. Weisman stated he owned "50% of the company." However, Dr. Weisman further clarified that he has "not been

---

[1] Plaintiffs take issue with the Hospital Defendants' reference to Marek Weisman Law Offices, claiming that such an entity does not exist. (ECF No. 240 at 2). Rather, Plaintiffs identify the proper name of the firm as Marek Weisman LLC. (*Id.*) The Court refers to these entities interchangeably for purposes of this Motion to Compel, as neither side is arguing that Plaintiffs are excused from their discovery obligations due to a misnomer.

1

compensated for the work [he] has done for Marek Weisman" and he does "not receive dividends relative to the ownership interest." (ECF No. 238 at 3 (citing Dr. Weisman's deposition, ECF No. 238-5, pp. 581-582)).

Defendants Barnes-Jewish Hospital ("BJH") and BJC Healthcare ("BJC") (collectively, "Hospital Defendants") served written discovery requests to determine what consideration the Marek Weisman Law Offices arranged with Dr. Weisman for his work for the firm. Request Number 24 asks for "[a]ll documents related to or reflecting formation of Marek Weisman Law Offices" and Request Number 25 seeks "[a]ll agreements entered into between you and Marek Weisman Law Offices including any employment agreements and engagement letters regarding this complaint." (ECF No. 238 at 2). Dr. Weisman has not produced any documents in response to these requests.

B. Standard of Review

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. "'A district court has very wide discretion in handling pretrial discovery and [the Eighth Circuit] is most unlikely to fault its judgment unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case.'" *Rowles v. Curators of Univ. of Missouri*, 983 F.3d 345, 353

(8th Cir. 2020) (quoting *United States v. One Assortment of 93 NFA Regulated Weapons*, 897 F.3d 961, 966 (8th Cir. 2018)).

### C. Discussion

Hospital Defendants argue that Dr. Weisman's contracts with and compensation from Marek Weisman are relevant to Dr. Weisman's obligation to mitigate his damages. *See* ECF No. 238 at 4 (citing *Jacobson Warehouse Co. v. Schnuck Markets, Inc.*, 13 F.4th 659, 672 (8th Cir. 2021) (quoting *Scheck Indus. Corp. v. Tarlton Corp.*, 435 S.W.3d 705, 729 (Mo. Ct. App. 2014) ("Under the rule of mitigation of damages, one damaged through [the] alleged breach by another of some legal duty or obligation has to make reasonable efforts to minimize the resulting damage."); *see also Johnson v. Mers-Goodwill*, No. 4:14-CV-1069 CEJ, 2014 WL 7205170, at *1 (E.D. Mo. Dec. 17, 2014) ("where adverse employment actions led to demotions or dismissal, then pecuniary damages may be calculated from the amount by which the employee's earnings were reduced"); *Lewis v. Temp-Air, Inc.*, No. 4:14-CV-398 CDP, 2014 WL 5432122, at *1 (E.D. Mo. Oct. 27, 2014) ("I find that employment records for all of Lewis's employers subsequent to his termination by Temp–Air on December 20, 2011 are relevant to Temp–Air's defense of failure to mitigate damages. I will therefore compel Lewis to complete records release authorizations for these employers."). Hospital Defendants admit that Dr. Weisman "asserts he did not receive any compensation at all, including salary or a single dividend" but claim "it is unclear . . . what monetary and non-monetary considerations Plaintiff received as a result of his time spent working at and co-owning Marek Weisman." (ECF No. 238 at 4). In particular, Hospital Defendants note that "the Marek Weisman firm was counsel of record in this case for five months, and it was counsel of record when this discovery was served and initially

3

answered." *Id*.; *see also* ECF No. 243 at 3 ("Plaintiff testified his 'representation is at a blended rate' including both hourly and contingent fees.").

In response, Plaintiffs reiterate their position that Dr. Weisman did not receive any payment from Marek Weisman, but was simply a "part-time volunteer." (ECF No. 240 at 2). Plaintiffs note that they have provided Dr. Weisman's tax returns for the relevant time period, which do not indicate any payment from Marek Weisman. (ECF No. 240 at 4-5).

The Court finds that the documents requested in Hospital Defendants' Document Request Numbers 24 and 25 are largely irrelevant and overly broad. Documents related to the formation of Marek Weisman and engagement letters for this case are not relevant to Dr. Weisman's efforts to mitigate his damages. Likewise, the Court finds that any future recovery that Marek Weisman may receive as part of its five month representation of Dr. Weisman in this lawsuit has only a tangential relationship to Dr. Weisman's efforts to mitigate his damages. That is, whatever speculative and tenuous future recovery Marek Weisman may recover as part of this litigation does not warrant the Hospital Defendants' additional requested discovery under Document Request Numbers 24 and 25.

However, the Court finds that minimal additional discovery is necessary to verify Dr. Weisman's ownership interest in Marek Weisman and the value of that interest, which are relevant to Dr. Weisman's efforts to mitigate his damages. The Court orders Plaintiffs to produce documents demonstrating Dr. Weisman's ownership interest in Marek Weisman and the value of that ownership interest within ten (10) days of the date of this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Barnes-Jewish Hospital's and BJC HealthCare's Second Motion to Compel (ECF No. 237) is **DENIED,** in part, **and GRANTED,** in

4

part. Within ten (10) days, Plaintiffs must produce documents demonstrating that Dr. Weisman has/had an ownership interest, as testified by him. Further, Plaintiffs must provide documents, such as a profit and loss statements, to demonstrate the value of Dr. Weisman's ownership interest in Marek Weisman.

Dated this 19th day of January, 2023.

                                            **JOHN A. ROSS**
                                            **UNITED STATES DISTRICT JUDGE**