UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFERY WEISMAN and STRAGETIC BIOMEDICAL, INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 4:19-cv-75- JAR ) |
| BARNES JEWISH-HOSPITAL, BJC HEALTHCARE, WASHINGTON UNIVERSITY, DR. ALEX EVERS, DR. RICHARD BENZINGER, and DR. THOMAS COX, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel Certain Discovery (ECF No. 244) and Plaintiff's Request for a Telephonic Conference (ECF No. 246), which the Court construes as a Motion to Compel Designation of Rule 30(b)(6) Designee. The Court ordered expedited briefing as to Plaintiffs' Motion to Compel Certain Discovery. (ECF No. 247). On January 18, 2023, the Court held a telephone conference to resolve these issues. These matters are now fully briefed and ready for disposition. For the reasons stated herein and as stated during the conference, the Court denies, in part, and grants, in part, the Motions to Compel.

**A. Standard of Review**

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

1

benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. "'A district court has very wide discretion in handling pretrial discovery and [the Eighth Circuit] is most unlikely to fault its judgment unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case.'" *Rowles v. Curators of Univ. of Missouri*, 983 F.3d 345, 353 (8th Cir. 2020) (quoting *United States v. One Assortment of 93 NFA Regulated Weapons*, 897 F.3d 961, 966 (8th Cir. 2018)).

### B. Motion to Compel Defendants Washington University, Alex Evers, Richard Benzinger, and Thomas Cox (collectively "WU Defendants") (ECF No. 244)

1. **Grants**

Plaintiffs asked WU Defendants to produce any and all grant applications submitted, at any time between March 2017 and the present, by any employee of Defendants which mentioned the 3-D Printing Lab (NIH Grants). Plaintiffs claim that faculty outside of the Department of Radiology also applied for grants that involved or utilized the 3-D printing lab and those grant applications should also be produced.

WU Defendants agreed to produce four grants submitted and received for research in the Department of Radiology's 3-D printing lab. On January 18, 2023, WU Defendants produced three of the four grants; WU Defendants agreed to produce a grant received by Dr. Woodard in the future. WU Defendants declined to produce grant applications that were not awarded or not funded.

The Court grants this request, in part. First, the Court finds that only the grants received, not those applied for, are relevant or discoverable. The Court also finds that grants received that involved research and funding in the 3-D Printing Lab are discoverable, even if they were not

2

received by the Department of Radiology. The Court orders WU Defendants to produce any and all grants received by Department of Radiology, and any other department, for the funding of research in the 3-D Printing Lab no later than February 3, 2023.

2. **Privilege Log**

Plaintiffs request an updated privilege log. WU Defendants claim that Plaintiffs did not meet and confer regarding this topic, but agree to produce a privilege log. The Court hereby orders WU Defendants to produce an updated privilege log no later than February 3, 2023.

3. **Dr. Benzinger's Communications with Duke University**

Plaintiffs' Document Request Number 11 seeks "All Documents containing communications between You and any other medical school, hospital, or residency program about or concerning Plaintiff at any time." In their Motion, Plaintiffs ask for Dr. Benzinger's communications about Dr. Weisman with Duke University ("Duke"). During his deposition, Dr. Benzinger testified he had email communications with Duke, including an email from the Duke program director. In response, WU Defendants identify communications with Duke University (WU2935-2937) by Dr. Thompson.

The Court hereby orders WU Defendants to produce any communication that Dr. Benzinger had with Duke during the relevant time period regarding Dr. Weisman, or affirmatively represent that Dr. Benzinger had no communications with Duke about Dr. Weisman, no later than February 3, 2023. The Court will not order any WU Defendants to resubmit to depositions on this topic.

4. **Other Residents who Performed Poorly**

Plaintiffs ask WU Defendants to produce information on the performance, or discipline, of other residents. Plaintiffs identify other residents who may have been put on probation, but that the WU Defendants have refused to provide information for or discuss. Plaintiffs claim that information related to other residents is relevant to Dr. Weisman's harassment claim.

In response, WU Defendants note that Drs. Evers and Benzinger refused to provide deposition testimony regarding the performance and discipline of other residents on privacy grounds, and Plaintiffs did not pursue this issue in a diligent and timely manner. Dr. Evers was deposed on October 14, 2022, and Dr. Benzinger was deposed on November 2, 2022, and Plaintiffs raised the issue after two months had passed. Likewise, WU Defendants have refused to provide such information for over 2 years in response to discovery requests. WU Defendants argue that information related to other residents is irrelevant to Plaintiffs' claims (breach of contract, conversion, quasi-contract—not discrimination) and does not protect the other residents' privacy.

The Court holds that information related to other residents is not discoverable or relevant to Plaintiffs' causes of action. Plaintiffs have not demonstrated how information related to discipline of other residents would advance their causes of action or defenses. Further, the Court finds that Plaintiffs' requests seeks private and personal information regarding third parties, and their privacy predominates over any limited use Plaintiffs may have for such information in this case. Plaintiffs' Motion to Compel this information is denied.

5. **Dr. Thompson's Communications with Harvard**

Plaintiffs seek Dr. Thompson's communications with Harvard, particularly a Summative Evaluation. Dr. Weisman applied to the Occupational Medicine Program at Harvard in August

4

2018 and sent Dr. Thompson a Summative Evaluation that the program required to be filled out. WU has not produced an email from (or on behalf of Dr. Thompson) to Harvard, and summative evaluations cannot be uploaded in the ERAS and SOPHAS system, only "LORs" (Letters of recommendation and c.v.'s).  Because a summative evaluation cannot be uploaded to SOPHAS, Plaintiffs argue that Defendants have not diligently looked for responsive material, and they should be ordered to immediately produce Dr Thompson's email sending the summative evaluation or state that there is none.

In response, WU Defendants note that Thompson was deposed on November 3, 2022, and Plaintiffs waited some 6 weeks to first ask about the communications. Further, the letter requested by Weisman for Harvard was uploaded into the ERAS and SOPHAS systems as was requested by Dr. Weisman, so there is nothing to compel.

The Court hereby orders that WU Defendants produce any communications that Dr. Thompson had with Harvard relative to Dr. Weisman or represent that none exist no later than February 3, 2023.  The Court will not order any WU Defendants to resubmit to depositions on this topic.

### C.  Motion to Compel Designation of Rule 30(b)(6) Designee (ECF No. 246)

Plaintiffs requested a telephone conference with the Court to discuss whether Defendant Washington University should be allowed to not designate a representative to discuss three topics on the Fed. R. Civ. P. 30(b)(6) notice that listed eleven topics. The three topics that Washington University refuses to designate a representative are:

> (1) Factual bases of Your claim for compensatory damages on Your Counterclaim.
> (7) Communications and/or agreements between you and the St. Louis College of

5

> Pharmacy ("STLCOP") relating to Dr. Weisman and/or SBI and/or the 3-D
> Printing Lab at the Mallinckrodt Institute of Radiology.
> (8) Grants and fundraising monies received by You in connection with SBI and/or
> The 3-D Printing Lab at Mallinckrodt Institute of Radiology.

The Court grants this motion to compel, in part, and denies it in part.

### 1. Topic (1)

This topic raises primary legal arguments and conclusions, for which a corporate representative would not have any factual expertise. Plaintiffs note that Washington University offered to address Topic 1 by interrogatory, but Plaintiffs did not agree. As to Topic (1), the Court holds that Washington University can address this topic by interrogatory. The Court orders Washington University to respond to this topic as if it were an interrogatory no later than February 3, 2023.

### 2. Topic (7)

Plaintiffs contend that Topic 7 is relevant to their conversion claim. Washington University argues that Plaintiffs had previously deposed Dr. Evers and Ken Fleishman, STLCOP general counsel, who both would have testified regarding communications and agreements. Washington University argues that they cannot designate anyone for a 30(b)(6) corporate representative deposition because Washington University had no agreements with STLCOP or SBI related to the 3-D lab.

The Court orders Washington University to produce all agreements between Washington University and STLCOP re SBI and Dr. Weisman no later than February 3, 2023, but does not order that any Washington University corporate representative be designated as to this topic.

### 3. Topic (8)

Plaintiffs state Topic 8 is relevant, particularly because the Defendant has failed to produce one document on NIH grants, as discussed in Plaintiffs' motion to compel (ECF Nos. 244 and 245). Washington University responds that Dr. David Ballard, Director of Radiology, is going to be deposed and Plaintiffs can ask him questions about this topic.

The Court finds this information is relevant and discoverable. Further the Washington University has an obligation to produce a corporate representative who can speak to the funding connected with SBI and the 3-D printing lab for the University as a whole, not just the Department of Radiology. The Court orders Washington University to produce someone who can testify to this 30(b)(6) topic no later than February 3, 2023.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Certain Discovery (ECF No. 244) and Plaintiff's Request for a Telephonic Conference (ECF No. 246), which the Court construes as a Motion to Compel Designation of Rule 30(b)(6) Designee, are **DENIED,** in part, and **GRANTED,** in part. WU Defendants and Washington University shall supplement their responses, as discussed herein, no later than February 3, 2023.

Dated this 23rd day of January, 2023.

                                                       **JOHN A. ROSS**
                                                       **UNITED STATES DISTRICT JUDGE**