# EXHIBIT Q –

# WU 2-23-23 Answers to Plaintiff's Second Supplemental Interrogatories

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFERY WEISMAN, and<br>STRATEGIC BIOMEDICAL, INC.<br><br>    Plaintiffs,<br><br>v.<br><br>BARNES JEWISH-HOSPITAL,<br>BJC HEALTHCARE, WASHINGTON<br>UNIVERSITY, DR. ALEX EVERS,<br>DR. RICHARD BENZINGER, and<br>DR. THOMAS COX,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:19-cv-00075-JAR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT WASHINGTON UNIVERSITY'S ANSWERS AND
OBJECTIONS TO PLAINTIFF'S SECOND
SUPPLEMENTAL INTERROGATORIES TO WASHINGTON UNIVERSITY**

For its Answers and Objections to Plaintiff's Second Supplemental Interrogatories to Washington University, defendant Washington University ("University") states as follows:

**GENERAL OBJECTIONS**

1. The University objects to these interrogatories and the instructions and definitions to these interrogatories to the extent they seek to impose obligations and requirements beyond these contained in the Federal Rules of Civil Procedure.

2. The University reserves the right to supplement, amend, or correct these responses if additional pertinent information or documentation is located during discovery and investigation.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

1. State the full name, employer, job title, of the person signing these interrogatories.

**ANSWER:** Leanne Stewart, Director, Employee Relations, Washington University.

2. State the factual bases of your claim for compensatory damages on your Counterclaim.

**ANSWER:** The University states that the following expenditures were or will be incurred: (a) attorneys' fees and costs relating to the investigation and prosecution of the counterclaim through October 31, 2022, can be found in the redacted invoices served herewith, which continue to accrue and which will be supplemented; (b) costs in the amount of $179.37 relating to verification that Plaintiff did not delete any of emails he searched for and accessed without authorization; and (c) Dr. Benzinger's time in reviewing and investigating Plaintiff's unauthorized access.

The University states that the factual bases for its compensatory damages on the Counterclaim are:

(a) Upon the discovery that Weisman knowingly and without authorization or reasonable grounds to believe he had such authorization accessed and searched Dr. Benzinger's University e-mail account and took, received, retained, examined, used, and disclosed documents and information about other persons residing or existing in the University's computer systems and networks, Dr. Benzinger spent approximately three hours investigating and verifying Weisman's access and search of the account, including: (1) reviewing certain photographs of emails that Weisman had taken during his unauthorized access and search and comparing them to his email account; (2) reviewing the photographs of emails that Weisman had taken during his unauthorized access to determine that the computer used for the access and search was located in a Barnes Jewish Hospital operating room; (3) and reviewing the clinical schedules to determine when he and Weisman worked together to determine the date of the unauthorized access and search.

(b) Michelle Sutton, a University employee, spent 4.5 hours verifying that Dr. Benzinger's University e-mail account or data was not altered, damaged, or deleted by Weisman's authorized access and search. Ms. Sutton reviewed each of the photographs of e-mails that Weisman had taken during his unauthorized access and verified that those e-mails and data had not been deleted from Dr. Benzinger's University e-mail account. The cost of this verification was $179.37, which is calculated by taking Ms. Sutton's hourly rate of $39.86 and multiplying it by the 4.5 hours she spent on the verification and investigation.

(c) The University has incurred attorneys' fees and costs relating to the investigation and prosecution of the counterclaim, which amounts are found in the redacted invoices that have been produced and which continue to accrue.

2

## VERIFICATION

Leanne Stewart, Director, Employee Relations of The Washington University, of lawful age, being duly sworn on her oath, states that she is authorized to execute these Answers and Objections to Interrogatories on behalf of The Washington University; that she has read them; and that they are true and correct to the best of her knowledge, information, and belief based upon the investigation conducted by those who gathered the information to respond to these Interrogatories.

_____
Leanne Stewart
Director, Employee Relations

SHANDS, ELBERT, GIANOULAKIS & GILJUM, LLP

/s/ Kevin Anthony Sullivan
Mark J. Bremer #24696MO
Kevin Anthony Sullivan #55140MO
8235 Forsyth Blvd., Suite 700
St. Louis, MO 63105
(314) 241-3963
(314) 241-2509 (fax)
mbremer@shandselbert.com
ksullivan@shandselbert.com

Attorneys for Washington University defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 3rd day of February, 2023, the foregoing was e-mailed to Edward R. Moor, Moor Law Office, P.C., One N. LaSalle St., Suite 600, Chicago, IL 60602, attorneys for plaintiff; and Michael Nolan, Theresa Mullineaux and Blake Armstrong, Husch Blackwell, LLP, 190 Carondelet Plaza, Suite 600, St. Louis, MO 63105, attorneys for Barnes-Jewish Hospital defendants.

/s/ Kevin Anthony Sullivan