IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERY A. WEISMAN, and<br>STRATEGIC BIOMEDICAL, INC., | )<br>)<br>) | No. 4:19-cv-75-JAR |
| Plaintiffs, | )<br>) | The Honorable Ronnie L . White |
| v. | )<br>)<br>) | |
| BARNES JEWISH HOSPITAL,<br>BJC HEALTHCARE,<br>WASHINGTON UNIVERSITY,<br>ALEX EVERS, RICHARD BENZINGER,<br>and THOMAS COX, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS
MOTION TO RECONSIDER THE DENIAL OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT ON THE BARNES JEWISH
HOSPITAL COUNTERCLAIM**

Plaintiff, JEFFERY A. WEISMAN, by counsel, respectfully states in support of his Motion for Reconsideration, pursuant to F.R.Civ.P. 59(e) and/or F.R.Civ.P. 60(b)(6), of the denial of his Motion for Summary Judgment on the counterclaim asserted by BARNES JEWISH HOSPITAL ("BJH"), as follows:

**I.     INTRODUCTION**

A party must live by the rulings of this Court unless, as sometimes occurs, there is a manifest error of law of fact.  *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).  Here, the Court made a manifest error of fact in addressing the Plaintiff's Motion for Summary Judgment on the counterclaim brought by BJH.  In response to Plaintiff's argument that discovery had shown that BJH had not incurred compensatory damages within the meaning of R.S. § 537.525 in relation to the alleged computer tampering claim, and thus could not be a prevailing

party within the meaning of R.S. § 537.525.2, the Court denied the claim writing that Dr. George Benzinger had spent three hours looking at his email account to verify that nothing was missing. (Dkt. 318 at p. 34 of 37).  However, the Court had earlier noted, correctly, that "the individual doctor defendants" are not employed by BJH, (Dkt. 318 at p. 27 of 34), a group that obviously includes Dr. Benzinger. (Dkt. 86 at ¶ 15).  Since the only fact that the Court relied on in denying Plaintiff's motion as to BJH is based on a manifestly incorrect fact, and because the remainder of the record shows that BJH incurred no compensatory damages in relation to the alleged computer tampering, reconsideration is proper and summary judgment on the BJH counterclaim should be granted.

## II.   FACTS

On February 17, 2023, Plaintiff moved for summary judgment (Dkt. 258, 261 and 262) on the counterclaims filed by Washington University (Dkt. 122) and by BJH (Dkt. 123).

The counterclaims were based on the following facts, which are not disputed, and which were recited in Plaintiff's motion.

### A.   The Alleged Tampering

On December 13, 2017 Dr. George Benzinger and Dr. Jeffery Weisman shared a computer station in an operating room in the Barnes Jewish Hospital during a long procedure. Both were authorized to use the work station, as was Dr. Benzinger.  Dkt. 261 at p. 2.  Dr. Benzinger was supervising several procedures that day and would only be in the operating room that Weisman was assigned to intermittently throughout the day. *Id.*  Both Plaintiff Weisman and Dr. Benzinger used the work station to check their work email during the procedure which was proper so long as the surgery was uneventful and the patient stable at the time.  *Id.*  On December 13, 2017, during the course of the day, both Weisman and Benzinger at various times had their Washington

2

University Outlook email accounts open on the workstation in a web browser such as Chrome or Internet Explorer. *Id.* After Plaintiff Weisman returned from a break Dr. Benzinger had his email open on the workstation and left the room, and Plaintiff saw emails about himself on the screen. *Id.* Plaintiff read the email, photographed it, and then searched in Dr. Benzinger's web based work email account for his name and the name Gary Hammen. *Id.* Dr. Benzinger, at another point on December 13, 2017, had during the day also accessed Plaintiff Weisman's email account on the work station. *Id.*

Dr. Benzinger is employed by Washington University. He was employed by Barnes Jewish Hospital only between 2001 and 2004 when he was a resident. BJH did not employ Dr. Benzinger in 2017. *Id.* at p3. Dr. Benzinger's work email address is [Benzingerg@wustl.edu](mailto:Benzingerg@wustl.edu). *Id.* The emails that the Plaintiff accessed were in Dr. Benzinger's Washington University email account. *Id.* Dr. Benzinger's email account is owned by Washington University, not BJH. His email account was administered by Washington University and not BJH because BJH does not maintain or administer Washington University email accounts ending in ".edu." *Id.* Dr. Benzinger accessed his email account using a commercial browser like Internet Explorer or Chrome, and could access his work email account on any browser and was not limited to accessing his work email from a BJH computer. *Id.*

Long before BJH learned of Plaintiff's access to Dr. Benzinger's Washington University email on a computer station located in an operating room Plaintiff and Dr. Benzinger were working in on December 13, 2017, BJH disposed on the computer at issue due to a hardware malfunction. *Id.*. BJH could not have, and did not, inspect the computer workstation after it received notice that the Plaintiff had accessed Dr. Benzinger's email account at the station on December 13, 2017. *Id.*

**B.     Discovery as to Damages**

3

Plaintiff adduced the following facts in discovery on the BJH counterclaim.

In written discovery BJH claimed to have incurred, alternately, $1,500 and $1,000 in employee time to investigate the alleged tampering. (Dkt. 262 at ¶¶ 18 and 21), and after the briefing on the motion for summary judgment had commenced, BJH supplemented its answer tweaking the numbers but producing no documents. In all, no documents were produced to substantiate the claim of compensatory damages other than a court reporter bill for the Plaintiff's deposition (*Id.* at 21), which is a legal expense.

More importantly, when the BJH 30(b)(6) corporate representative was deposed on the topic of the "[f]actual bases of Your claim for compensatory damages on Your Counterclaim," Courtney Taylor, testified that no inspection of the work station at issue occurred because the work station was destroyed in 2019 because it had a hardware malfunction. Dkt. 262 at ¶¶ 24-26. She testified that she did not what the people listed in BJH's Third Supplemental Answer to Plaintiff's Supplemental Interrogatory number 4 (Kaleo Cobb-Adams, Brian Haefner, Roslyn Henderson, Nichole Jennings, Matthew Modica, Terra Mouser, Christopher Niekamp, Christine Ramatowski, Jodi Sanchez, and Casey Taylor) did in relation to investigating Plaintiff's alleged access of Dr. Benzinger's email. *Id.* at ¶ 27. She testified that she did not know how the figure of $1,500 in costs to investigate the Plaintiff's accessing and photographing of Dr. Benzinger's email was arrived at. *Id.* at ¶ 28. She testified that she did not know if the costs of investigation by BJH were $1,500, did not know if that was BJH's compensatory damages, and that she did not know where the amount of $1,500 came from. *Id.* at ¶¶ 29 and 30. She also did not know the relevance of BJH709-BJH726, which includes the court reporter bills for Plaintiff's deposition. *Id.* at ¶ 31.

In response the Plaintiff's Motion for summary judgment on the BJH counterclaim, the only "evidence" adduced as to compensatory damages was a vague claim that BJH has "reviewed

4

its policies" when it learned of the alleged tampering, which was contradicted by the testimony of the BJH corporate representative. (Dkt. 291 at 8 and 10 and Dkt. 262 at ¶¶ 24-31).

### III. ARGUMENT

R.S. Mo. § 537.525.2 allows the recovery of attorney's fees to a prevailing plaintiff. R.S. MO. § 537.525.1 allows recovery for "compensatory damages." As Plaintiff argued at length in Dkt. 261, BJH has no "compensatory damages" and thus cannot be a prevailing plaintiff. R.S. § 537.1 does not provide for the recovery of nominal damages.

The Court, in ruling on Plaintiff's Motion for Summary Judgment, appeared to accept the argument that R.S. Mo. § 537.525.1 does not permit the recovery of nominal damages and ruled that:

> BJH and Wash U have presented evidence that they incurred compensatory damages in investigating Weisman's computer breach, the current status of the computer terminal, any data retained, and the policies that were in place at the time. Dr. Benzinger spent approximately three hours of his workday verifying and investigating the circumstances of Dr. Weisman's unauthorized access of his Wash U email account. (Counterclaim Plaintiffs' Facts, ECF No. 289, ¶ 5.) Dr. Benzinger reviewed: photographs of emails and compared them to his email account and to determine whether the computer terminal pictured was a BJH computer terminal in a BJH operating room. Benzinger further compared the clinical schedules to determine the date of the unauthorized access and search. (Counterclaim Plaintiffs' Facts ¶ 5.)
>
> Likewise, Wash U has provided evidence to support a finding of compensatory damages for the MCTA violation. . .

(Dkt. 318 at p. 34 of 37).

The Court erred. Dr. Benzinger is not employed by BJH, which the Court acknowledged. (*Id.* at p. 27 of 37). The Defendant BJH is bound by the testimony of its 30(b)(6) representative, *Dapron v. Spire, Inv. Ret. Plans Comm.*, 329 F.R.D. 223, 226 (E.D. Mo. 2019), who testified that she did not know what BJH's compensatory damages were, did not know what the claimed $1,500 in damages listed the BJH's answers to interrogatories were for, did not know what the persons

5

listed in BJH's answers to interrogatories did, and who admitted that BJH had long disposed on the terminal at issue. (Dkt. 262 at ¶¶ 26-31). Washington University, not BJH, owns and administers the email account at issue. *Id.* at ¶ 11. Having no compensatory damages, BJH has no claim and summary judgment should have been granted for Plaintiff.

WHEREFORE, Plaintiff, JEFFERY A. WEISMAN, respectfully prays that this Court enter on order reversing the denial of Plaintiff's Motion for Summary Judgment on the BJH counterclaim. Plaintiff further prays for any other relief that this Court deems just.

    MOOR LAW OFFICE, P.C.

    /s/ *Edward R. Moor*
    Edward R. Moor
    Bar No.: 6205169IL
    53 W. Jackson Blvd., Suite 1527
    Chicago, IL 60604
    (312) 726-6207
    erm@moorlaw.net

    ***Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE BY ELECTRONIC MEANS

I, Edward R. Moor, certify that on August 24, 2023, service of this document was accomplished pursuant to the Court's CM/ECF as to Filing Users and thereby served on all counsel of record.

    /s/ Edward R. Moor